# In the

# United States Court of Appeals

# for the Seventh Circuit

LESTER SUMRALL and THE LESTER SUMRALL FAMILY TRUST

Defendant/Counter-
Plaintiff/Third-
Party Plaintiffs-Appellants,

v.

LESEA, INC., FAMILY BROADCASTING CORPORATION, LESEA GLOBAL
FEED THE HUNGRY, INC., STEPHEN P. SUMRALL, DAVID M. SUMRALL,
ANGELA N. GRABOWSKI, ANDREW J. SUMRALL and ADAM SUMRALL

Plaintiffs/Counter-
Defendants/Third-
Party Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division, No. 3:18-cv-914-PPS-
MGG.
The Honorable Philip P. Simon, Judge Presiding.

## BRIEF and SHORT APPENDIX OF
## DEFENDANT/COUNTER-PLAINTIFF/THIRD PARTY PLAINTIFFS –
## APPELLANTS

CHANNING BLAIR HESSE
(chesse@ghulaw.com)
GROGAN HESSE & UDITSKY, P.C.
2 Mid America Plaza, Ste. 110
Oakbrook Terrace, IL 60181

*Counsel for Lester Sumrall and The Lester
Sumrall Family Trust*

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 23-2833

Short Caption: Lester Sumrall and Lester Sumrall Family Trust v LeSea, Inc. et al.

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> [ ] **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Lester Sumrall and the Lester Sumrall Family Trust

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Grogan Hesse & Uditsky, P.C. and Greenberg Traurig, LLP

(3) If the party, amicus or intervenor is a corporation:

     i)      Identify all its parent corporations, if any; and

     ii)      list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

Attorney's Signature: _____    Date: September 26, 2023

Attorney's Printed Name: Channing Blair Hesse

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [✓]    No [ ]

Address: 2 Mid America Plaza, Ste. 110

     Oakbrook Terrace, IL 60181

Phone Number: 630-833-2881      Fax Number: 630-833-6855

E-Mail Address: chesse@ghulaw.com

rev. 12/19 AK

i

# Table of Contents

Circuit Rule 26.1 Disclosure Statements ........................................... i

Table of Authorities ...................................................... vi

Statement Concerning Oral Argument ............................... xi

Jurisdictional Statement ...................................................1

    A.   District Court Jurisdiction ...................................1

    B.   This Court's Jurisdiction ......................................1

Statement of the Issues .....................................................2

Statement of the Case ......................................................5

    A. Frank Discovers the Will................................................8

    B. The Traveler Photograph ............................................9

    C. The China Trip........................................................ 10

    D. LeSEA's Unauthorized Use of the Traveler Photo ................ 13

    E. Procedural History ................................................ 14

Summary of Argument .................................................. 18

    A. Trust's Right of Publicity Claims.............................. 18

    B. Trust's Copyright Claims ...................................... 20

    C. Trust's State and Common Law Claims........................ 21

    D. Lester's Copyright Claim – Traveler Photo........................ 22

Standard of Review.................................................... 23

A. Standard of Review for Appeal of Court Order, October 21, 2021 (Dkt. 271), Granting Appellee's Motion for Judgment on the Pleadings. ........................................................................... 23

B. Standard of Review for Appeal of Court Order, March 29, 2022 (Dkt. 316), Denying a Motion to Open the Proofs and Supplement the Record ............................................................................... 23

C. Standard of Review for Appeal of Court Orders, August 23, 2023 (Dkt. 386 and 387), Granting and Denying Motions for Summary Judgment................................................................................ 24

Argument...................................................................................... 25

I. The District Court Erred in Dismissing with Prejudice Count III, the Trust's Claim under the Act, on its Motion on Pleadings . ......................... 25

A. Dismissal with Prejudice is Erroneous when Based Solely on a One Word Mistake in the Pleading ............................................. 25

B. The District Court Erred in Ignoring Other Allegations that Support the Trust's Theory that Stephen and Peter had Relinquished their Inheritance, leaving Frank With 100% of Dr. Sumrall's Right of Publicity. ........................................................................... 26

C. The District Court Erred in Refusing to Allow an Amendment of the Trusts' Counterclaim ....................................................... 29

D. The District Court Erred in Dismissing Count III with Prejudice and Not Allowing the Accounting Claim to Continue where the District Court Made Factual Findings that Would Require LeSEA to Account to the Trust Under the Act. ............................................. 30

E. The District Court Improperly Converted the Motion on Pleadings into a Motion for Summary Judgment as Discovery was Ongoing and the Parties were Waiting on Pending Discovery Motions............. 31

II. The District Court Erred in Effectively Converting the Motion on Pleadings into a Motion for Summary Judgment but Denied the Trust's Motion to Reconsider in Light of Newly Discovered Evidence Untimely Produced ...................................................................................... 34

III. The District Court Erred in Granting LeSEA's Motion for Summary
Judgment as to Count II of the Counterclaim When It Ruled that the
Trust's Copyright Claim Was Untimely Based on the Express
Repudiation Accrual Rule Set Forth in *Consumer Health*. ........................ 36

    A.  The District Court Erred in Finding that there was a "Plain and
Express Repudiation" of Frank's Copyright Interests............................36

    B.  A Co-Owner Must First Discover His Ownership Rights before
Repudiation Can Occur ...........................................................................39

    C.  There is a Genuine Issue of Material Fact as to Whether
Repudiation Occurred................................................................................42

    D.  Equitable Estoppel Tolls the Statute of Limitations .............................. 42

IV. The District Court Erred in Granting LeSEA's Motion for Summary
Judgment as to Count I .................................................................................. 44

V. The District Court Erred in Granting LeSEA's Motion for Summary
Judgment and Applying the Doctrine of Laches to Bar the Trust's State
Court and Common Law Claims Based on a Case Limited to its Facts,
where Laches is a Factual Inquiry, and Inapplicable to Claims
Governed by a Statute of Limitations. ........................................................45

    A.  The District Court Erred in Denying the Trust's Motion for Partial
Summary Judgment .................................................................................. 46

    B.  The District Court Erred in Granting LeSEA's Motion for Summary
Judgment because the Traveler Photo was Not a Work Made for
Hire Under Restatement § 228 ............................................................... 47

    C.  The District Court Improperly Used the Reid Factors Instead of
Restatement §228 to Evaluate Whether the Traveler Photo was
Created within the Scope of Lester's Employment................................. 47

    D.  Analyzing the Facts Using the Restatement §228 Elements
Demonstrates that the Traveler Photo was Not Taken within the
Scope of Lester's Employment. ............................................................... 50

    1. Lester was Employed as a Local Associate Pastor and did not Take Photographs as Part of His Pastoral Duties ............................ 50

    2. The Traveler Photo was Not Taken Substantially within the Authorized Time and Space Limits of Lester's Employment ........... 54

    3. The Traveler Photo was Not Actuated, in Any Part, to Serve Dr. Sumrall or LeSEA ................................................................................. 55

VI. The District Court Erred in Denying  Lester's Motion for Summary Judgment because there are No Material Facts in Dispute that would Preclude Summary Judgement for Lester's Claim for Copyright Infringement ................................................................................................ 57

    A. Lester Owns the Copyright to the Traveler Photo because He Took the Photograph ......................................................................................... 57

    B. LeSEA Infringed Lester's Copyright by Copying the Traveler Photo .. 59

Conclusion ................................................................................................... 60

# Table of Authorities

**Cases**                                                          **Page(s)**

Allard v. Eisenhauer,
971 F. Supp. 2d 458, 466 (D.N.J. 2013) ........................................... 54

*Avtec Systems, Inc. v. Peiffer*,
21 F.3d 568, 572, 574 (4th Cir. 1994) ............................................. 47

*Chapman v. Yellow Cab Cooperative*,
875 F.3d 846, 848 (7th Cir. 2017)................................................... 28

*Carr v. District of Columbia*,
543 F.2d 917, 927 (D.C. Cir. 1976).................................................. 36

*Community for Creative Non-Violence v. Reid*,
490 U.S. 730, 751–52 (1989).................................... 22, 47, 48, 49, 57

*Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*,
819 F.3d 992 (2016).............................................. 3, 20, 21, 36, 37, 38

*CSC Holdings, Inc. v. Redisi*,
309 F.3d 988, 992-93 (7th Cir.2002)............................................ 42, 43

*Estate of Darger v. Lerner*,
2023 WL 2664341 (N.D. Ill. 2023) ............................................. 45, 46

*Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*,
983 F.3d 307, 313 (7th Cir. 2020)......................................... 23, 30, 32

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340, 361 (1991)............................................................. 57

*Forty-One Associates, LLC v. Bluefield Associates, L.P.*,
809 N.E.2d 422, 428 (Ind. Ct. App. 2004)...................................... 27

*Gaiman v. McFarlane*,
360 F.3d 644 (7th Cir 2004) ......................................................... 44

*Garza v. Everly,*
59 F.4th 876, 885 (6th Cir. 2023) ........................................................ 39

*Gastineau v. Wright,*
592 F.3d 747, 748 (7th Cir. 2010) ........................................................ 24

*Gilbert v. Lusk,*
106 N.E.2d 404, 415 (1952) ........................................................ 23, 24

*Gomba Music Inc. v. Avant et al.,*
225 F. Supp. 3d 627 (E.D. Michigan 2016) ........................................ 38

*In re Bender,*
844 N.E.2d 170, 178 (Ind. Ct. App. 2006) .......................................... 27

*Jackson v. DeFabis,*
553 N.E.2d 1212, 1217 (Ind. Ct. App. 1990) ...................................... 29

*Jackson v. McCord,*
2019 WL 10417851, *4 (S.D. Ind. March 29, 2019) .......................... 46

*KFC Corp. v. Marion-Kay Co., Inc.,*
620 F. Supp. 1160, 1168 (1985) .......................................................... 46

*Kuryakyn Holdings, LLC v. Ciro, LLC,*
242 F. Supp. 3d 789, 803 (W.D. Wis. 2017) .................................. 48, 56

*Laemar v. J. Walter Thompson Co.,*
435 F.2d 680, 682 (7th Cir. 1970) ........................................................ 28

*Lantz v. C.I.R.,*
607 F.3d 479, 483 (7th Cir. 2010) ........................................................ 46

*Lister v. Stark,*
942 F.2d 1183, 1187 (7th Cir. 1991) .................................................... 24

*Martin v. City of Indianapolis,*
982 F. Supp. 625, 633 (S.D. Ind. 1997), aff'd, 192 F.3d 608
(7th Cir. 1999) .............................................................. 48, 50, 51, 55

*Merchant v. Levy,*
92 F.3d 51, 56 (2d Cir. 1996) .............................................................. 39

*National City Bank of Evansville v. Oldham,*
537 N.E.2d 1193, 1196 (1st Dist. 1989) ............................................ 28

*N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,*
163 F.3d 449 (7th Cir. 1998) ............................................................... 28

*Pennewell v. Parish,*
923 F.3d 486, 490 (7th Cir. 2019) ...................................................... 25

*Richmond State Hospital v. Brattain,*
961 N.E.2d 1010 (2012) ....................................................................... 45

*Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,*
477 F.3d 383 (6th Cir. 2007) ............................................................... 37

*Rogier v. Am. Testing and Eng'g Corp.,*
734 N.E.2d 606, 620 (Ind. Ct. App. 2000) ......................................... 27

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,*
137 S. Ct. 954, 960 (2017) .................................................................... 46

*Smith v. Potter,*
445 F.3d 1000, 1010 (7th Cir. 2006) ................................................... 43

*Stone v. Williams,*
970 F.2d 1043 (2d Cir. 1992). .............................................................. 39, 40

*Taylor v. Meirick,*
712 f.2d 1112, 1118 (7th Cir. 1983) .................................................... 43, 45

*United States v. Rogers Cartage Co.,*
794 F.3d 854, 861 (7th Cir. 2015) ....................................................... 34

*United States v. Hougham,*
364 U.S. 310, 316–17 (1960) ................................................................ 26

*U.S. v. Wood,*
925 F.2d 1580, 1581 (7th Cir. 1991)............................................. 28

*Warren Freedenfeld Assocs., Inc. v. McTigue,*
531 F.3d 38 (1st Cir. 2008) ...................................................... 42

*Welles v. Turner Entertainment Co.,*
503 F.3d 728, 734 (9th Cir. 2007) .............................................. 38

**Statutes and Rules**

17 U.S.C. §101............................................................. 1, 47, 48

17 U.S.C. § 106................................................................... 58

17 U.S.C. § 201(a) ............................................................... 57

17 U.S.C. § 410(c)................................................................ 58

17 U.S.C. § 507(b) ............................................................... 36

28 U.S.C. § 1291....................................................................1

28 U.S.C. § 1331....................................................................1

28 U.S.C. § 1338(a) .................................................................1

28 U.S.C. § 1367(a) .................................................................1

Federal Rule of Civil Procedure 15 .......................................... 26, 29

Federal Rule of Civil Procedure 56 .............................................. 60

Indiana Code § 32-36-1 ....................................................... 2, 15

Indiana Code § 32-36-1-18..................................................... 25, 31

Indiana Code § 34-1-2-1......................................................... 46

Indiana Code § 34-11-2-7(4) .................................................... 46

Restatement (Second) of Agency § 228 ......... 3, 22, 47, 48, 49, 50, 51, 54, 55, 57

## Statement Concerning Oral Argument

Pursuant to Federal Rule of Appellate Procedure 34(a) and Seventh Circuit Rule 34(f), Defendant/Counter-Plaintiff/Third-Party-Appellants Lester Sumrall and The Lester Sumrall Family Trust respectfully requests oral argument in this appeal due to the complex nature of the proceedings below.

# JURISDICTIONAL STATEMENT

## I.     District Court's Jurisdiction.

The District Court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 17 U.S.C. § 101 *et al.*, and supplemental jurisdiction over the state law claims brought by the Lester Sumrall Family Trust (the "Trust") under 28 U.S.C. § 1367(a).

## II.     This Court's Jurisdiction.

This appeal is taken from the final judgment on the docket in this action on August 23, 2023, which was amended on August 28, 2023. (Dkt. 389.) On September 20, 2023, Counterclaim Plaintiff/Appellant, the Trust, and Defendant/Counterclaim Plaintiff/Appellant, Lester Sumrall ("Lester"), timely filed their notice of appeal. (Dkt. 398.) By reason of the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUES

**1.** Whether a substantive claim should be dismissed with prejudice when the defect in the pleading consisted of one word?

**2.** Whether claimant, who inherited a one-third interest in rights of publicity, can allege that the individuals who inherited the remaining two-thirds' interest lost those rights as a result of waiver and fraud in order to maintain a cause of action under the Indiana Right of Publicity Act (the "Act")?

**3.** If the answer to issue number 2 is "no," does the Act allow claimant to maintain a claim for an accounting against the co-owners where claimant owns only a one-third interest in the rights of publicity?

**4.** If the answer to issue number 2 is "no," can the claimant maintain a claim for an accounting against a third party under the Act where a court determines that the co-owners holding a combined two-thirds interest in rights of publicity transferred their rights to a third party?

**5.** Whether a district court may convert a motion for judgment on the pleadings to a motion for summary judgment and make factual findings while discovery is ongoing and motions to compel are pending?

**6.** Whether a district court may convert a motion for judgment on the pleadings to a motion for summary judgment and consider material outside the pleadings but then later deny claimant's motion to reconsider and supplement its briefs with new evidence where the new evidence was directly

related to the issues in the motion for judgment on the pleadings and was not produced timely?

**7.** Whether claimant's own power of attorney for property constitutes a "plain and express repudiation of co-ownership" of claimant's copyright ownership sufficient to accrue claimant's action for copyright infringement under *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (2016)?

**8.** Whether a statement made to the claimant that all assets of decedent were given to the ministry can be considered a "plain and express repudiation of co-ownership" of claimant's copyright ownership sufficient to accrue claimant's action for copyright infringement under *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (2016)?

**9.** Whether the doctrine of equitable estoppel tolls the statute of limitations for copyright infringement where claimant's co-ownership of copyrights was concealed from claimant?

**10.** Whether legal claims governed by a statute of limitations can be subject to the equitable doctrine of laches?

**11.** In evaluating whether a work was made for hire, does a court use the scope of employment factors found in the Restatement (Second) of Agency § 228?

12.    Whether a photograph is a work made for hire when the employee who took the photograph was an associate pastor at a local church based in South Bend, Indiana, whose pastoral duties were local to Indiana, and where the employee created the photograph on a personal trip with his grandfather in China with his personal camera, where the employee developed the photo using personal funds, and where the employee did not turn the photograph over to his employer upon his return from China, but kept it for his own personal use and enjoyment?

## STATEMENT OF THE CASE

This is a case of family betrayal. Dr. Lester Sumrall ("Dr. Sumrall"), a well-known evangelist, and his wife, Louise Sumrall had three sons: Frank Sumrall ("Frank"), Stephen Sumrall ("Stephen") and Peter Sumrall ("Peter"). Dr. Sumrall intended for his three sons to work together to continue the business of the ministry, referenced herein as "LeSEA".[1] (Dkt. 349-5.) But, instead, after his death on April 28, 1996, the sons turned on each other. Dr. Sumrall's Last Will and Testament ("Will") dictated that his assets be split evenly between his three sons. (Dkt. 349-13 ¶ 2.) Stephen was named as the executor of the Will, and Peter was named successor executor, (Dkt. 349-13 ¶ 2,) but neither executed the Will, (Dkt. 349-16 at 56:13-16; 80:11-13; 83:8-9.) Although Stephen wrote to Peter and claimed he was going to distribute Dr. Sumrall's assets, he never did. (Dkt. 350-2 ¶ 2.) Asked why, Stephen gave differing reasons: (i) he was too busy running the ministry, (Dkt. 349-16 at 41:17-25; 42:1-7,) (ii) he didn't believe there was a time limitation for probating the Will,

---

[1] The ministry is comprised of three Indiana not-for-profit corporations: LeSEA, Inc. ("LeSEA"), LeSEA Broadcasting, n/k/a Family Broadcasting Corporation ("FBC"), and LeSEA Global Feed the Hungry ("FTH" or "LeSEA Global"). Appellants reference the three entities collectively as "LeSEA."

(Dkt. 349-16 at 41:1-16,) and (iii) he could not find Frank, (Dkt. 349-16 at 42:13-20.)

Peter and Stephen concealed the Will from Frank and represented to Frank and others that Dr. Sumrall had left everything to the ministry. (Dkt. 349-15, Request No. 19 (admission by Stephen); Dkt. 350-6 at 10 (email from Peter); Dkt. 350-1 ¶ 5 (affidavit from Lester); Dkt. 349-8 ¶ 19 (affidavit from Frank's wife).)[2] Peter and Stephen then moved all of Dr. Sumrall's personal assets into the ministry, the LeSEA corporations that they controlled and profited from. (Dkt. 349-15, Request 26; Dkt. 349-16 at 56:13-16.) As President of LeSEA, Stephen took a salary and housing allowance from LeSEA, lived in a ministry parsonage free of charge, and took several other benefits such as a car and cell phone. (Dkt. 349-16 at 92:23-25; 93:1-9.) Additionally, Stephen's wife was employed by LeSEA. (Dkt. 349-16 at 95:8-12.) While Peter was President of FBC, he took a salary from LeSEA of over $400,000. (Dkt. 350-15 at 14, Deposition of Antonio Agostino at 55:1-4.) Peter's family were all employed by LeSEA. (Dkt. 350-13 at 11, Deposition of Angela Grabowski ("Angela") at 43:3-

_____

[2] LeSEA doesn't dispute this fact, but simply objects to the affidavits of Lester and Frank's wife as being hearsay. (Dkt. 357 ¶ 36.) The Trust contends that this evidence is not hearsay as the statement was not admitted for the truth of the matter asserted. In fact, the Will established that the statement was not true. The District Court did not rule on the objection.

8.) Peter's ex-wife, Sue Sumrall, lives in a house free of charge. (Dkt. 350-13 at 11, Deposition of Angela at 43:13-18.) Frank, on the other hand, was left penniless. (Dkt. 349-8 ¶¶ 20-21.)

Besides household items, Dr. Sumrall had owned cash, coins, stocks, jewelry and artifacts that he had been given or had acquired on his trips around the world. (Dkt. 349-15 ¶¶ 22-23; Dkt. 350-19 at 34, Deposition of Lester at 136:21-23.) Dr. Sumrall also had bonds and bank accounts in his personal name. (Dkt. 350-3 at 2, Deposition at 5:19-22.) Peter directed his secretary to transfer those bonds to LeSEA. (Dkt. 350-6 at 11.)

Additionally, forty-three of Dr. Sumrall's copyrighted works were registered to Dr. Sumrall, personally ("the Works"). (Dkt. 350-16.) Although the parties dispute the ownership of the forty-three Works, it is telling that after Dr. Sumrall's death, and while Stephen was President of LeSEA, LeSEA employees were authorized to sign on behalf of "author" to change the payment of royalties from Dr. Sumrall to LeSEA and change publishing contracts that were in Dr. Sumrall's name to LeSEA's name. (*Id.*) [3]

---

[3] Dkt. 350-16 contains a spreadsheet detailing the forty-three copyrights registered to Dr. Sumrall and the posthumous changes made to the publishing contracts. *See* the last column in the spreadsheet describing the changes, and the contracts referenced therein marked as Exhibits D-1 to D-12, included within Dkt. 350-16.

## A. Frank Discovers the Will

At a Christmas lunch with Stephen in late December 2016, (Dkt. 349-15, Request No. 17,) Frank asked Stephen if their father had ever left a Will. (Dkt. 350-19 at 32, Deposition at 128:2-5.) Stephen admitted that Dr. Sumrall had left a Will. (Dkt. 350-1 ¶ 6.) Frank asked Stephen for a copy of the Will. (Dkt. 350-1 ¶ 8.) Stephen then claimed that he would look for it. (Dkt. 350-1 ¶ 9.) Frank waited for Stephen to find the Will, but Stephen finally admitted that he couldn't find it and that it was in LeSEA's files. (Dkt. 350-1 ¶ 9.)

On April 3, 2017, Frank's son, Lester, filed a Petition for Probate and Issuance of Letters of Administration and Supervised Administration ("Petition") in the Saint Joseph County Probate Court to open an estate for Dr. Sumrall. (Dkt. 350-9.) Angela, Peter's daughter, filed a Response to Lester's Petition ("Response to Petition") on April 21, 2017, which included a copy of Dr. Sumrall's Will. (Dkt. 350-10.) Angela's Response to Petition represented that there were "zero" assets of Dr. Sumrall to be distributed. (Dkt. 350-10 ¶ 5.) Stephen, Andrew Sumrall ("Drew"), Adam Sumrall, and David Sumrall each signed "Consent and Joinders" swearing under oath that Angela's Response to Petition was true and accurate. (Dkt. 349-12.)

At a probate court hearing to determine whether there were any assets to distribute, Frank testified he had not seen his father's Will until April 24, 2017. (Dkt. 350-7 at 51:18-21.) Despite the representations made by Angela and the

other heirs, Dr. Sumrall's physical assets sat in the church basement. (Dkt. 350-13 at 27, Deposition of Angela at 86:1-3.) As Board members of the LeSEA organizations, Appellees knew, or should have known, that Dr. Sumrall owned the copyrights to his books and that these books were being used by LeSEA to solicit donations. (Dkt. 350-16.) The probate court ruled that there were no assets to distribute; specifically, ruling that copyrights were not within its jurisdiction. (Dkt. 350-7 at 96:1-4; 95:16-17.)

Frank did not actually see the Will or learn that he was included as a beneficiary in the Will until after it was produced in probate court on April 21, 2017. (Dkt. 350-7 at 52:5-11.) Stephen admitted that he "never discussed Dr. Sumrall's Will with Frank prior to December 2016," (Dkt. 349-15, Request No. 17,) and that the first time Frank asked about Dr. Sumrall's Will was in December 2016, (Dkt. 349-15, Request No. 20.) The Trust was created on November 19, 2018, for purposes of pursuing an action on Frank's behalf to recover his stolen inheritance. (Dkt. 349-7.)

## B. The Traveler Photograph

As the namesake and first grandchild of Dr. Sumrall, Lester had a special relationship with his grandfather. (Dkt. 346-1 ¶ 5.) Starting at the young age of 8, Lester started accompanying Dr. Sumrall on his evangelistic trips, both domestic and overseas. (Dkt. 346-1 ¶ 5.) Lester was not required to perform

any official duties while on these trips; rather, he was Dr. Sumrall's travel companion. (Dkt. 346-1 ¶ 5.)

In 1993, at the age of 19, Lester was hired as an associate pastor of Christian Center Church (the "Church"). (Dkt. 346-1 ¶ 14.) Lester was paid $19,000 annually. (Dkt. 346-1 ¶ 17.) Lester's duties included preaching at Church services, hospital visits, serving at funerals of parishioners and running the Church food pantry. (Dkt. 346-1 ¶ 15.) All of his work as associate pastor occurred in and around the South Bend, Indiana area. (Dkt. 346-1 ¶ 16). Lester never signed an employment agreement or "work made for hire" agreement with the Church or LeSEA. (Dkt. 346-1 ¶ 18.)

## C. The China Trip

In mid-February of 1994, Dr. Sumrall invited Lester to accompany him on a personal trip to China. (Dkt. 346-1 ¶ 26.) This was a very different type of trip than the previous trips Lester and Dr. Sumrall had taken. (Dkt. 346-1 ¶ 26.) This was a secret trip to meet the underground, persecuted church. (Dkt. 346-1 ¶ 26.) Dr. Sumrall told Lester that he wanted Lester to experience China, just as he had in 1936. (Dkt. 346-1 ¶ 27.) Consequently, Dr. Sumrall paid for Lester's plane ticket out of his own personal funds. (Dkt. 346-1 ¶ 28.) At that time, neither the Church nor LeSEA had an office in China. (Dkt. 346-1 ¶ 29.) There were no LeSEA employees on this trip. It was simply Lester, his grandfather and two interpreters. (Dkt. 346-1 ¶ 40). Lester was not asked to

perform any official Church duties on this trip. (Dkt. 346-1 ¶ 41). Rather, Lester was there as Dr. Sumrall's grandson and travel companion. (*See* Dkt. 346-1 ¶¶ 26-28, 37-41.) Dr. Sumrall did not ask for donations on this trip. (Dkt. 346-1 ¶ 39.) Rather, Dr. Sumrall was there to teach and encourage the underground church. (Dkt. 346-1 ¶ 32.)

Lester brought his 35mm Olympus Stylus camera and several rolls of color film on the China trip. (Dkt. 346-1 ¶ 34.) Between March 9th and March 10th, 1994, Lester took approximately thirty-three (33) photos (the "China Photos"). (Dkt. 346-1 ¶ 35.) Lester directed his grandfather to stand in certain places, with specific people, with certain backgrounds and in specific poses, to properly frame the shots and capture on film the pictures Lester wanted to create. (Dkt. 346-1 ¶ 34.)

At no time did Dr. Sumrall or anyone else on the trip request that Lester take photographs. (Dkt. 346-1 ¶ 37.) Lester's photographs from that trip were shot exclusively by Lester, without any influence or direction from anyone. (Dkt. 346-1 ¶ 38.)

Later, when Lester and Dr. Sumrall returned to Hong Kong, Lester took his film and personally paid to have the photographs developed at True Face Image Centre. (Dkt. 346-1 ¶ 42.) To this day, Lester has in his possession the photo envelope from True Face Image Centre used to store the China Photos. (Dkt. 346-1 ¶ 42.) The China Photos each contain a date stamp on the bottom

right of the photo that is specific to Lester's camera. (Dkt. 346 ¶ 42.) The Traveler Photo contains the date of March 1994. (Dkt. 346-1 ¶ 35.) When Lester returned home from China, no one asked him for his photographs. (Dkt. 346-1 ¶ 43.) On December 30, 2017, Lester registered the copyright for the Traveler Photo. (Dkt. 346-1 ¶ 54.)

The below picture is the Traveler Photo. (Dkt. 170-4.) The Copyright Registration for the Traveler Photo was attached as Exhibit E to the Counterclaim. (Dkt. 170-5.)



**D. LeSEA's Unauthorized Use of the Traveler Photo**

Dr. Sumrall passed away on April 28, 1996. (Dkt. 346-1 ¶ 44.) In May 1996, Chuck Stranz ("Chuck"), head of LeSEA's graphic design department, asked Lester for permission to use his personal photographs for a single use; for inclusion in a memorial edition of the LeSEA World Harvest Magazine to honor Dr. Sumrall ("Memorial Edition"). (Dkt. 346-1 ¶ 45.)

Lester brought his China Photos and the negatives to Chuck and they discussed which photos would be used in the Memorial Edition. (Dkt. 346-1 ¶ 46.) Lester authorized Chuck to use three photographs for the Memorial Edition and no others. (Dkt. 346-1 ¶ 47.) Chuck asked Lester to leave all the China Photos and the negatives with him for a couple hours. (Dkt. 346-1 ¶ 48.) Unbeknownst to Lester, Chuck copied all the China Photos. (Dkt. 346-1 ¶ 50.) Lester did not give Chuck or LeSEA permission to copy the China Photos. (Dkt. 346-1 ¶ 50.)

LeSEA used the Traveler Photo as cover art to each of its *A Life of Faith and Destiny* products. (Dkt. 346-1 ¶ 56; Dkt. 346-26.) In January of 2018, FBC began to run a fundraising campaign called, "The Legacy Circle." (Dkt. 346-1 ¶ 58.) To be a member of the "Legacy Circle", a donor was required to donate $105/month. (Dkt. 346-1 ¶ 57; Dkt. 346-27; Dkt. 346-28.) In return, FBC provided the donor with a DVD of a series of teachings by Dr. Sumrall, titled *A Life of Faith and Destiny*. (Dkt. 346-1 ¶ 57.) The DVD cover features

prominently the Traveler Photo. (Dkt. 346-1 ¶ 57; Dkt. 346-26 at 2.) FBC advertised its Legacy Circle campaign using the Traveler Photo both on Facebook advertisements, on Direct TV, through various broadcast outlets and on its own websites. (Dkt. 346-1 ¶ 59.) While 142 DVDs were sold by LeSEA to FBC to be used for fundraising purposes, at least 64 DVDs were used in its Legacy Circle campaign which garnered $144,351.99 in donations to FBC. (Dkt. 346-30 at 1-2.)

Although disputed by FTH, (Dkt. 342 ¶ 20,) the Trust presented evidence that the Traveler Photo was used as a fundraising campaign for FTH, (Dkt. 346-1 ¶ 60.) Stephen signed the Traveler Photo, adding a Bible scripture, and gave that to several pastors in exchange for a donation of $5,000 or more. (Dkt. 346-1 ¶ 60; Dkt. 346-15; Dkt. 346-39 ¶ 4.)

## E. Procedural History

On November 9, 2018, LeSEA filed a lawsuit against Lester and his not-for-profit organization, LeSEA Broadcasting Corporation ("LBC") claiming that Lester infringed on its trademarks. Lester and LBC agreed to a permanent injunction preventing his use of the term "LeSEA." Eventually, LeSEA dismissed its claims against Lester and LBC. (Dkt. 332.)

On April 19, 2019, the Trust and Lester filed a Counterclaim against LeSEA, among others, alleging copyright infringement, tortious interference with an expectancy, unjust enrichment, conversion, theft, fraud, and an

accounting, and in Count III, a violation of the Act, Ind. Code § 32-36-1, *et seq*.

(Dkt. 43.) LeSEA filed two separate motions to dismiss attacking the Counterclaim. (*See* Dkt. 125-126, 183.) The Trust amended its Counterclaim twice. (*See* Dkt. 115, 170.) In its Second Amended Counterclaim ("Counterclaim") the Trust alleged that Frank owned one hundred percent of Dr. Sumrall's numerous written and recorded works by virtue of a forfeiture by Stephen and Peter of their inheritance. (*See* Dkt. 170 ¶¶ 26, 90.) The Counterclaim emphasized that Stephen and Peter concealed Dr. Sumrall's Will from Frank and repeatedly represented to Frank and others that Dr. Sumrall wanted all of his assets to go to LeSEA. (*Id*. ¶¶ 32, 35-37, 49.)

In August 2020, the Trust had requested from LeSEA all assignments and licenses relating to Dr. Sumrall's right of publicity. (*See* Dkt.s 314-1, 314-2.) On April 29, 2021, the Trust filed a Motion to Compel Documents and Interrogatory Responses ("Motion to Compel"). (*See* Dkt.s 195-196, 267, 287.) On July 30, 2021, LeSEA filed a Motion for Judgment on the Pleadings ("Motion on Pleadings"), attacking Count III of the Counterclaim under Section 18(b) of the Act for the first time. (*See* Dkt.s 125, 183, 226-227.) On October 21, 2021, the District Court dismissed Count III with prejudice, ruling that Frank did not own at least a fifty percent interest in Dr. Sumrall's right of publicity and, therefore, could not prosecute a claim under the Act. (Dkt. 271 at 4.) The District Court refused to allow the Trust to amend Count III of the

Counterclaim. (Dkt. 271 at 4-5.) The District Court rejected the Trust's request to keep its right to an accounting under the Act. (Dkt. 280 at 4; Dkt. 307.)

In its briefs and oral argument on the Motion on Pleadings, LeSEA presented the District Court with matters outside of the pleadings; (*see* Dkt. 230 at 8, 10-11; *see also* Appx 066,) and several disputed facts, (Dkt. 230 at 10 (referencing Dkt. 199-2, 299); Dkt. 230 at 11 (citing Dkt. 25).) In response, the Trust repeatedly requested that the District Court allow the Trust to file an amended brief and present evidence outside the pleadings if the District Court converted the Motion on Pleadings into a motion for summary judgment. (Dkt. 229 at 6 n.5, 8 n.9.)

LeSEA filed a Motion for Partial Summary Judgment on August 30, 2021, making the same arguments it made in its Motion on Pleadings. (Dkt. 231.) In fact, LeSEA's Motion for Partial Summary Judgment was pending before the District Court at the hearing on the Motion on Pleadings. (Appx 075.) The District Court denied LeSEA's Partial Motion for Summary Judgment stating that a motion for summary judgment was premature at that stage in the case. (Appx 084 at 22-25.)

On February 4, 2022, LeSEA produced a license agreement from Stephen, which purported to transfer to LeSEA any rights Stephen may have had in Dr. Sumrall's right of publicity. (*See* Dkt. 309-1, 309-2.) Although this license had been signed by Stephen on June 25, 2021, it was not produced to the Trust

until February 2022. (Dkt. 309 at 2; Dkt. 309-1 at 4.) By this time, the District Court had already granted the Motion on Pleadings and denied the Trust's Motion to Reconsider. (*See* Dkt. 271, 307.)

On March 3, 2022, the Trust filed a Motion to Open the Proofs and Supplement the Record with Respect to the Judgment on the Pleadings ("Motion for Proofs") and asked to supplement the record with its newly discovered evidence of Stephen's license. (Dkt. 309; Dkt. 314 at 5.) The District Court concluded that the Trust's Motion for Proofs did not properly request or identify a basis for reconsideration of the Motion on Pleadings and did not ask for reconsideration of the disposition of Count III of the Counterclaim, despite the Trust's specific request to do so (albeit in its Reply Brief) pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. 314 at 5; Dkt. 316 at 3-4.)

The parties filed cross motions for summary judgment. (Dkt. 335.) LeSEA sought summary judgment against every count of the Counterclaim. (Dkt. 340.) Lester sought summary judgment as to his copyright infringement claim. (Dkt. 344.) The Trust sought partial summary judgment as to its tortious interference with testamentary expectancy claim. (Dkt. 347.) The District Court denied Lester and the Trust's motions and granted LeSEA's motions. (*See* Dkt. 386-387.)

## SUMMARY OF ARGUMENT

### A. Trust's Right of Publicity Claims

The Trust argues in Section I that the District Court erroneously granted Appellees' Motion on Pleadings and dismissed with prejudice Count III of the Counterclaim, the Act. The District Court based its decision on the Trust's misstep in using the defined word "Works" instead of "IP" in paragraph 90 of the Counterclaim. "IP" is the word it should have used because it included Dr. Sumrall's right of publicity. The District Court erred when it failed to consider other allegations made by the Trust relating to Stephen and Peter's fraud and intentional relinquishment of their inheritance. Specifically, Stephen and Peter gave up their rights when they distributed all of Dr. Sumrall's assets into LeSEA, a corporation they controlled and profited from, without first distributing one-third of Dr. Sumrall's estate to Frank. This forfeiture left Frank with 100% interest in Dr. Sumrall's right of publicity. The Trust should have been able to present these factual issues to the jury. The District Court further erred when it refused an amendment of the Trust's Counterclaim, despite the lack of prejudice to Appellees and the surviving accounting claim contained within Count III, allowed under the Act.

In reaching its decision, the District Court effectively converted the Motion on Pleadings into a motion for summary judgment when it considered evidence outside the pleadings. This was improper because the parties were still

engaged in discovery and were waiting on pending discovery motions. In fact, the District Court simultaneously denied Appellees' Motion for Partial Summary Judgment for being premature.

Finally, in Section II, the District Court denied the Trust's motion to supplement evidence in light of newly discovered evidence. Despite requesting all assignments and licenses relating to Dr. Sumrall's right of publicity in August 2020, LeSEA did not produce Stephen's license, signed on June 25, 2021, until February 4, 2022. LeSEA held on to that license for over seven months while the District Court heard its Motion on Pleadings wherein the ownership of Dr. Sumrall's right of publicity and transfers of said rights were directly on point. In light of this newly discovered and relevant evidence, the District Court should have reconsidered its decision on the Motion on Pleadings. Given the evidence that Peter's rights had been transferred to LeSEA, combined with Stephen's license, LeSEA now owned over two-thirds interest in Dr. Sumrall's right of publicity. Under the Act, LeSEA had a duty to account to the Trust. The Motion on Pleadings was granted in error as the Trust had plead facts to establish Frank's ownership in Dr. Sumrall's right of publicity. Whether a one-third interest or 100% interest, the Trust maintained a claim under the Act.

## B. Trust's Copyright Claims

In Section III, the Trust argues that the District Court erred when granting summary judgment on its copyright claim based on a statute of limitations bar. The District Court based its decision on the accrual rule set forth in *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (2016). The District Court erred when it found that there was a "plain and express repudiation" of Frank's co-ownership communicated to Frank. The District Court found that this "plain and express repudiation" occurred when (1) Frank was told that his father had left everything to the ministry and (2) when Frank signed a power of attorney ("POA") to recover personal assets and household goods owned by Dr. Sumrall. Neither of these statements serve as a "plain and express repudiation" because neither reference copyrights. Furthermore, the POA was an action by Frank himself, and therefore cannot serve as a repudiation of Frank's copyright ownership.

The Trust further argues that where the claimant is not aware of his ownership, an express repudiation is meaningless. Frank must first know that he owned Dr. Sumrall's copyrights (or a portion thereof) in order for a co-owner to repudiate that ownership. As a result, the District Court erred in holding that the Trust's copyright claims were barred by the statute of limitations. The Trust further argued that the issues set forth above related to the *Consumer*

*Health* accrual rule present issues of fact that could not be decided on a motion for summary judgment.

Finally, the District Court erred when it did not consider the Trust's equitable estoppel argument. The doctrine of equitable estoppel applies to claims under the Copyright Act and comes into play when the defendant takes active steps to prevent the plaintiff from suing in time. Here, Stephen and Peter took active steps to conceal Dr. Sumrall's Will from Frank. The fraudulent concealment of Frank's ownership in Dr. Sumrall's 43 copyrights frustrated even diligent inquiry by Frank.

## C. Trust's State and Common Law Claims

The District Court erred when it granted Appellees' Motion for Summary Judgment as to Appellants' state and common law claims, Count IV (Tortious Interference with Testamentary Expectancy), Count V (unjust enrichment) and Count VIII (fraud) based on the doctrine of laches. The District Court erred in relying on a case limited to its facts and ignored the general rule that laches does not apply to claims governed by statutes of limitation. Frank did not discover that he had a testamentary expectancy until the Will became public on April 21, 2017. The Counterclaim was filed less than two years later on April 19, 2019, and therefore all claims were timely.

## D. Lester's Copyright Claim – the Traveler Photo

The District Court erred in granting LeSEA's Motion for Summary Judgment on Lester's copyright infringement claim when it analyzed the issue using the employment factors set out in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989). The employment factors set out in *Reid* are used to determine whether an individual is an employee, not the scope of one's employment. As stated in *Reid,* the correct legal analysis to evaluate whether a work was created within one's scope of employment is the test outlined in the Restatement (Second) of Agency § 228.

When analyzing the undisputed material facts using the Restatement § 228 factors, the Traveler Photo was not taken within the scope of Lester's employment. First, Lester was hired as an associate pastor; he was not hired to take photos. Second, Lester took the Traveler Photo in China, which is outside of the spatial limitations of his pastoral duties, which were confined to Indiana. Third, Lester took the Traveler Photo for his own memories and enjoyment, not to serve LeSEA. Thus, the Traveler Photo was not taken within the scope of Lester's employment, and it is not a work made for hire. Therefore, Lester, not LeSEA, owns the copyright to the Traveler Photo.

Because the Traveler Photo is not a work made for hire, the District Court erred in denying Lester's Motion for Summary Judgment on his claim for copyright infringement. To prevail on his copyright infringement claim, Lester

needed to satisfy two elements: (1) ownership and (2) unauthorized copying. Here, both elements are satisfied. It is undisputed that Lester is the creator of the Traveler Photo. Second, LeSEA copied the Traveler Photo without Lester's permission. It is undisputed that LeSEA Inc. and FBC copied the Traveler Photo by using it for various commercial purposes. The only dispute is whether, and to what extent, FTH copied and used the Traveler Photo. Thus, the District Court erred in denying Lester's Motion for Summary Judgment as to LeSEA Inc. and FBC.

## STANDARD OF REVIEW

### A. Standard of Review for Appeal of Court Order, October 21, 2021 (Dkt. 271), Granting Appellees' Motion for Judgment on the Pleadings.

This Court reviews a decision to grant Appellees' Motion on Pleadings, Dkt. 271, *de novo*. The same *de novo* standard applied to a motion to dismiss is applied to a motion for judgment on the pleadings, construing the facts in the light most favorable to the non-moving party. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.,* 983 F.3d 307, 313 (7th Cir. 2020), *citing Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.,* 972 F.3d 915, 917 (7th Cir. 2020).

### B. Standard of Review for Appeal of Court Order of March 29, 2022 (Dkt. 316), Denying a Motion to Open the Proofs and Supplement the Record.

The Court's standard of review in denying the Trust's Motion to Open the Proofs is abuse of discretion. *Gilbert v. Lusk*, 106 N.E.2d 404, 415 (1952). The

decision to open a judgment and take additional evidence is within the trial court's discretion. *Id.* An abuse of discretion occurs if the district court reaches erroneous conclusions of law or premises its holding on an erroneous assessment of the evidence. *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010), *referencing Gautreaux v. Chicago Hous. Auth.,* 491 F.3d 649, 654–55 (7th Cir. 2007).

### C. Standard of Review for Appeal of Court Orders, August 23, 2023 (Dkt. 386 and 387), Granting and Denying Motions for Summary Judgment.

"It is well established that review of a district court's grant of summary judgment is *de novo.*" *Lister v. Stark*, 942 F.2d 1183, 1187 (7th Cir. 1991). The appellate court's task is to "determine whether the record reveals that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* (*citing* Fed. R. Civ. P. 56(c)). When reviewing the record on appeal, the Court is to "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Id.*

"A district court abuses its discretion if '(1) the record contains no evidence upon which the court could have rationally based its decision; (2) the decision is based on an erroneous conclusion of law; (3) the decision is based on clearly erroneous factual findings; or (4) the decision clearly appears arbitrary.'" *See*

*Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019) (*quoting Walker v. Price, 900 F.3d 933, 938 (7th Cir. 2018)).*

## ARGUMENT

### I. The District Court Erred in Dismissing with Prejudice Count III, the Trust's Claim under the Act, on its Motion on Pleadings.

LeSEA filed its Motion on Pleadings as to Count III of the Trust's Counterclaim. (*See* Dkt. 226, 227.) Count III plead a claim under the Act. The District Court dismissed Count III on the basis that Frank did not own at least a 50% interest in Dr. Sumrall's right of publicity, and, therefore, could not prosecute a claim under the Act. (Dkt. 271 at 4.) The Act requires at least 50% ownership in said right to prosecute a claim for infringement. Ind. Code § 32-36-1-18(a). Here, the Trust alleged that Frank owned 100% of Dr. Sumrall's right of publicity by virtue of a forfeiture by Stephen and Peter of their inheritance. (Dkt. 170 ¶ 90.) The District Court rejected that allegation, and all other allegations related to this issue. (Dkt. 271 at 4.)

### A. Dismissal with Prejudice is Erroneous when Based Solely on a One Word Mistake in the Pleading.

The Trust alleged the forfeiture of Stephen and Peter's inheritance in paragraph 90 of the Counterclaim:

> Because Counterclaim Defendants, and/or their predecessors, forfeited any right in and to Dr. Sumrall's Works, Frank Sumrall is the rightful full owner of Dr. Sumrall's Works.

(Dkt. 170 ¶ 90.) The District Court refused to consider paragraph 90 in deciding the Motion on Pleadings because the definition of "Works" in paragraph 90 did not include Dr. Sumrall's right of publicity. (Dkt. 271 at 3-4.) The District Court was correct, the defined word "Works" did not include the right of publicity. (*See* Dkt. 170 ¶ 26.) The Trust used the definition of "Works" to include all of Dr. Sumrall's written and recorded works and "IP" to include both the written "Works" and Dr. Sumrall's right of publicity. (*See id.* ¶¶ 26, 33.) The use of the word "Works" in Paragraph 90 instead of "IP" was a simple drafting error. Paragraph 90 should have been pled as follows: "Because Counterclaim Defendants, and/or their predecessors, forfeited any right in and to Dr. Sumrall's <u>IP</u>, Frank Sumrall is the rightful full owner of Dr. Sumrall's <u>IP</u>". Under these circumstances, a dismissal with prejudice contravenes the very purpose of Federal Rule 15(b): "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *United States v. Hougham*, 364 U.S. 310, 316–17 (1960). Thus, the dismissal with prejudice was erroneous and should be reversed.

**B.** **The District Court Erred in Ignoring Other Allegations that Support the Trust's Theory that Stephen and Peter had Relinquished their Inheritance, leaving Frank with 100% of Dr. Sumrall's Right of Publicity.**

In its opinion, the District Court stated that "this theory of disclaimer and relinquishment is not set out in the Trust's Second Amended [Counterclaim], and cannot defeat a motion for judgment on the pleadings." (Dkt. 271 at 4.) The Trust, however, had plead facts to establish that Stephen and Peter had waived or voluntarily relinquished their inheritance. Waiver is the "intentional relinquishment of a known right involving both knowledge of the existence of the right and the intention to relinquish it." *Forty-One Associates, LLC v. Bluefield Associates, L.P.*, 809 N.E.2d 422, 428 (Ind. Ct. App. 2004). Waiver is an affirmative act, and mere silence, acquiescence or inactivity does not constitute waiver unless there was a duty to speak or act. *Rogier v. Am. Testing and Eng'g Corp.*, 734 N.E.2d 606, 620 (Ind. Ct. App. 2000). Here, there was an affirmative duty on the part of Stephen, as executor to Dr. Sumrall's Will, and Peter, as successor executor, (Dkt. 170 ¶ 30,) to inform Frank of the existence of the Will. *In re Bender*, 844 N.E.2d 170, 178 (Ind. Ct. App. 2006). But both hid the existence of the will from Frank. (Dkt. 170 ¶¶ 35-37, 49.) The Trust alleged that Stephen and Peter had possession of Dr. Sumrall's Will, (*id.* ¶ 30,) that they concealed the Will from Frank, (*id.* ¶¶ 35, 41, 43-44, 48, 65,) and (contrary to the dictates of the Will) that they repeatedly represented to Frank and others that Dr. Sumrall gave all his assets to the ministry, (*id.* ¶¶ 32, 56.) Instead of distributing Dr. Sumrall's estate, Stephen and Peter transferred all of Dr. Sumrall's assets to LeSEA, companies they controlled and profited from

those assets. (*Id.* ¶¶ 33-38.) Thus, Stephen and Peter relinquished their inheritance as a way to cut Frank out of his. *See National City Bank of Evansville v. Oldham,* 537 N.E.2d 1193, 1196 (1st Dist. 1989). Count III of the Counterclaim adopted each of these paragraphs, (*id.* ¶ 97,) and therefore, it contained all the facts necessary to plead a claim under the Act.

In considering a motion for judgment on the pleadings, a district court should only grant the motion if it is "beyond doubt that the non-movant can plead no facts that would support his claim for relief." *U.S. v. Wood,* 925 F.2d 1580, 1581 (7th Cir. 1991). "Thus, to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998) (reversing judgment on pleadings). Furthermore, "[i]t is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Cooperative,* 875 F.3d 846, 848 (7th Cir. 2017) (internal quotations omitted). "It is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Chapman,* 875 F.3d at 848.

The question of whether Stephen and Peter waived or forfeited their inheritance involves questions of fact, that cannot be decided on a motion on the pleadings. *See Laemar v. J. Walter Thompson Co.,* 435 F.2d 680, 682 (7th

Cir. 1970) (allegations of duress and laches were questions of fact that could not be determined in a motion for judgment on the pleadings, reversing district court); *see also Jackson v. DeFabis*, 553 N.E.2d 1212, 1217 (Ind. Ct. App. 1990) (waiver is an issue of fact). Thus, the Trust was entitled to make its case to a trier of fact that Peter and Stephen relinquished their inheritance by virtue of waiver (or forfeited their inheritance as a result of their fraud), giving Frank 100% interest in Dr. Sumrall's right of publicity.

### C. The District Court Erred in Refusing to Allow an Amendment of the Trust's Counterclaim.

In deciding not to allow an amendment, the District Court asserted: "Because the counterclaim has already been pleaded three times and any deadline limiting the amendment of pleadings has long since passed, the dismissal of Count III will be with prejudice." (Dkt. 271 at 4-5.) This decision disregarded the fact that Count III of the Counterclaim had only been replead one time, and never for the reasons raised in the Motion on Pleadings. (*See* Dkts. 115, 125-126, 166, 170, 227.)[4] Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave [to amend pleadings] when justice so requires." Rule 15(b) was designed to facilitate the amendment of

---

[4] The District Court noted that Appellees had attacked the Counterclaim five times. (Appx 063 at 11-13: "The plaintiff has -- I think is now on their fifth effort to beat off the counterclaim, and I'm just getting a little tired of it, candidly…")

pleadings except where prejudice to the opposing party would result. (*Id.*) Here, the Trust established there was no such prejudice. (Dkt. 291 at 5-6.) The proposed amendment did not include any new claims, but simply sought to omit language that was no longer applicable in light of the District Court's ruling on the Motion on Pleadings, and maintain its claim for an accounting. (Dkt. 291 at 5-6.) The claim for accounting had always been included in Count III and was included in the discovery exchange between the parties; thus, no additional discovery was required. (Dkt. 43 at 18-34; Dkt. 115 at 14-15; Dkt. 170 at 15-16; Dkt. 291-11.)

"District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case." *Federated Mut. Ins. Co.*, 983 F.3d at 313. Yet, that injustice did resulted, as argued by the Trust. (Dkt. 280 ¶ 10.) As such, it was erroneous and should be reversed.

**D. The District Court Erred in Dismissing Count III with Prejudice and Not Allowing the Accounting Claim to Continue where the District Court Made Factual Findings that Would Require LeSEA to Account to the Trust Under the Act.**

The District Court erroneously determined that Stephen and Peter had assigned their interests in Dr. Sumrall's right of publicity to LeSEA. At the hearing, the following exchange occurred:

**The Court**: You're characterizing it as an abandonment. Isn't it really that they essentially assigned their own inheritance to the organization?

**Ms. Hesse**: You know, that would be interesting if we saw an actual written assignment, and you can't do –

**The Court**: But de facto that's what happened, right?

*(See* Appx 073-074.) The Act requires that those with a 50% or more interest account to those that have less. Ind. Code § 32-36-1-18(b). In the District Court's view, Peter and Stephen had each assigned their 1/3 interest in Dr. Sumrall's right of publicity to LeSEA. *(See* Appx 073-074.) If true, LeSEA then owned over 50% interest in Dr. Sumrall's right of publicity. As a result, the Act dictates that LeSEA owed Frank a duty to account for its use of Dr. Sumrall's right of publicity. *See* Ind. Code § 32-36-1-18(b).

The Trust had already alleged that LeSEA had failed to account to Frank for the profits it made on Dr. Sumrall's IP, which included Dr. Sumrall's right of publicity. (Dkt. 170 ¶¶ 37, 57, 104.) Count III was directed against, among other Defendants, LeSEA. (Dkt. 170 at 15.) Given the Trust's allegations of "failure to account" to Frank, the District Court should have allowed the accounting claim to proceed. (Dkt. 291 at 6.)

> **E.** **The District Court Improperly Converted the Motion on Pleadings into a Motion for Summary Judgment as Discovery was Ongoing and the Parties were Waiting on Pending Discovery Motions.**

The District Court effectively converted the Motion on Pleadings into a motion for summary judgment while discovery was still pending. "A district court has discretion as to whether to convert a motion for judgment on the pleadings into a motion for summary judgment." *Federated Mut. Ins. Co.*, 983 F.3d at 313. If a court chooses to consider materials outside the pleadings, the discretion ends and the court must treat the motion as one for summary judgment. *Federated Mut. Ins. Co.*, 983 F.3d at 313, *quoting* Fed. R. Civ. P. 12(d).

The District Court considered materials presented in LeSEA's briefs that addressed matters outside the pleadings, (*see* Dkt. 230 at 8, 10-11; *see also* Appx 066,) as well as several disputed facts, (Dkt. 230 at 10 (referencing Dkt.s 199-2; 299); *see also* Dkt. 230 at 11 (citing Dkt. 25).) At the hearing on the Motion on Pleadings, LeSEA also presented materials outside of the pleadings. (Appx 066 at 9-11, 23-25.) In its ruling, it was clear that the District Court had relied on material outside the pleadings. (*See* Appx 066-67.)

The Trust preserved its rights on this issue on two separate occasions, requesting that the District Court allow the Trust to file an amended brief to present evidence outside the pleadings if the District Court was going to convert the Motion on Pleadings into a motion for summary judgment. (Dkt. 229 at 6 n.5, 8 n.9.) The court never addressed the Trust's request. (Dkt. 271.)

At the time the District Court ruled on the Motion on Pleadings, discovery was still ongoing and the parties were waiting for the District Court to rule on several pending discovery motions. (*See* Dkt. 267, 271, 287.) In fact, the Trust had specifically requested all assignments or licenses relating to Dr. Sumrall's right of publicity in August 2020, yet responsive documents were not produced until February 4, 2022. (Dkt. 196 at 3; Dkt. 309 at 2.) By this time, the District Court had already granted the Motion on Pleadings and denied the Trust's Motion to Reconsider. (Dkt. 271; Dkt. 307.) On February 4, 2022, LeSEA produced a license agreement from Stephen, which purported to transfer to LeSEA any rights he may have had in Dr. Sumrall's right of publicity. (Dkt. 309-1.) It is significant that this license had been signed by Stephen on June 25, 2021, but was not produced to the Trust. Instead, LeSEA withheld this document from the Trust, and on July 30, 2021, filed its Motion on Pleadings (Dkt. 226, 227.) arguing that no one owned over 50% interest in Dr. Sumrall's right of publicity. (Dkt. 227 at 4.)

On the same day that the District Court was ruling on Appellees' Motion on the Pleadings, it denied LeSEA's Motion for Partial Summary Judgment (filed on August 30, 2021, Dkt. 231), finding that it was premature. (Appx 084 at 22-25; Dkt. 272.) LeSEA's Motion for Partial Summary Judgment included the same arguments that it had made in its Motion on the Pleadings vis-à-vis the Trust's Right of Publicity claim. (Dkt. 231 at 2; Dkt. 232 at 19-20, 25, 29-30.)

The District Court erred in failing to deny the Motion on Pleadings for the same reasons it denied the Motion for Partial Summary Judgment. Both were premature as a result of ongoing and incomplete discovery.

## II. The District Court Erred in Effectively Converting the Motion on Pleadings into a Motion for Summary Judgment but Denied the Trust's Motion to Reconsider in Light of Newly Discovered Evidence Untimely Produced.

Once the relevant document was produced, i.e., Stephen's license agreement transferring his rights to Dr. Sumrall's right of publicity to LeSEA, (Dkt. 309-1,) the Trust filed a Motion to Re-Open the Proofs and sought a reconsideration of the District Court's ruling, (Dkt. 309.) The District Court abused its discretion when it denied the Trust's request to supplement its briefs. (Dkt. 316 at 3-4.)

A district court's failure to convert a motion for judgment on the pleadings into a motion for summary judgment "will not necessarily mandate reversal unless the record discloses the existence of unresolved material fact issues, or the parties represent that they would have submitted specific controverted material factual issues to the trial court if they had been given the opportunity." *United States v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015) (internal quotation marks and citations omitted). Here, the license from Stephen transferring interests in Dr. Sumrall's right of publicity to LeSEA, along with a license signed by Peter, (Dkt. 309-2,) testimony from the

representative of his estate[5] and a license from Drew, (Dkt. 386 at 10,) demonstrates that LeSEA owned two-third's interest in Dr. Sumrall's right of publicity and consequently would owe the Trust an accounting under the Act.

In its Motion for Proofs, the Trust cited Federal Rule of Procedure 60(b) and requested that the District Court supplement the record with its newly discovered evidence in a second motion to reconsider. (Dkt. 314 at 5.) In fact, the Trust's Reply Brief in support of its Motion for Proofs explicitly stated "the Trust requests that the Court consider these documents and related arguments in a second motion to reconsider pursuant to Section 60(b) in light of this new evidence." (*Id.)* The District Court stated, however, that the Trust's Motion for Proofs did not ask for reconsideration of the dismissal of Count III. (Dkt. 316 at 4.) In denying the Trust's motion, the District Court declared the Trust's request was "too little, too late". (*Id.* at 4.) Yet, not only did LeSEA withhold Stephen's license until February 2022 (although it was signed by Stephen on June 25, 2021), the Trust had preserved its rights throughout the briefing of the Motion on Pleadings. (Dkt. 229 at 6 n.5, 8 n.9, 9 n.10; Appx 072 at 17-20; Dkt. 280 at 3; Dkt. 291 at 2-4; Dkt. 309 ¶ 4; Dkt. 314 at 5.) The District Court's denial of the Motion for Proofs was an abuse of discretion and the

---

[5] Angela, the representative of Peter's estate, testified that no intellectual property was distributed to Peter's heirs at his death. Dkt. 309 at 2 n.1.

decision should be reversed. *See Carr v. District of Columbia,* 543 F.2d 917, 927 (D.C. Cir. 1976) ("iniquity in a judgment may sometimes be made to appear by evidence emerging after its rendition.").

III. **The District Court Erred in Granting LeSEA's Motion for Summary Judgment as to Count II of the Counterclaim when It Ruled that the Trust's Copyright Claim was Untimely Based on the Express Repudiation Accrual Rule Set Forth in** *Consumer Health.*

Under the Copyright Act: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). In *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992 (2016), the Seventh Circuit set forth an accrual rule for copyright ownership claims. Specifically, "copyright claims premised on disputes about ownership accrue 'when plain and express repudiation of co-ownership is communicated to the claimant, and are barred three years from the time of repudiation.'" *Consumer Health*, 819 F.3d at 996 (*quoting Seven Arts Filmed Entertainment, Ltd. v. Content Media Corp. PLC,* 733 F.3d 1251, 1254 (9th Cir. 2013)). Here, the District Court erred in finding that there was a "plain and express repudiation" of Frank's co-ownership communicated to Frank.

A. **The District Court Erred in Finding that there was a "Plain and Express Repudiation" of Frank's Copyright Interests.**

Relying upon *Consumer Health*, the District Court held that the Trust's Copyright claims were untimely because Frank's claim accrued when: (1) Frank was told that his father had left everything to the ministry; or (2) when Frank signed a power of attorney for the benefit of his son to recover any "personal and household items" (hereinafter referred to as "2005 POA"). (*See* Dkt. 386 at 24.)[6] This was error as neither of these events satisfy the accrual rule for copyright ownership claims which require a "plain and express repudiation of co-ownership communicated to the claimant". *Consumer Health*, 819 F.3d at 996.

The first event – statements that Dr. Sumrall left everything to the ministry -- make no mention of copyrights, Dr. Sumrall's written works, or Frank's co-ownership of copyrighted works. There cannot be a "plain and express repudiation" of Frank's copyright ownership when the notice does not address ownership of his copyrights or "clearly claim ownership over those copyrights". *Roger Miller Music v. Sony/ATV Publ'g,* 477 F.3d 383, 390 (6th Cir. 2007) (holding that Appellants' ownership claims were not time-barred where audit letter disclosing underpayment of royalties was not a "plain and express

[6] It is presumed that the court is referring to the power of attorney that was signed in January 2005. This Power of Attorney is limited to the recovery of "personal and household items". (Dkt. 358-5.)

repudiation" of ownership because it did not address ownership of the renewal of copyrights and did not "clearly claim ownership over those copyrights"); *see also Gomba Music Inc. v. Avant et al.*, 225 F. Supp. 3d 627, 640-42 (E.D. Michigan 2016) (holding that no one "plainly or expressly repudiated" plaintiff's copyright ownership rights to the album *Cold Fact* even though defendant songwriter sent a notice to plaintiff/publisher stating that he no longer recognized the validity of the songwriter's agreement with publisher) (*citing Roger Miller Music*); *Welles v. Turner Entertainment Co.*, 503 F.3d 728, 734 (9th Cir. 2007) (correspondence between the attorneys for the Estate of Orson Welles and the defendants regarding inclusion of the Citizen Kane screenplay in a "home video collector's edition gift set" was not the plain and express repudiation of copyright ownership that is required to commence statute of limitations on a copyright ownership claim).

Second, it was error for the District Court to rely upon an action by Frank himself, i.e., the signing of the 2005 POA, (Dkt. 386 at 24,) to satisfy the accrual rule set forth in *Consumer Health*. The 2005 POA did not reference copyrights but only "personal and household items", (Dkt. 358-5.) Furthermore, this was an action taken by Frank, not an action by LeSEA. Consequently, it cannot serve as a repudiation by a co-owner of Frank's ownership in his father's copyrighted Works.

## B.  A Co-Owner Must First Discover His Ownership Rights before Repudiation Can Occur.

In cases of repudiation of ownership, the co-owners are both aware of their ownership rights. The accrual rule makes sense because the owners are typically the co-creators or authors of the work. An alleged author is aware of his claim to ownership of the work "from the moment of its creation," *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996), and, therefore, the "express repudiation" of ownership alerts the author to the claim. But where the claimant is not aware of his ownership, an express repudiation has no meaning.[7]

The timeliness of a copyright claim involving a claimant unaware of her ownership rights (rights to copyright renewals) was the subject of the opinion in *Stone v. Williams,* 970 F.2d 1043 (2d Cir. 1992). In *Stone*, Hank Williams's daughter claimed ownership of copyright renewal rights to her father's music. *Id.* at 1046. Her ownership claim was based on her status as an heir rather than being a joint creator. *Id.* Plaintiff argued her status as an heir of Hank Williams was fraudulently concealed from her and that fraud tolled the running of the statute of limitations. *Id.* at 1048. In discussing when plaintiff's

---

[7] In his concurring opinion, Judge Murphy questioned whether the plain and express repudiation test was the right way to think about the start date for statute of limitations. *See Garza v. Everly,* 59 F.4th 876, 885 (6th Cir. 2023) (Murphy, J., concurring) (*citing Everly,* 958 F.3d at 463-68) (Murphy, J., concurring).

cause of action accrued, the court stated, "for plaintiff's cause of action to have accrued – for plaintiff to have known or have had reason to know of her injury – 'knowledge' that Williams, Sr. was her natural father was essential." *Id.* The record revealed plaintiff first learned in 1973 from her adoptive mother of the possibility she might be the daughter of Hank Williams, Sr. *Id.* In 1974, she read a biography that mentioned he may have fathered an illegitimate daughter. *Id.* On October 17, 1979, she acknowledged to a state agency Hank Williams, Sr. might be her natural father. *Id.* It was on that day, October 17, 1979, the court held plaintiff's claim accrued. *Id.*

Similarly, here, it was essential Frank knew he was a beneficiary to his father's Will and, as a result, had ownership rights to Dr. Sumrall's Works. Not only did Stephen and Peter fraudulently conceal Dr. Sumrall's Will, but they falsely represented Dr. Sumrall gave everything to LeSEA, (Dkt. 349-15, Request No. 18; Dkt. 350-1 ¶¶ 4-5; Dkt. 349-8 ¶ 19,) or representing all of Dr. Sumrall's assets were owned by the ministry, (Dkt. 349-15, Request No. 19; Dkt. 350-6 at 10; Dkt. 350-1 ¶ 5; Dkt. 349-8 ¶ 19.) Dr. Sumrall's Will, however, stated otherwise. (Dkt. 349-13.) It was not until the two brothers, Stephen and Frank, ate lunch together in late December 2016, that Frank discovered their father left a Will. (Dk. 350-19 at 32, Deposition of Lester at 128:2-5.) Stephen admitted that this was the first time Frank ever asked Stephen about their father's Will, (Dkt. 349-15, Request No. 20,) and further admitted he had never

discussed the Will with Frank prior to December 2016, (Dkt. 349-15 at 7, Request No. 17.) Frank asked Stephen for a copy of the Will, and Stephen said he would provide it. (Dkt. 350-1 ¶ 8.) However, several weeks went by and Stephen kept claiming he was still looking for it; and then finally stated it was in a locked file at LeSEA. (*Id.* ¶ 9.) Having waited for Stephen to find the Will, but not receiving it, Frank authorized Lester to petition the probate court to open an estate for Dr. Sumrall. The petition was filed on April 3, 2017. (Dkt. 350-9.) In responding to Lester's petition to open the estate, Angela attached a copy of Dr. Sumrall's Will and filed it with the court on April 21, 2017. (Dkt. 350-10.) Three days later, on April 24, 2017, Frank read his father's Will for the first time, (Dkt. 349-8 ¶ 24; Dkt. 350-7 at 51:18-20,) and realized his father had not given everything to LeSEA, but had left him one-third of his estate, (*Id.*) Frank's claim for copyright infringement accrued on that day, April 21, 2017, when the Will was first made public. Frank filed suit, via the Trust, on April 19, 2019, (Dkt. 43,) within two years of his discovery of his ownership rights. Thus, the Trust's copyright claim was timely. [8]

---

[8] The District Court recognized that Frank's health had declined significantly, and his deposition testimony was not reliable. (Dkt. 386 at 10, 18.) At Frank's deposition, Frank testified five times that he never saw his father's Will until April 2017, but he also stated once that he saw the Will in 1996. (Dkt. 363 ¶ 72.) However, several years earlier, on July

## C. There is a Genuine Issue of Material Fact as to Whether Repudiation Occurred.

As explained above, none of the reasons set forth by the District Court establish that LeSEA plainly and expressly repudiated Frank's ownership of Dr. Sumrall's Works. Any other theory of repudiation would present a genuine issue of material fact. *See CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 992 (7th Cir. 2002) (vague concerns or suspicions is not enough to start the running of a statute of limitations); *see also Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008) ("It stands to reason that determining when a reasonable person would have become aware of a copyright infringement is a fact-sensitive enterprise."). Viewing all the evidence in a light favorable to the Trust, a reasonable jury could find Frank did not, nor could he, have known of his ownership rights until April 21, 2017, when the Will was first made public. Consequently, summary judgment was improper.

## D. Equitable Estoppel Tolls the Statute of Limitations.

---

13, 2017, when Frank was still in good health, he had testified at the probate hearing under oath that the first time he saw his father's Will was April 24, 2017. (Dkt. 350-7 at 51:18-20.) His wife also testified that since she's known Frank, from 1993 to the present, she had never heard Frank mention or discuss Dr. Sumrall's Will or any possible inheritance until April 2017. (Dkt. 349-8 ¶¶ 1, 25.)

The District Court did not address the Trust's equitable estoppel argument set forth in its Response to Appellees' Motion for Summary Judgment, in which the Trust argued that Appellees' actions to fraudulently conceal Dr. Sumrall's Will and falsely represent Dr. Sumrall left everything to LeSEA resulted in the estoppel of its rights to assert a statute of limitations defense. (Dkt. 361 at 11-15.) The common law doctrine of equitable estoppel applies to claims under the Copyright Act (*see Taylor v. Meirick*, 712 F.2d 1112, 1118 (7th Cir. 1983)), and comes into play if the defendant takes active steps to prevent the plaintiff from suing in time. *Smith v. Potter*, 445 F.3d 1000, 1010 (7th Cir. 2006). As set forth in *Taylor,* "there is no doubt that the copyright statute of limitations is tolled by fraudulent concealment of the infringement." *See also CSC Holdings*, 309 F.3d at 992-93 ("Statutes of limitations are of course subject to equitable doctrines such as tolling, and the modern tendency is to toll until the plaintiff knew or by reasonable diligence should have known of both the injury and its governing cause."). Finally, although a plaintiff has a duty of diligence, the *Taylor* court noted the "significance of fraudulent concealment (as where price-fixers take steps to conceal their conspiracy from buyers) is it frustrates even diligent inquiry." *Taylor*, 712 F.2d at 1118.

Here, there is no evidence that LeSEA expressly repudiated Frank's co-ownership. To the contrary, LeSEA hid the Will in a locked cabinet, (Dkt. 350 at 6-7, Interrogatory No. 6,) and then secretly changed publishing contracts

from Dr. Sumrall, as author, to LeSEA, as author, (Dkt. 350-16 n.3.) Thus, the District Court erred in not considering the fraudulent concealment in this case and applying the doctrine of equitable estoppel as a defense to the tolling of statute of limitations.

## IV. The District Court Erred in Granting LeSEA's Motion for Summary Judgment as to Count I.

The District Court granted Appellees' Motion for Summary Judgment on the Trust's accounting claim (Count I) by relying upon the same argument made against Count II. (Dkt. 386 at 24.) However, the District Court did not distinguish between the Trust's two claims, one against LeSEA as an infringer (Count II) and the other against LeSEA as a licensee and/or co-owner that owes an accounting to the Trust (Count I). (*Id.*) The two claims should be considered separately for purposes of determining statute of limitations.

A claim for an accounting against a co-owner is not adverse, and therefore the statute of limitations does not begin to run based on an adverse repudiation. *See Gaiman v. McFarlane,* 360 F.3d 644, 654 (7th Cir 2004). Here, by virtue of the Will, Stephen and Peter were co-owners of Dr. Sumrall's Works. Although they may have concealed their ownership by transferring their rights to LeSEA, LeSEA is now a co-owner with Frank. Thus, the express repudiation accrual rule would not apply. The copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have

learned, that the defendant was violating his rights. *Taylor*, 712 F.2d at 1118. That did not occur until April 21, 2017, when the Will was made public. Thus, a dismissal of the Trust's infringement action (Count II), does not necessitate a dismissal of the Trust's claim for an accounting (Count I).

V. **The District Court Erred in Granting LeSEA's Motion for Summary Judgment and Applying the Doctrine of Laches to Bar the Trust's State Court and Common Law Claims Based on a Case Limited to its Facts, where Laches is a Factual Inquiry, and Inapplicable to Claims Governed by a Statute of Limitations.**

The District Court granted LeSEA's Motion for Summary Judgment based on the doctrine of laches. (Dkt. 386 at 27.) A laches analysis is a factual inquiry. *Estate of Darger v. Lerner,* 2023 WL 2664341 (N.D. Ill. 2023). Here, the District Court made factual determinations in its analysis which are more properly decided by a jury. (Dkt. 386 at 16-17.) Nevertheless, laches does not apply in claims that are governed by statutes which contain a limitations period.

The District Court relied upon *Richmond State Hospital v. Brattain,* 961 N.E.2d 1010 (2012) in ruling that laches could apply to claims at law. (Dkt. 386 at 20.) The *Richmond* case, however, is limited to employee claims against the State. 961 N.E.2d at 1013 ("though the statute of limitation in effect at the time a lawsuit is commenced governs an action … the General Assembly has made it clear that Indiana's policy is to adopt temporal limits for employee claims against the State.").

If a case is not barred by the statute of limitations, it is also not barred by laches. *KFC Corp. v. Marion-Kay Co., Inc.,* 620 F. Supp. 1160, 1168 (1985); *Estate of Darger*, 2023 WL 2664341 at *3 (equitable doctrine of laches is not an available defense in cases which are governed by statutes which contain a limitations period); *see also, Lantz v. C.I.R.*, 607 F.3d 479, 483 (7th Cir. 2010) ("laches provides a way of dealing with a statute that specifies no limitations period."); *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 961 (2017) ("Laches is a gap-filling doctrine, and where there is a statute of limitations, there is no gap to fill."). Thus, the statute of limitations govern. Here, the Trust established that the Trust's claims did not accrue until April 21, 2017, (Dkt. 348 at 18-19; Dkt. 361 at 23-26,) and therefore the filing of its Counterclaim on April 19, 2019 was timely. (Dkt. 43.)[9]

### A. The District Court Erred in Denying the Trust's Motion for Partial Summary Judgment.

As a result of the ruling on LeSEA's Motion for Summary Judgment that laches barred the Trust's state and common law claims, the District Court

---

[9] Tortious Interference is governed by a two-year statute of limitations (*Jackson v. McCord,* 2019 WL 10417851, *4 (S.D. Ind. March 29, 2019); fraud and unjust enrichment are governed by six-year statutes of limitations, Ind. Code § 34-1-2-1 (fraud); Ind. Code § 34-11-2-7(4) (unjust enrichment).

never considered the merits of Trust's Motion for Partial Summary Judgment. For the reasons set forth therein, the Trust seeks a reversal of the District Court's denial of its motion for partial summary judgment and remand for consideration.

**B. The District Court Erred in Granting LeSEA's Motion for Summary Judgment because the Traveler Photo was Not a Work Made for Hire Under Restatement § 228.**

The District Court erred when it incorrectly determined that the Traveler Photo was a work made for hire as defined by 17 U.S.C. §101 of the Copyright Act. (*See* Dkt. 387 at 14.) In reaching its holding, the District Court applied the thirteen employment factors ("*Reid* Factors") outlined in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751–52 (1989). (Dkt. 387 at 8.) The *Reid* Factors are properly used to determine employment status, not scope of employment; consequently, summary judgment for LeSEA should be reversed. *See Avtec Systems, Inc. v. Peiffer*, 21 F.3d 568, 572, 574 (4th Cir. 1994) (vacating and remanding where the district court "inject[ed] into the analysis of copyright ownership an element contemplated neither by the Restatement's scope-of-employment test nor by the law of copyright generally").

**C. The District Court Improperly Used the Reid Factors Instead of Restatement § 228 to Evaluate Whether the Traveler Photo was Created within the Scope of Lester's Employment.**

The *Reid* Factors are used to determine whether an individual is an employee—the first part of the analysis under 17 U.S.C. § 101—not whether the work was created within the scope of the employee's employment—the second part of the analysis. *Martin v. City of Indianapolis*, 982 F. Supp. 625, 633 (S.D. Ind. 1997), aff'd, 192 F.3d 608 (7th Cir. 1999); *Reid*, 490 U.S. at 751–52. Whether a work was made within the scope of employment is analyzed using the elements set forth in the Restatement (Second) of Agency § 228. *Kuryakyn Holdings, LLC v. Ciro, LLC*, 242 F. Supp. 3d 789, 803 (W.D. Wis. 2017). The District Court, however, seemingly conflated the distinct analyses between determining whether an individual is an employee and whether a work was made within the scope of the employee's employment, as evidenced by the District Court's use of the *Reid* Factors. (*See* Dkt. 387 at 8 (quoting the thirteen *Reid* Factors), at 9 (stating "several of the *Reid* factors strongly favor a determination that the photos taken on the China trip were works for hire"; "whether it was a work for hire depends on the application of the *Reid* factors to the facts of this case.")) But the *Reid* Factors are distinct from the Restatement § 228 test, and the two serve different purposes—the former is used to determine whether an individual is an employee, and the latter to determine whether a work was made within the scope of that employee's employment. *See Reid*, 490 U.S. at 751-52.

In his brief, Lester argued for the application of the Restatement § 228 factors. (Dkt. 353 at 9-14; Dkt. 373 at 4-7.) However, the District Court rejected Restatement § 228, erroneously concluding that the "substantially within the authorized time and space limits of his employment" language "could [not] be found in any other federal court decision pertaining to the copyright issue of work for hire." (Dkt. 387 at 8.)[10]

Applying the Restatement factors here, there is no dispute that Lester was an employee of LeSEA at the time he took the Traveler Photo, and the District Court agreed. (*See* Dkt. 387 at 9 (stating "there is no question that Lester was a LeSEA employee at the time he took the trip to China with his grandfather"); Dkt. 343 at 6 (LeSEA arguing that Lester was an employee); *contra* Dkt. 10 ¶ 9 (Drew's sworn declaration stating Lester has "never [been] employed by the organization on any level").) Thus, the only question is whether the Traveler Photo was taken within the scope of Lester's employment, to which the answer is no, as explained below.

---

[10] Lester cited *Reid* to support its argument for the use of the Restatement § 228 factors without explaining that *Reid* adopted the Restatement. (Dkt. 353 at 10.) Unfortunately, this misunderstanding led to LeSEA filing a Motion for Sanctions against Lester and his counsel. (Dkt. 393 at 1; Dkt. 394 at 5.) In response to LeSEA's Motion for Sanctions, Lester's counsel provided the District Court with a spreadsheet listing 101 federal cases, including 15 of which involve copyrights, using the Restatement factors. (Dkt. 397-1.)

**D.  Analyzing the Facts Using the Restatement § 228 Elements Demonstrates that the Traveler Photo was Not Taken within the Scope of Lester's Employment.**

Examining the undisputed material facts in the context of Restatement § 228, it is apparent the Traveler Photo was not taken within the scope of Lester's employment and, therefore, is not a work made for hire. "The fact that an employee is in the general employment of the employer does not create an inference that the conduct in question was within the employee's scope of employment." *Martin*, 982 F. Supp. at 633. Rather, a court must analyze the facts within the context of the test outlined in Restatement § 228, which states:

> (1) Conduct of a servant is within the scope of employment if, but only if:
>
>> (a) it is of the kind he is employed to perform;
>>
>> (b) it occurs substantially within the authorized time and space limits;
>>
>> (c) it is actuated, at least in part, by a purpose to serve the master, and
>>
>> (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.[11]

Restatement (Second) Agency of Agency § 228. Here, as explained below, LeSEA cannot satisfy any prong of the Restatement § 228 test.

**1.  Lester was Employed as a Local Associate Pastor and did not Take Photographs as Part of His Pastoral Duties.**

---

[11] Restatement § 228(1)(d) is not discussed as it does not apply to the instant case.

In evaluating the first prong of Restatement § 228, courts look at what the employee was hired to do, i.e., what their job duties and responsibilities entailed. *See Martin*, 982 F. Supp. at 633-34. Lester was employed as an associate pastor, not a photographer. (Dkt. 346-1 ¶ 14; Dkt. 355 ¶ 40.) Lester's job duties included preaching at Church services, hospital visits, serving at the funerals of parishioners, and running the Church food pantry. (Dkt. 346-1 ¶ 15; Dkt. 355 ¶ 42.) Lester did not take photographs as a LeSEA employee, nor was he ever instructed by Dr. Sumrall or anyone else at LeSEA to take photographs. (Dkt. 346-1 ¶¶ 37-38.) There is no evidence in the record that explicitly contradicts this contention. There are no job descriptions or other documents indicating Lester, or any other associate pastor, was responsible for taking photographs.

LeSEA argued generally that Dr. Sumrall would be accompanied by LeSEA employees who understood that it was their responsibility to photographically document the trip," (Dkt. 343 at 6,) and "[t]he employees traveling with Dr. Sumrall would use the ministry's photographic equipment to do so and turn in the photos to LeSEA upon return", (Dkt. 342 ¶ 6.) LeSEA further asserted: "Employees responsible for assisting Dr. Sumrall on his trips were doing work and not on vacation." (*Id.* ¶ 8.) Lester does not dispute any of the above; in fact, he agrees with all of it. The issue, however, is that the China trip was not a LeSEA-sponsored trip, (*see* discussion *infra* Sections V.B-D,) and Lester was

not acting as a LeSEA employee while on the China trip, (Dkt. 346 ¶¶ 31-33, 36, 38, 45.)

No employees responsible for photographic documentation, as described by LeSEA, attended the China trip—it was just Lester, Dr. Sumrall, and two interpreters. (*Id.* ¶ 40.) Lester did not use LeSEA equipment on the China trip. (*Id.* ¶ 23.) Instead, all the photos Lester took on the China trip, including the Traveler Photo, were taken on his personal camera, which he purchased with his own funds. (*Id.*) Lester also paid for and developed the photos from the China trip himself. (*Id.* ¶ 42.)

Lester traveled on many trips with his grandfather, (*Id.* ¶ 6,) and it was common for Lester to take photos on those trips, (Dkt. 346 ¶ 28.) LeSEA did not ask Lester for his photos upon his return from China. (*Id.* ¶ 49.) The only time LeSEA asked Lester for photos was when LeSEA was putting together a Memorial Edition in honor of Dr. Sumrall after his passing. (*Id.* ¶ 51.) If Lester really was responsible for taking photos in the manner described by LeSEA, he would have been required to use LeSEA equipment and turn in his photos upon returning from each trip, neither of which was the case.

Here, LeSEA and the District Court wholly ignore the fact that Lester had been traveling with his grandfather since he was a child. (*Id.* ¶ 4.) At just eight years old, Lester began accompanying Dr. Sumrall on his evangelistic trips, both domestic and abroad. (*Id.* ¶ 5.) On these trips, Lester was never required

52

to perform any official job duties; instead, Lester accompanied his grandfather as a travel companion. (*Id*.) Despite this background and the plethora of facts indicating otherwise, LeSEA erroneously claims Lester attended the China trip and took the Traveler Photo in his capacity as an employee. (*See* Dkt. 343 at 5-7.)

The District Court and LeSEA took particular issue with Lester's LinkedIn profile, (*see* Dkt. 387 at 9; Dkt. 343 at 6,) which stated he was an assistant to Dr. Sumrall between 1993 and 1996, (Dkt. 360-1 at 53,) and that, as part of Lester's employment, he "[t]raveled nationally as well as internationally to promote the various aspects of LeSEA, Inc. and their ministry efforts", (*id*,) and he "[a]ssisted in the creation of promotional videos as a way to market [LeSEA's] relief work in order to gain additional contributions", (*id*.) However, there is no evidence that Lester performed any of the duties described on the LinkedIn page on the China trip. There is no evidence that videos were taken or donations solicited. (Dkt. 346-1 ¶ 39.) Furthermore, as Lester described in his deposition, the LinkedIn description referenced Lester's participation as a guest on the World Harvest television program. (Dkt. 350-19 at 8, Deposition of Lester at 29:1-8.) Despite the District Court's and LeSEA's heavy reliance on Lester's LinkedIn profile, it is consistent with Lester's position. Notably, it does not make any mention of taking photographs, the very activity at issue in this case.

It is evident that Lester's normal course of work for LeSEA as an associate pastor did not include taking photographs. Thus, the Traveler Photo taken on the China trip was not a work for hire, and the first element of Restatement § 228 is not met.

### 2. The Traveler Photo was Not Taken Substantially within the Authorized Time and Space Limits of Lester's Employment.

The Traveler Photo was not taken substantially within the authorized time and space limits of Lester's employment. The "space" limits refer to the physical geographical limitations of the employee's employment duties. *See e.g., Allard v. Eisenhauer*, 971 F. Supp. 2d 458, 466 (D.N.J. 2013) (evaluating whether an employee's commute between two work locations was within the spatial limits of her employment in the context of Restatement § 228).

Lester's work as an associate pastor was confined to South Bend, Indiana, where LeSEA was located and headquartered. (Dkt. 346-1 ¶ 14.) Associate pastors did not travel internationally, (*id.* ¶ 26;) there is no evidence in the record indicating otherwise.

All the trips abroad Lester took with his grandfather were in a familial capacity as his grandson and travel companion, not as an associate pastor for LeSEA. This is evident by the fact that Lester started taking these trips when he was 8 years old, well before he was hired as an associate pastor. (Dkt. 346 ¶ 13.)

Notwithstanding the fact that China was well outside of the spatial limitations of Lester's employment duties, the nature of the China trip clearly indicates that it was a private trip unrelated to his employment. The China trip was not funded by LeSEA. (Dkt. 346-1 ¶ 39.) Dr. Sumrall personally invited Lester on the China trip to "meet the underground, persecuted Church," (*id.* ¶ 26,) to "experience China, just as [Dr. Sumrall] had in 1936," (*id.* ¶ 27.) Additionally, Dr. Sumrall personally paid for Lester's plane ticket. (*Id.* ¶ 28.)

Lester and Dr. Sumrall did not have their normal housing accommodations. (*Id.* ¶ 39.) There were no donations sought on this trip. (*Id.* ¶ 39.) There were no other LeSEA employees on this trip. (*Id.* ¶ 40.) LeSEA failed to raise any genuine issue of material fact as to any of the aforementioned facts.

### 3. The Traveler Photo was Not Actuated, in Any Part, to Serve Dr. Sumrall or LeSEA.

The analysis for the third prong of Restatement § 228 "must be directed, not at the alleged beneficial effect on [the employer], but at the motivation of [the employee]. The state of mind of the employee is the material determination; the court may consider the employee's actions or other manifestations only as evidence of the employee's state of mind." *Martin*, 982 F.Supp. at 634; *see Kuryakyn*, 242 F. Supp. 3d at 804 (*citing Martin*).

Here, there is no evidence in the record indicating Lester took the Traveler Photo to serve LeSEA. Nor is there evidence indicating that Lester intended to serve LeSEA while on the China trip. There is, however, evidence to the contrary: perhaps the strongest evidence indicating Lester did not take the Traveler Photo to serve LeSEA is that he did not turn over the China photos to LeSEA upon his return, (Dkt. 346-1 ¶¶ 3,) as LeSEA stated was customary for employees responsible for taking photos, (Dkt. 342 at 6.) If Lester had taken the China photos to serve LeSEA, surely Lester would have turned them over to LeSEA, but that was not the case. Instead, Lester kept the China photos to himself. (Dkt. 346 ¶¶ 48-49.) Only for a special occasion did Lester allow his photographs to be used, and he decided which photographs could be used. (Dkt. 346-1 ¶ 45.)

Photography was a hobby and passion of Lester's, and he has taken thousands of photos of his personal trips with his grandfather on his personal camera. (*Id.* ¶ 21.) Lester believed that taking photographs on these trips with Dr. Sumrall was a great way to "continue [Lester's] family tradition of documenting [his family's] life experiences through the art of photography." (*Id.* ¶ 21.) Thus, while there is ample evidence Lester took the Traveler Photo out of his interest in photography, there is no evidence at all indicating Lester took the Traveler Photo to serve LeSEA.

In sum, the District Court erred by using the incorrect law in evaluating whether the Traveler Photo was created within the scope of Lester's employment. Applying the undisputed material facts to the Restatement §228 elements, LeSEA cannot satisfy any of the three prongs to establish that the Traveler Photo was created within the scope of Lester's employment. Therefore, the Traveler Photo is not a work made for hire. LeSEA does not own the copyright, and the District Court's Order granting LeSEA's Motion for Summary Judgment should be reversed.

## VI. The District Court Erred in Denying Lester's Motion for Summary Judgment because there are No Material Facts in Dispute that would Preclude Summary Judgment for Lester's Claim for Copyright Infringement.

To prevail on a claim for copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Lester satisfied both elements.

### A. Lester Owns the Copyright to the Traveler Photo because He Took the Photograph.

Lester owns the copyright to the Traveler Photo because he created it, and it is not a work made for hire. Regarding the first element of the *Feist* test, copyright ownership "vests initially in the author . . . of the work." 17 U.S.C. § 201(a). Generally, "the author is the party who actually creates the work." *Reid*, 490 U.S. at 737 (*citing* 17 U.S.C. § 102). The Copyright Act gives the

copyright owner exclusive rights to produce a copyrighted work and distribute copies of the same. 17 U.S.C. § 106.

Lester created the Traveler Photo by taking it on his personal camera while on a trip to China with his grandfather, (Dkt. 346-1 ¶ 35,) and LeSEA has failed to provide any evidence to the contrary. Because it was not a work made for hire, (*see* discussion *supra* Section V.B,) Lester owns the copyright to the Traveler Photo, and the first element of the *Feist* test is satisfied.

Additionally, Lester possesses a valid copyright registration certificate for the Traveler Photo. (Dkt. 346-1 ¶ 54; Dkt. 346-9.) LeSEA contends that Lester's copyright registration should not be presumed valid because of the lapse in time between when he took the Traveler Photo and when he registered for its copyright. (Dkt. 343 at 7-9.) While it is true Lester registered the Traveler Photo on December 30, 2017, (Dkt. 346 ¶ 61,) that does not make his claim as the author and owner of the Traveler Photo any less valid; rather, after the five-year window of when the work was first published, "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court". 17 U.S.C. § 410(c).

Lester had no reason to suspect that LeSEA would improperly copy his photos when he allowed three specific photos—that did not include the Traveler Photo—to be used for the Memorial Edition. (Dkt. 346-8 at 15, 17.) As soon as Lester realized LeSEA had copied his photo, he protected it by

registering it with the copyright office. (Dkt. 346-1 ¶ 54.) It simply is not common practice to register all personal photographs. There are no facts to dispute Lester's authorship of the Traveler Photo.

Thus, Lester owns the copyright to the Traveler Photo because he has a valid copyright registration; additionally, or in the alternative, Lester was the author of the Traveler Photo and, it is not a work made for hire.

**B.   LeSEA Infringed Lester's Copyright by Copying the Traveler Photo.**

Each LeSEA entity copied the Traveler Photo without Lester's permission and used it for a commercial purpose, infringing Lester's copyright. While there is some dispute as to how LeSEA became in possession of the Traveler Photo, that dispute is immaterial because there is no genuine dispute that Lester took the Traveler Photo, that Lester owns the copyright, and that LeSEA copied the Traveler Photo. Accordingly, the dispute regarding possession is immaterial to the satisfaction of the *Feist* test.

Furthermore, the photo used by LeSEA was an identical copy of the Traveler Photo taken by Lester. (Dkt. 355-24 ¶ 24.) In fact, LeSEA admits that it used the Traveler Photo on several occasions. (Dkt. 342 ¶¶ 15-17, 19.) The only issue raised by LeSEA regarding the second element of the *Feist* test is that FTH never used the Traveler Photo. (Dkt. 343 at 9.) However, Lester presented evidence that FTH did use the Traveler Photo.

FTH was originally a division of LeSEA but was separately incorporated on January 22, 2003. (Dkt. 342 ¶ 3.) Sometime between February 2003 and December 2004, FTH used the Traveler Photo by sending signed copies of it to donors in exchange for a donation of $5,000 or more. (Dkt. 355-28 ¶ 4; Dkt. 355-30 ¶ 4.) The only evidence LeSEA asserted to rebut the preceding contention is Stefan Radelich's Second Declaration. (Dkt. 370-1 ¶¶ 7-13.) While the Court may conclude that there is a genuine issue of material fact regarding FTH, there is no dispute that LeSEA and FBC copied and profited from the Traveler Photo. Thus, summary judgment should be entered against the latter entities, and, at a minimum, the case must proceed against FTH.

In sum, the District Court erred by not granting Lester's Motion for Summary Judgment against LeSEA and FBC because Lester satisfied the standards under Fed. R. Civ. P. 56, and there are no disputed material facts that preclude summary judgment in his favor for his copyright infringement claim. Regarding FTH, the Court should remand for consideration of unauthorized use and damages.

## CONCLUSION

The Court should grant relief as requested above.


December 15, 2023                    Respectfully submitted,

                                     /s/ Channing B. Hesse

Channing B. Hesse
    Counsel for Appellants
    GROGAN HESSE & UDITSKY, P.C.
    2 Mid America Plaza, Ste. 110
    Oak Brook Terrace, IL 60181
    (630) 833-5533
    chesse@ghulaw.com

*Counsel for Lester Sumrall and*
*The Lester Sumrall Family Trust*

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(a)(7)(C)(i), the undersigned hereby certifies that:

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 13,713 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Cir. R. 32(b) and the type style requirements for Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 13 point Century Schoolbook typeface for text and 11 point Century Schoolbook typeface for footnotes.

> */s/ Channing Blair Hesse*
> *Attorney for Defendant/Counter*
> *Plaintiff/Third-Party-*
> *Appellants*
>
> Lester Sumrall and The Lester
> Sumrall Family Trust
>
> Dated: December 15, 2023

## Certificate of Service

I hereby certify that on December 15, 2023, the Brief and Short

Appendix of Defendant/Counter Plaintiff/Third-Party- Appellants

was filed with the Clerk of the court for the United States Court of

Appeals for the Seventh Circuit by using the appellate CM/ECF

system. I certify that all participants in the case are registered

CM/ECF users and that service will be accomplished by the

appellate CM/ECF system.

*/s/ Channing Blair Hesse*
*Attorney for Defendant/Counter*
*Plaintiff/Third-Party-*
*Appellants*

Lester Sumrall and The Lester
Sumrall Family Trust

Dated: December 15, 2023

## Circuit Rule 30(d) Statement

Pursuant to Circuit Rule 30(d), counsel certifies that all
materials required by Circuit Rule 30(a) and (b) are included in the
Appendix.

*/s/ Channing Blair Hesse*
*Attorney for Defendant/Counter*
*Plaintiff/Third-Party- Appellants*

Lester Sumrall and The Lester
Sumrall Family Trust

Dated: December 15, 2023

# APPENDIX

## Table of Contents to Appendix

Opinion and Order, Docket No. 271, entered 10/21/2021 .............................Appx 001

Opinion and Order, Docket No. 316, entered 3/29/2022 ................................Appx 009

Opinion and Order, Docket No. 386, entered 8/22/2023 ...............................Appx 013

Opinion and Order, Docket No. 387, entered 8/22/23 ...................................Appx 041

Transcript of Status Conference .......................................................Appx 060

Docket Sheet of Case No. 3:18-CV-914-PPS/MGG ..........................................Appx 097

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY INC,

Plaintiffs,

v.

No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC., LESEA BROADCASTING
OF INDIANAPOLIS, INC., LESEA
BROADCASTING OF TULSA, INC., LESEA
BROADCASTING OF HAWAII, INC., LESEA
BROADCASTING OF ST. CROIX, INC., WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

FRANK LESTER SUMRALL,

Appx 001

Intervenor-Plaintiff,

v.

LESTER SUMRALL, Individually and
in his capacity as Trustee of
THE LESTER SUMRALL FAMILY TRUST,

Defendant.

## OPINION AND ORDER

As previous opinions have explained, this case pits various family members
against one another over control of the LeSEA Christian broadcasting empire that is the
legacy of Dr. Lester Sumrall, the family's patriarch, a preacher and evangelist who died
in 1996. This vehement and voluminous litigation is again before me on the latest of the
LeSEA plaintiffs' efforts to chip away at the many counterclaims against them. LeSEA's
motion for partial judgment on the pleadings challenges three different counts of the
Second Amended Counterclaim of Lester Sumrall and the Lester Sumrall Family Trust
of which he is Trustee.

### Right of Publicity Claim in Count III

Count III is a claim of violation of founder Dr. Sumrall's rights of publicity under
the governing Indiana statute, I.C. §32-36-1 *et seq*. Indiana law defines the "right of
publicity" as "a personality's property interest in the personality's" name, voice,
signature, photograph, image, likeness, distinctive appearance, gestures, or
mannerisms. I.C. §32-36-1-7(1)-(9). LeSEA argues that the "rights and remedies set
forth in the Publicity Statute 'may be exercised and enforced by a person who possesses

2

a total of *not less than one-half (1/2) interest of the personality's recognized rights.*" [DE 227 at 3, quoting §32-36-1-1-18(a) (emphasis added).] The Trust claims an assignment of the interests and claims that accrued to one of Dr. Sumrall's three sons upon his death, namely Frank Sumrall, the father of counterclaim plaintiff and Trustee Lester. On the ground that the Trust asserts control over only Frank Sumrall's one-third joint ownership of Dr. Sumrall's intellectual property, including his publicity rights, LeSEA contends that the Right of Publicity claim fails on its face. [DE 227 at 4.]

The Trust responds that its claim is that Frank owns 100% of Dr. Sumrall's Right of Publicity, citing DE 170 at ¶90. The allegation the Trust points to is that "[b]ecause Counterclaim Defendants, and/or their predecessors, forfeited any right in and to Dr. Sumrall's Works, Frank Sumrall is the rightful full owner of Dr. Sumrall's Works." [*Id.*] The forfeiture allegedly resulted from the commission of fraud by the Counterclaim Defendants and/or their predecessors "with respect to ownership of Dr. Sumrall's works." [*Id.* at ¶89.]

But LeSEA points out in reply that the Trust's glib opposition misconstrues the Second Amended Counterclaim's own careful definitions of relevant terms. The pleading defines "Dr. Sumrall's Works" collectively as his "numerous notes, manuscripts, sermons, and books, as well as many other original works, including, but not limited to, audio and visual recordings, images, curriculum, articles, motion pictures, and similar works." [*Id.* at ¶26.] The counterclaim further defines "Dr. Sumrall's IP" as consisting of his "Works and right of publicity." [*Id.* at ¶ 33.] "IP"

3

presumably refers to "intellectual property" though the pleading does not explain this. Consideration of how these terms have been defined in the Second Amended Counterclaim leads to the conclusion that "Dr. Sumrall's Works" does *not* include his Right of Publicity, because the latter is not included in the itemized definition of the former and because the two are listed separately as making up "Dr. Sumrall's IP."

Besides citing to the pleading's allegation that Counterclaim Defendants forfeited any right in and to Dr. Sumrall's Works as the result of fraud, The Trust argues in opposition that Frank's two brothers, Steven and Peter, "disclaimed their inheritance" and that as a result Frank received 100% of their father's estate. [DE 29 at 4.] But this theory of disclaimer and relinquishment is not set out in the Trust's Second Amended Complaint, and cannot defeat a motion for judgment on the pleadings. *See, e.g., Wagner v. Teva Pharm. USA, Inc.*, 840 F.3d 355, 359 (7th Cir. 2016).

On its face and in light of its own definitions of key terms, the Second Amended Counterclaim does not allege that the Trust possesses at least a 50% interest in patriarch Dr. Sumrall's rights of publicity, as required by the Indiana statute. Having determined that the Right of Publicity claim fails based on this analysis, I do not consider the Counterclaim Defendants' alternative arguments that various statutory exceptions defeat portions of the Trust's Right of Publicity claim. Judgment on the pleadings will be granted to the Counterclaim Defendants on Count III of the Second Amended Counterclaim. Because the counterclaim has already been pleaded three times and any

4

deadline limiting the amendment of pleadings has long since passed, the dismissal of Count III will be with prejudice.

### Conversion and Theft Claims – Counts VI and VII

The Counterclaim Defendants next challenge the Trust's standing to bring claims under the Indiana Crime Victims Relief Act, I.C. §34-24-3-1, which their motion suggests is the statutory support for the theft claim in Count VII of the Second Amended Counterclaim, and the conversion claim in Count VI.[1] [DE 227 at 9.] As relevant here, the CVRA authorizes a civil action for recovery of specified remedies for pecuniary losses from various crimes against property, including conversion and theft. The Trust's authority to assert claims based on Frank's rights in Dr. Sumrall's estate is based on an assignment:

> On or about February 20, 2018, Frank assigned to The Lester Sumrall Family Trust (the "Trust") all of Frank's right, title, and interest in and to Dr. Sumrall's Likeness and Dr. Sumrall's Works, by way of an Assignment of Rights. Frank further assigned to the Trust all of Frank's rights in and to any claims and defenses in connection with Dr. Sumrall's likeness and Dr. Sumrall's Works.

[DE 170 at ¶74.] Citing decisions of the Indiana Court of Appeals and of this court, the Counterclaim Defendants contend that claims under the CVRA are not assignable. [DE 227 at 9.]

---

[1] The motion challenges the claims "for theft and conversion," and later refers to "Counts V and VI." But in the Second Amended Counterclaim, the theft claim is in Count VII and the conversion claim in Count VI.

5

Before delving further into this assignability question, I must address the scope of the debate. Rather than claims "under" the CVRA, Counts VI and VII of the Second Amended Counterclaim are pled as straightforward tort claims for conversion and theft, respectively. The relevance of the CVRA arises indirectly, from the references in ¶¶133 and 137 to treble damages, which are potentially available if the CVRA applies. There is no explicit reference in ¶¶128-137 to the CVRA, but in response to the motion, Lester and the Trust do not dispute their interest in CVRA remedies.

The potential application of the CVRA does not displace traditional tort causes of action. "[W]hen a plaintiff pleads several alternative grounds for relief, the trial court has...discretion not to impose CVRA liability at all, even when it awards compensatory damages under a different theory." *Wysocki v. Johnson*, 18 N.E.3d 600, 601 (Ind. 2014). As in *Wysocki*, the pleading of Counts VI and VII is "open-ended," encompassing "multiple alternative theories of liability" by invoking traditional tort theories as well as seeking remedies allowed under the CVRA. *Id.* at 605. This gives "the trial court a choice between an intentional tort and the quasi-criminal CVRA" and "discretion to choose tort liability and reject quasi-criminal liability." *Id.* So I construe the arguments made in the current motion to be a challenge not to the conversion and theft claims in Counts VI and VII in their entirety, but merely to the potential for treble damages that are available under the CVRA.

Now back to the question of assignability. In 2012, I held in *Lyons v. Durham*, No. 1:09-CV-348, 2012 WL 39150458, at *21 (N.D.Ind. Sept. 7, 2012), that a claim under the

6

CVRA "is not assignable under Indiana Law," citing *Hart Conversions, Inc. v. Pyramid Seating Co.*, 658 N.E.2d 129, 131 (Ind. Ct.App. 1995). I noted that in *Hart*, the Indiana Court of Appeals "held that a prior version of the Crime Victims Relief Act was a 'punitive statute intended to deter the wrongdoer and others from engaging in similar future conduct' and that claims under the statute were not assignable." [*Lyons*, 2012 WL 39150458, at *21, quoting *Hart*, 658 N.E.2d at 131.]

On close examination, *Hart* holds that what cannot be assigned is "the right to collect a penalty," meaning the treble damages authorized by the CVRA over and above actual damages. *Hart*, 658 N.E.2d at 131. That reading appears to be supported by the Indiana Court of Appeals more recently in *JPMCC 2006-CIBC14 Eads Parkway, LLC v. DBL Axel, LLC*, 977 N.E.2d 354 (Ind.Ct.App. 2012). There the court notes that the Indiana Supreme Court has held that a tort claim is assignable "if it arises out of injuries to personal property" (citing *Midtown Chiropractic v. Ill. Farmers Ins. Co.*, 847 N.E.2d 942, 945 (Ind. 2006)), and also (citing *Hart*, 658 N.E.2d at 131) that "[t]he general rule is that the right to collect a penalty is a personal right that is not assignable." *JPMCC*, 977 N.E.2d at 366. On the basis of these cases, I conclude that any prayer for treble damages based on the CVRA could not be successfully assigned to the Trust, and that such relief is not available under Counts VI and VII of the counterclaim.

The Trust's arguments in opposition are not persuasive. The amendment of the CVRA since the *Hart* and *Lyons* decisions does not impact the assignability analysis, which was never based on an express limitation in the statutory language. And I.C.

7

Appx 007

§35-50-5-3, the unrelated Indiana Code provision on restitution to the victim of crime cited by the Trust, is not shown to alter the civil remedies provided for in the CVRA. Applying *Hart* as I previously did in *Lyons*, I conclude that the penalty remedies under the CVRA for theft and conversion claims could not be assigned by Frank to the Trust. The motion will be granted as to CVRA penalties for the conversion and theft claims in Counts VI and VII.

ACCORDINGLY:

The LeSEA plaintiffs' Motion for Partial Judgment on the Pleadings [DE 226] is GRANTED as follows.

Count III of the Second Amended Counterclaim is DISMISSED WITH PREJUDICE.

On Counts VI and VII of the Second Amended Counterclaim, prayers for relief in the form of penalties available under the Indiana Crime Victims Rights Act are DISMISSED WITH PREJUDICE.

SO ORDERED this 21st day of October, 2021.

/s/ Philip P. Simon
United States District Judge

8

Appx 008

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY INC,

Plaintiffs,

v.

No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC., LESEA BROADCASTING
OF INDIANAPOLIS, INC., LESEA
BROADCASTING OF TULSA, INC., LESEA
BROADCASTING OF HAWAII, INC., LESEA
BROADCASTING OF ST. CROIX, INC., WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

FRANK LESTER SUMRALL,

Intervenor-Plaintiff,

Appx 009

v.

LESTER SUMRALL, Individually and
in his capacity as Trustee of
THE LESTER SUMRALL FAMILY TRUST,

     Defendant.

## OPINION AND ORDER

On October 21, 2021, I granted the LeSEA plaintiffs' Motion for Partial Judgment
on the Pleadings. [DE 271]. That ruling included the dismissal with prejudice of Count
III of the Lester Sumrall Family Trust's Second Amended Counterclaim. [*Id.* at 8.]
Count III was a claim that the LeSEA plaintiffs had violated the rights of publicity of
founder Dr. Lester Sumrall. But "[o]n its face and in light of its own definitions of key
terms, the Second Amended Counterclaim does not allege that the Trust possesses at
least a 50% interest in patriarch Dr. Sumrall's rights of publicity, as required by the
Indiana statute." [*Id.* at 4.] On November 16, the Trust moved for reconsideration of
that ruling under Fed.R.Civ.P. 60(b) to the extent of reinstating its claim for an
accounting under the right of publicity statute. [DE 280.] I denied that motion at a
hearing held February 24, 2022 on the Trust's motion for a preliminary injunction. [DE
307.] Related to these rulings, the Trust has filed a "Motion to Open the Proofs and
Supplement the Record with Respect to Counterclaim Defendant's Judgment on the
Pleadings." [DE 309.]

The motion is a puzzling one. Its introductory paragraph refers to
supplementing the record "with newly discovered evidence," and the Trust goes on to

2

## Appx 010

identify three pieces of evidence: an assignment from Stephen Sumrall, an assignment signed by Peter Sumrall, and deposition testimony by Angela Grabowski as the personal representative of Peter Sumrall's estate. [DE 309 at 2.] But what is the point of seeking to add these matters to the record at this stage? The motions have been ruled on, based on a record that did not contain this evidence. In the final sentence of the very brief motion, the Trust says it wants to add the material to the record "for purposes of any appeal." [DE 09 at 3.] But to what end? On any appeal, my rulings would be reviewed based on the record as it was before me when I made my decision.

I share the views of LeSEA, Inc. as expressed in its Objection to the Trust's motion:

> It is unclear what procedural mechanism or mechanisms the Trust is invoking, and the Trust cites no applicable rule or caselaw to support its request. The Motion seems to simultaneously be a request under Rule 60(b) for relief from a judgment based upon newly discovered evidence (but without actually asking this court to grant any relief from any of its applicable orders) and yet another request to amend its pleadings--this time to argue that LeSEA (as opposed to all of [the] named counter-parties) owns a 2/3 interest in Dr. Sumrall's publicity rights.

[DE 312 at 2-3.] LeSEA felt compelled to respond on the merits to the Trust's suggestion that the "new" evidence would alter the right of publicity analysis, despite the fact that the motion does not ask for reconsideration of the disposition of Count III. But LeSEA points out that the Trust had all three pieces of evidence prior to my ruling on its Rule 60(b) motion.[1] [DE 312 at 4.]

---

[1] The Trust in its reply suggests to the contrary, but in doing so appears to confuse the timing of the denial of the motion to reconsider on February 24. [DE 314 at 2.]

3

I perceive no basis, legal or even simply logical, to expand the record after the fact for purposes of a possible appeal. The record is already preserved to reflect what it contained as of the time of each of my rulings. The Trust's "Motion to Open the Proofs" does not properly request or identify a basis for reconsideration of the ruling on LeSEA's Motion for Partial Judgment on the Pleadings, and I will not undertake such a reconsideration. In the final sentence of its reply, the Trust asks in the alternative that I consider its newly proffered exhibits and argument as a second motion to reconsider. That request is a textbook example of "too little, too late" and is rejected.

**ACCORDINGLY:**

Counterclaim Plaintiff The Lester Sumrall Family Trust's Motion to Open the Proofs and Supplement the Record [DE 309] is DENIED.

**SO ORDERED.**

**ENTERED: March 29, 2022.**

/s/ **Philip P. Simon**
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**

4

Appx 012

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY Inc.,

Plaintiffs,

v.                                                          No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

---

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC.,  LESEA BROADCASTING
OF INDIANAPOLIS, INC.,  LESEA
BROADCASTING OF TULSA, INC.,  LESEA
BROADCASTING OF HAWAII, INC.,  LESEA
BROADCASTING OF ST. CROIX, INC.,  WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

---

## OPINION AND ORDER

Dr. Lester Frank Sumrall was a Christian missionary, evangelist, pastor and author who died in 1996 after decades of far-reaching and successful ministry, during which he produced many dozens of publications and broadcasts. At the time of his death, Dr. Sumrall was a widower and the father of three children — Frank, Stephen and Peter, each of whom had children of their own ("the grandchildren"). This litigation coming more than 20 years after Dr. Sumrall's passing results from disputes among the grandchildren concerning ownership and control of Dr. Sumrall's assets and legacy. That legacy takes the form of three non-profit entities spawned from Dr. Sumrall's founding of the Lester Sumrall Evangelistic Association or "LeSEA." These three entities, the original plaintiffs in this action, are LeSEA, Inc., Family Broadcasting Corporation, and LeSEA Global Feed the Hungry, Inc. After nearly five years of litigation, what remains are certain claims asserted by Dr. Sumrall's oldest grandson Lester Sumrall, acting on his own behalf or as trustee of a trust representing the interests of his father, Frank. (To avoid confusion, I will refer to the grandson as "Lester" to differentiate him from his grandfather of the same name).

To say the least, this case has a tortured history. The original lawsuit brought by the LeSEA entities under the Lanham Act and on numerous other claims settled with the entry of a permanent injunction. [DE 331, 332, 334.] What remained were a slew of counterclaims filed by Lester and the Trust and which are set out in the Second Amended Counterclaim. [DE 170.] In an effort to clearly delineate what claims were still

2

active, on January 17, 2023 I issued an order [DE 334] setting forth the claims that I

believed were still pending. No one objected to my order clarifying the third-party

claims and counterclaims. Here they are, in summary:

- Count I for an Accounting for Use of Dr. Sumrall's Works, brought by the Trust against the counterclaim defendants LeSEA, Inc., Family Broadcasting Corporation, and LeSEA Global Feed the Hungry, Inc., and the individual third-party defendants Stephen P. Sumrall (Lester's uncle) and David M. Sumrall, Angela Grabowski, Andrew J. Sumrall, and Adam Sumrall (all of whom are Lester's cousins).

- Count II for Copyright Infringement , by the Trust against the counterclaim defendants.

- Count IV for Tortious Interference with Expectancy, by the Trust against the counterclaim defendants and the individual third-party defendants.

- Count V for Unjust Enrichment, by the Trust against the counterclaim defendants and the individual third-party defendants.

- Count VIII for Common Law Fraud, by the Trust against the third-party defendants.

- Count X for Copyright Infringement, brought by Lester Sumrall against the counterclaim defendants.

Now before me are four motions for summary judgment challenging these

remaining claims. This opinion will address the two motions which concern the five

claims brought by the Trust that represents the interests of Frank Sumrall. For

simplicity's sake and unless specificity requires otherwise, I will use the generic

"LeSEA" to describe collectively the three related entities — LeSEA, Inc., Family

3

Broadcasting Corporation and LeSEA Global Feed the Hungry, Inc. Unless clarified in context, the term will also encompass the individual third-party defendants.

LeSEA seeks judgment as a matter of law on the five remaining counterclaims the Trust has against them, namely Counts I, II, IV, V and VIII. This opinion will also address the Trust's affirmative motion for partial summary judgment seeking to knock out LeSEA's statute of limitations defense to Count IV, the claim for tortious interference with expectancy. To be addressed in a separate opinion are two other motions concerning Lester Sumrall's individual copyright infringement claim (Count X) relating to what is called the "Traveler" photograph.

## Undisputed Facts

In 1957, Dr. Lester Sumrall, a Christian missionary, founded LeSEA, Inc., formerly known as the Lester Sumrall Evangelistic Association, Inc. [DE 362 at ¶1.] As set forth in LeSEA's Articles of Incorporation, signed by Dr. Sumrall, LeSEA's purpose was to "teach and propagate the Holy Bible and Christian Worship" by, among other things, "publish[ing] all types of Christian literature for sale, subscription and for free distribution, all profits to revert to [LeSEA]." [Id. at ¶2; DE 337-2 at 2-3.] Until his death in 1996, Dr. Sumrall authored numerous written works ("the Works"). [DE 362 at ¶3.]

Dr. Sumrall wrote in his office on LeSEA's premises and in a parsonage owned by LeSEA. He also wrote during his extensive travels for missionary and charitable purposes, and was seen writing book ideas on napkins, when traveling in cars, and while staying in hotel rooms around the world. [DE 362 at ¶4; DE 369 at ¶151.]

4

Under some publishing agreements, Dr. Sumrall directed the publishers to register the copyright in the subject work to LeSEA and to pay royalties to LeSEA. [DE 362 at ¶6.] Under other agreements, Dr. Sumrall directed that the publisher pay all royalties to LeSEA but was either silent with respect to copyright registration instructions or specified personal ownership. [*Id.* at ¶7.] Still other publishing agreements included instructions that royalties be paid to Dr. Sumrall and that the publisher file copyright applications in Dr. Sumrall's name or were silent on the point. [*Id.* at ¶8.] Works that were not subject to publishing agreements were published by LeSEA's in-house publishing division under Dr. Sumrall's direction, and corresponding copyrights were sometimes registered to LeSEA, sometimes registered to Dr. Sumrall, and sometimes not registered at all. [*Id.* at ¶9.] LeSEA also published books by many other authors. [DE 369 at ¶109.]

Of the Works at issue in this matter, 23 were registered with the United States Copyright Office to LeSEA. [DE 362 at ¶10.][1] Another 45 Works were registered personally to Dr. Sumrall, although the registrations of two of those Works have expired. [*Id.* at ¶¶11, 12.] The remaining Works, more than 250 in number (as identified by the Trust in Exhibit A to its Second Amended Counterclaim) are unregistered. [*Id.* at ¶14; DE 170 at ¶26; DE 170-1.]

---

[1] While the Trust admits LeSEA's assertion that this number is 23, LeSEA also agrees with the Trust's separate assertion elsewhere that LeSEA is listed as the copyright claimant on 24 copyright registrations. [DE 369 at ¶96.] The inconsistency is not critical for present purposes.

5

Dr. Sumrall and LeSEA did not have a signed employment agreement or a work-for-hire agreement. [DE 369 at ¶99.] On his tax returns from 1969 to 1993, Dr. Sumrall identified himself as a 1099 sole proprietor and/or independent contractor for tax purposes. [DE 369 at ¶100.]

Some publishing agreements executed by Dr. Sumrall directed royalties to be paid to him personally, but later contracts for the same titles executed after Dr. Sumrall's death directed royalties to be paid to LeSEA. [DE 369 at ¶80; .DE 363-7.] No undisputed evidence has been presented to establish that LeSEA received 100% of the royalties for Dr. Sumrall's publications, regardless of the instructions in the publishing contracts. What the evidence does establish is that even if a publishing contract provided that royalties would be paid to Dr. Sumrall, the publisher at times would send a royalty check made payable to LeSEA. [DE 337-3, DE 337-4.] There is also evidence that, when he received a royalty check payable to him personally, Dr. Sumrall would sometimes opt to endorse the check over to one of his ministries. [DE 364-16.] But there is also evidence that Dr. Sumrall's personal secretary would sometimes take royalty checks to Dr. Sumrall's bank for deposit into his personal account. [DE 364-15 at 12-13.] Dr. Sumrall preached that he gave all of his assets to the ministry and owned nothing, applying all royalty checks he received to feed the hungry. [DE 362 at ¶19.]

Dr. Sumrall purchased his home but then donated it to LeSEA and continued to live in it as a parsonage. [DE 369 at ¶159; DE 362 at ¶20.] LeSEA owned the automobile Dr. Sumrall drove. [DE 362 at ¶20.] For a time, Dr. Sumrall was paid a salary, but for at least the last 10 years of his life he did not receive a salary but was given the proceeds of

6

free will or "love" offerings collected at LeSEA's Christian Center Church twice a year (around his birthday and Christmas). [DE 362 at ¶21; DE 369 at ¶160.]

In 1972, Dr. Sumrall founded Family Broadcasting Corporation to broadcast "family inspirational programming," a mix of family-friendly sitcoms and Christian teaching programs. [DE 362 at ¶23; DE 337 at ¶13.] FBC produced the *Dr. Sumrall Teaching Series,* an original weekly television program featuring Dr. Sumrall delivering sermons. The production was overseen by grandson Peter Sumrall, an FBC employee. [DE 362 at ¶24.] Each video episode was produced and owned by FBC, utilizing a production crew of 5 to 6 FBC employees. [*Id.* at ¶25.]

> Dr. Sumrall described FBC as follows:
>
> We produce teaching series on many subjects. They are shown regularly on television and recorded on videotape for use in our Bible college and video schools around the country...Today we are the best equipped television facility in the state of Indiana, with several million dollars worth of the best electronic gear available...From this station we began our cablevision ministry. This arm has reached out until our programs are now on over one hundred television outlets. Through other satellite networks we reach virtually every state in the country[.]

[DE 362 at ¶30; DE 337-6 at 3-5.]

In his book *My Three Sons*, Dr. Sumrall described the LeSEA organization and his relationship to it this way:

> In South Bend, where we have the headquarters of the Lester Sumrall Evangelistic Association, Inc. (LESEA, Inc.), we have a church, a Bible school, and a publishing ministry. In addition, in South Bend and Indianapolis we own two television stations. All this was built from nothing, and today it is of great worth. Yet I own none of it personally. It is all in a non-for-profit corporation in which the investment is used exclusively to broadcast the gospel and to win souls to Christ.

7

Today when I travel and speak as an evangelist and Bible teacher, I often return to South Bend with offerings of several thousand dollars. This money goes into the world outreach ministry.

[DE 362 at ¶31;DE 337-at 6.]

Dr. Sumrall's son Stephen has testified concerning Dr. Sumrall:

[I]n the front of his bible he wrote a statement that was his belief that says: "If I die rich I die a traitor to the cause of Christ and to the Gospel."

And so on purpose he didn't own a house. On purpose he had no car. On purpose he didn't own anything, and late in life refused a salary, and so it was not by accident those things happened. They happened because it went by his own wishes that he decided to live the way that he wanted to live, and so his life was ministry. There was nothing else that interested him at all.

[DE 362 at ¶32; DE 336-2 at 21.] Dr. Sumrall's grandson David gave similar deposition

testimony: "The way my grandfather lived was everything he had was the church's."

[DE 362 at ¶33; DE 336 -7 at 14.]

Dr. Sumrall was Chairman of the Boards of LeSEA and FBC until his death in

1996. At the time of Dr. Sumrall's death, his son Stephen was president of LeSEA and

his son Peter was president of FBC. [DE 362 at ¶34.] LeSEA Global Feed the Hungry,

formerly a division of LeSEA, did not become an independently organized entity until

2003. Stephen departed around 2005, and Peter assumed the roles of President of

LeSEA and LeSEA Global (in addition to FBC) until his death in 2015. [*Id.* at ¶35.]

Frank, the third brother and son of Dr. Sumrall, served as an associate pastor at

LeSEA after voluntarily resigning from the board in 1990. [*Id.* at ¶36.] Sometime in the

early 2000's, Frank resigned from his associate pastor position with LeSEA and moved

8

to Florida because "the call in [his] life was greater than just LeSEA." [*Id.* at ¶37; DE 336-3 at 16.]

FBC and LeSEA Global have historically purchased copies of Dr. Sumrall's Works from LeSEA. [DE 362 at ¶38.] FBC sometimes used the Works it purchased as incentives to donate at certain levels in various donation campaigns. [*Id.* at ¶39.] Aside from such campaigns, LeSEA Global primarily distributed copies of the Works both domestically and abroad as part of its international relief efforts and as unsolicited gifts to donors. [*Id.* at ¶40.]

Dr. Sumrall left a Last Will and Testament naming Stephen as executor. [*Id.* at ¶41.] The will directed that certain tangible personal property and any residuary be divided equally among his three sons. [*Id.* at ¶42.] The will empowered Stephen to "exchange, lease for any term..., mortgage, pledge, or otherwise deal for any purpose with the property, real or personal...for such consideration and on such terms...as [he] may determine"; "allot different kinds or disproportionate shares of property or undivided interests in property among the beneficiaries"; and "determine the value of any property distributed in kind." [*Id.* at ¶43; DE 170-2 at 3-4.] The will made no specific reference to intellectual property. [DE 362 at ¶44.] The will did not direct any bequest to any LeSEA organization. [DE364-14.]

From April 28, 1996 until April 25, 2017, the will was kept in a locked metal filing cabinet in the offices of LeSEA. [DE 369 at ¶85; DE 363-12 at 6-7.] The will was never probated. [DE 362 at ¶45.] Lester testified in his deposition that both Peter and Stephen

9

said that after his death, all of Dr. Sumrall's possessions belonged to the ministry. [DE 369 at ¶88; DE 363-15 at 35 (p. 13, ℓℓ. 8-12).]

In May 2005, an assignment was executed to LeSEA Broadcasting Corporation from LeSEA, Inc. of "all right, title and interest in and to all of the published or unpublished written works of Dr. Lester Frank Sumrall, whether previously registered with the U.S. Copyright Office or not." [DE 363-1 at 2.] Neither LeSEA nor FBC carried the copyright as an asset on their books. [DE 369 at ¶94.]

Stephen and Andrew always intended that LeSEA continue publishing the Works but neither has ever believed that they personally have any ownership interest in the Works. [DE 362 at ¶46.] To the extent either was a joint owner of the Works, during the pendency of this action both Stephen and Andrew have executed Copyright Licenses granting "to LeSEA a non-exclusive, royalty free, worldwide, license to reproduce, distribute, adapt (create derivative works based on the Works), publicly perform, publicly display, otherwise use, and sub-license, in any format or language, the Works." [*Id.* at ¶47; DE 337-8 at 3, 6.] Andrew's license was executed in December 2021 and Stephen's in February 2022. [DE 337-8 at 4, 7.]

Frank's mental state has been deteriorating since at least September 2021 and he can no long correctly remember the past. [DE 362 at ¶71.] For example, in his deposition, Frank Sumrall testified that in 1996 he knew that Dr. Sumrall had left a will. [DE 336-3 at 8 (p. 50, ℓℓ.19-24).] But later in the deposition, Frank testified that he believed his knowledge of the will was actually in 2017 rather than 1996. [DE 336-3 at 29

10

(p.122, *ll*.5-20).] LeSEA employee Ken Gill knew about the will as of June 17, 1996, and

Lin Jimison (Dr. Sumrall's personal secretary) was aware of it as of at least January 25,

1997. [DE 362 at ¶49; DE 337-20 at 2; DE 337-19 at 2.] According to an inventory of Dr.

Sumrall's office from 1997, copies of the will were in his file cabinet. [DE 362 at ¶50.]

Frank testified that he did not believe that Adam, Andrew, Angela nor David (some of

the grandchildren) ever concealed the will from him, and did not believe that any

member of the family, LeSEA, or FBC had wronged him in any way. [*Id*. at ¶¶51, 52.]

On January 18, 2005, Frank executed a notarized Power of Attorney that

empowered his son Lester to receive a one-third interest in "the personal and

household items left by my deceased father, Lester Frank Sumrall." [DE 362 at ¶53; DE

336-8.] This occurred after Lester advised his dad (Frank) that he discovered his cousin

Andrew in Dr. Sumrall's former house, where he appeared to be gathering Dr.

Sumrall's personal effects, and Lester had done internet research on intestate

succession. [DE 362 at ¶54.]

Eleven years later – sometime in late 2016, Lester and Frank met with Stephen for

lunch, and Frank asked Stephen for a copy of Dr. Sumrall's will. [DE 362 at ¶55.]

Stephen responded that he would look for a copy of the will. [*Id*. at ¶56.] On March 9,

2017, Frank sent a text message to Stephen reiterating his need for a copy of the will,

and Stephen responded that he would continue to look for it. [*Id*. at ¶57.] Stephen

could not find a copy of the will. [*Id*. at ¶58.]

11

On April 3, 2017, Lester – acting on behalf of Frank via the POA – filed a *Petition for Probate and Issuance of Letters of Administration and for Supervised Administration* in the St. Joseph County Probate Court in an attempt to open an estate for Dr. Sumrall. [*Id.* at ¶61.] In the petition, Lester indicated that Dr. Sumrall "reportedly died with a Will." [*Id.* at ¶62; DE 336-9 at ¶3.] On April 21, 2017, granddaughter Angela Sumrall filed a *Petition to Deny Petition for Probate, etc.* with the probate court, providing a copy of the will and indicating that Dr. Sumrall's estate was insolvent "in that there are neither assets nor liabilities to administer." [DE 362 at ¶63; DE 336-11 at ¶4.] Stephen, David, Andrew and Adam consented to and joined Angela's petition. [DE 362 at ¶64.]

On July 13, 2017, the Probate Court held an evidentiary hearing at which Lester (acting on behalf of Frank) argued his belief that Dr. Sumrall was the owner of intellectual property which LeSEA and FBC had been using and profiting from for more than 20 years. [*Id.* at ¶65.] Angela's Motion for Judgment on the Evidence was granted by the Probate Court, which found that Lester "presented no evidence of any asset or liability that presently exists that has not been distributed." [DE 336-14 at 3.]

The Indiana Court of Appeals affirmed the Probate Court's decision. [DE 336-15.] Here's how the Court of Appeals described the Probate Court's evidentiary hearing:

> During the hearing, Appellant [Lester] questioned four witnesses and gave a lengthy narrative regarding assets that he claimed to have observed in either 1996 or 2005. Appellant also discussed...certain copyright interests relating to the ministry....Appellant, however, did not provide any evidence proving that either the copy right interests or the paintings were part of the decedent's estate. At the close of Appellant's

12

presentation of evidence, Appellee's counsel noted that Appellant did not specify any assets that he believed were still in the estate and "admitted that he had...concerns about assets moving in 2005" but did nothing to address these alleged concerns until 2017.

[*Id.* at 5.]

The appellate court opinion further explained:

Appellant's delay can also be interpreted as an implied waiver of any request for the establishment and administration of an estate. Appellant sat idly by and delayed in attempting to preserve any claimed interest that he or his father might have had in the property. This includes remaining silent after coming to believe that some of the decedent's personal property was moved or distributed in 2005. His twelve years of silence after allegedly learning that some of the property at issue had been distributed suggests a knowing acquiesce [*sic*] – if not outright approval – of the distribution. Furthermore, even if it were possible to reacquire the decedent's alleged personal property, doing so would undoubtedly result in prejudice as it would create insurmountable evidentiary issues.

[*Id.* at 8.] Neither Lester nor Frank took any further action with respect to the petition

for a probate estate. [DE 362 at ¶70.]

* * *

For a number of reasons, very few of the Trust's statements of fact offered on these motions are incorporated into these the factual findings on which summary judgment can be considered. In a frankly astonishing number of instances, the Trust's assertion of a fact is not supported by the evidence cited. [*See, e.g.*, DE 369 at ¶¶75, 79, 81, 82, 83, 84, 104, 110, 111, 112, 115, 116, 130.] Counsel also has a likely sanctionable habit of offering language in quotation marks that does not appear in the cited evidence. [*See, e.g.*, DE 369 at ¶¶89, 90, 91, 123.] In other instances the Trust's assertion of fact is rejected for summary judgment purposes because LeSEA has successfully

13

demonstrated a dispute of the asserted fact by citing to contrary evidence in the record. [*See, e.g.,* DE 369 at ¶¶72, 82.] In still others, LeSEA has made meritorious objections to the admissibility of the evidence relied on by the Trust. [*See, e.g.,* DE 369 at ¶¶78, 83, 119; *id.* at p.17, n.2.]

Some of the Trust's assertions are not material to the issues presented. [*See, e.g.,* DE 369 at ¶¶86, 87, 125, 126, 127, 129, 131.] Some are legal conclusions or otherwise misplaced as assertions of material fact, such as the fact that an expert has given certain opinions. [DE 369 at ¶¶76, 100, 105, 150, 154.] An expert opinion itself may or may not be pertinent or admissible, but the *fact that* it was rendered is not a material fact that belongs in a Statement of Material Facts for purposes of Rule 56. [DE 369 at ¶105.] Over and over the Trust's citation to evidence of record lacks the required pincite, making it unworkable if not impossible to identify the portion of a multi-page document that ostensibly provides evidentiary support for a particular proposition. [*See, e.g.,* DE 369 at ¶¶79, 83, 97, 98, 100 (a 157-page exhibit).] I offer this summary of the reasons many of the Trust's assertions of fact are rejected in lieu of a more detailed analysis, which would produce an opinion of unreasonable length.

### Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the

14

evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

## Laches as a Bar to Recovery on State Law Counterclaims

At the end of LeSEA's brief in support of its motion for summary judgment, the doctrine of laches is invoked as an over-arching challenge to all of the Trust's claims. [DE 339 at 30.] In response to LeSEA's motion, the Trust fails to address the laches argument at all. [DE 361.] LeSEA seizes upon this, contending in its reply that summary judgment must be entered in its favor because the Trust has waived any arguments in opposition. [DE 368 at 5.] I am reluctant to simply rely on waiver. Therefore, I will consider on the merits whether laches is correctly applied to the Trust's remaining counterclaims against LeSEA — Count I for an accounting, Count II for copyright infringement, Count IV for tortious interference with expectancy, Count V for unjust enrichment and Count VIII for fraud.

Laches is an equitable defense that defeats a claim "when a party neglects to raise a known claim for an unreasonable period of time resulting in prejudice to the opposing party." *Barber v. State*, 141 N.E.3d 35, 41 (Ind.Ct.App. 2020). During the lapse of time, laches "requires some change of circumstances that makes the relief sought inequitable." *Id.* Movants have the burden of proving by a preponderance of the

15

evidence that the Trust, or Frank whose rights the Trust asserts, "unreasonably delayed in seeking relief *and* that [movants were] prejudiced by the delay." *Id.* (emphasis in original).

The elements of the defense of laches are "(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from a knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party." *SMDfund, Inc. v. Fort Wayne-Allen Cty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005) (internal quotation omitted), quoted in *Richmond State Hospital v. Brattain*, 961 N.E.2d 1010, 1012 (Ind. 2012). As the Indiana Supreme Court explained in *Richmond State Hospital*, "[d]espite this structured test, '[t]here is no fixed or definite rule for the application of the doctrine of laches.'" *Id.* at 1012, quoting *Grantham Realty Corp. v. Bowers*, 22 N.E.2d 832, 839 (1939).

Dr. Sumrall died on April 28, 1996. Of course, Frank was aware of his father's death, aware that his mother had preceded Dr. Sumrall in death, and aware that he, Frank, was one of Dr. Sumrall's three surviving children. These facts can reasonably be expected to raise in Frank's mind the question whether he had any rights of inheritance in Dr. Sumrall's estate. The Trust now asserts that members of the family fraudulently advised Frank that Dr. Sumrall left everything to the ministry, suggesting that Frank was not due anything from Dr. Sumrall's estate. Whether or not such representations were made at that time, and whether or not they were true, in January 2005 Frank began to take action to determine his rights of inheritance, when he executed a Power of

16

Attorney appointing Lester to represent Frank for the purpose of receiving a "One

Third (⅓) interest in the personal and household items left by my deceased father,

Lester Frank Sumrall." [DE 362 at ¶53; DE 336-8.] Lester's research on intestate

succession prompted this action, which clearly signifies that, smelling a proverbial rat,

Frank then recognized his potential rights of inheritance. But no further legal action

was taken at that time. Not until 2016, eleven years later, did Frank (again with his son

Lester's assistance) attempt to further explore his rights in his father's estate by asking

Stephen for a copy of Dr. Sumrall's will. Then in 2017, Frank, through Lester, filed the

petition with the St. Joseph County Probate Court in an attempt to open an estate for

Dr. Sumrall.

Even if we entirely disregard the delay by Frank in taking action from Dr.

Sumrall's death in 1996 to 2005, the claims now asserted in this case — brought by the

Trust in its original counterclaim filed April 19, 2019 [DE 43] — are inexcusably delayed

from Frank's earliest indication in 2005 that he sought rights in his father's estate. The

same is true if the laches analysis credits Frank with the 2017 filing with the probate

court, or even the 2016 request for a copy of Dr. Sumrall's will. This timeline

demonstrates a classic case of Frank sleeping on his rights for many years, a conclusion

that is not impacted by any determination about fraudulent behavior by members in the

immediate aftermath of Dr. Sumrall's death. Giving Frank the benefit of the doubt by

treating 2005 as his first awareness of potential rights, his conduct in pursuing relief was

17

inexcusably dilatory and constituted a knowing acquiescence in existing conditions from at least 2005 to at least 2016.

The Probate Court's conclusions reflect my own — that Frank's inaction "can also be interpreted as an implied waiver of any request for the establishment and administration of an estate." [DE 336-15 at 8.] The history amply establishes that Lester, as his father's representative, "sat idly by and delayed in attempting to preserve any claimed interest that he or his father might have had" in Dr. Sumrall's property. [*Id.*] The Probate Court also focused on the length of time from 2005, when Lester and Frank indisputably became aware that some of Dr. Sumrall's personal property was being moved or distributed, but after which their "twelve years of silence...suggests a knowing acquiesce [*sic*] – if not outright approval – of the distribution." [*Id.*]

Prejudice is established when there is "unavailable evidence such as destroyed records, deceased eyewitnesses, or witnesses who have no independent recollection of the event." *Oliver v. State*, 843 N.E.2d 581 (Ind.Ct.App. 2006). That aptly describes the situation at hand. The prejudice to all those against whom the Trust now seeks relief is considerable and obvious. Almost 23 years had passed between Dr. Sumrall's death and the Trust's assertion of claims on Frank's behalf in the April 2019 counterclaims. By the Trust's own admission, Frank is now incapable of remembering past events. [DE 362 at ¶71.] Confusion in Frank's previous statements and testimony may render those unreliable, and can no longer be addressed by competent testimony from him.

18

What's more, Peter Sumrall died in 2015. LeSEA describes him as "a key actor in the Trust's allegations and the President of the LeSEA Defendants for approximately a decade," who "could have provided valuable testimony regarding the Will, Frank's knowledge of the Will, the historic use of the Works, the Trust's allegations against him, and the creation of the *Dr. Sumrall Teaching Series* television program[.]" [DE 339 at 32.] The death of such a witness works a prejudice to LeSEA and the individual third-party defendants. *Angel v. Powelson*, 977 N.E.2d 434, 446-47 (Ind.Ct.App. 2012).

LeSEA also credibly complains that the passage of time has resulted in an inability to recover many records relevant to issues such as Dr. Sumrall's employment status and whether the Works constitute works for hire. [DE 339 at 32.] "While Defendants have gone to great lengths to locate relevant records to this issue, these records are understandably incomplete 25 years removed from Dr. Sumrall's death." [*Id.*] Even longer ago is the creation of some of the Works identified by the Trust, many of which date back to the 1980's, with a few allegedly created in the 1970's or even early 1960's. [DE 363-6 at 1-2.] Producing evidence relevant to Dr. Sumrall's authorship of those documents so many decades later, particularly given the less than business-like record-keeping of the ministry entities, appears to be a near impossibility. Because of all this, in 2018, the Probate Court also recognized the evidentiary prejudice from the passage of time: "even if it were possible to reacquire the decedent's alleged personal property, doing so would undoubtedly result in prejudice as it would create insurmountable evidentiary issues." [DE 336-16 at 8.]

19

LeSEA has also reasonably invoked what has been called "expectations-based prejudice" from its years of investment in the use of the Works in reliance upon a belief in their rights to do so: "LeSEA and FBC are prejudiced because they undertook all the risks of failure and costs of development in promoting and investing in content that may or may not have any continuing value absent those risks and costs." [DE 339 at 33.]

On the undisputed facts of record, I conclude that Frank Sumrall unreasonably delayed for many years in asserting the rights on which the Trust's state law counterclaims are based. Frank's inaction expressed an implied waiver acquiescing in the handling of Dr. Sumrall's estate. To permit the Trust's prosecution of the counterclaims at this late date would be prejudicial to LeSEA, after changes in the availability of witnesses and evidence, and after years of reliance on and development of the assets the Trust now claims. Although the doctrine of laches is typically an equitable defense, the Indiana Supreme Court has explained that it is "equally available in suits at law." *Richmond State Hospital v. Brattain*, 961 N.E.2d 1010, 1012 (Ind. 2012), *quoting Teamsters & Employers Welfare Trust of ILL. v. Gorman Bros. Ready Mix*, 183 F.3d 877, 880-81 (7th Cir. 2002). Therefore, I find that laches bars the Trust's recovery on all of the remaining state law counterclaims whether those claims are brought at law or in equity.

One more thing: since my earliest interactions with counsel in this case, I have flagged the potential application of a laches defense to the facts of this long-playing and

unfortunate family drama. [*See, e.g.*, DE 166 at 6 (laches was a "sensible conclusion" by the Indiana Court of Appeals, "since 20 years went by between Dr. Sumrall's passing and Lester's quixotic efforts to right a perceived wrong"); DE 310 at 9 (noting that I had raised the doctrine of laches at the preliminary injunction hearing and the parties had not yet analyzed the possibility).] LeSEA has now squarely raised the defense in its summary judgment motion as an argument fatal to all of the Trust's claims.

Curiously, despite the prospect of such a defense hanging over the litigation for some time, the Trust has not responded to the argument. Even after LeSEA's reply seizing upon that fact, the Trust has not sought leave to address the issue in an extra brief (something the Trust's counsel would appear to be entirely willing to do – *see* DE 155, DE 260, DE 377). While I do not consider the defense of laches to have been conceded by the Trust, and I have applied my own independent analysis to the issue, it does appear that the Trust's failure to address laches constitutes a waiver of future arguments in opposition. *India Breweries, Inc. v. Miller Brewing Co.*, 612 F.3d 651, 659 n.2 (7th Cir. 2010); *Witte v. Wisconsin Dept. of Corrections*, 434 F.3d 1031, 1038 (7th Cir. 2006) (failure to raise an argument in summary judgment opposition creates a lost "opportunity to urge it in both the district court and [appeals] court"), overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013).

In sum, whether Stephen and Peter rooked their brother Frank out of his fair share of their Dad's estate is perhaps open to question. But what cannot be denied is that Frank plainly slept on his rights and LeSEA has been prejudiced as a result. As a

21

consequence, for better or worse, it's best to just leave well enough alone and maintain the status quo. That's what the doctrine of laches mandates in this case.

### Federal Copyright Claim in Count II

LeSEA's laches argument relies entirely on Indiana case law. [DE 339 at 30-32.] The applicability of the doctrine to the Trust's federal copyright infringement claim requires a separate examination. The Copyright Act contains a three-year statute of limitations: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. §507(b). The Supreme Court has held that the defense of laches "cannot be invoked to preclude adjudication of a claim for damages brought within the three-year window." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U. S. 663, 667 (2014).

The *Petrella* decision contains considerable discussion of how the statute of limitations functions, but the court generally found the doctrine of laches to be incompatible with the congressional determination that a three-year statute is appropriate for copyright protection purposes. *Id.* at 677-78, 680-84. The separate-accrual rule applicable to copyright infringement claims "makes the starting trigger an infringing act committed three years back from the commencement of suit, while laches...makes the presumptive trigger the defendant's *initial* infringing act." *Petrella*, 572 U.S. at 681. The court found that the long period of copyright protection combined with the three-year look-back "leaves 'little place' for a doctrine that would further limit

22

the timeliness of a copyright owner's suit." *Id.* at 685, citing 1 D. Dobbs, Law of Remedies §2.6(1), at 152 (2d ed. 1993).

*Petrella* is not the final word on the statute of limitations or laches for the copyright claims in the instant case, however. There is an important distinction between ordinary copyright infringement claims such as the ones in *Petrella*, and suits like this one "in which the central dispute is copyright *ownership*." *Consumer Health Information Corp. v. Amylin Pharmaceuticals, Inc.*, 819 F.3d 992, 996 (7th Cir. 2016) (emphasis in original). When ownership of a copyright is not in dispute and an infringement claim focuses on the nature and scope of potentially infringing acts and any defenses to liability, then "each infringing act is a discrete wrong triggering a new limitations period." *Id.* at 997. *See also Petrella*, 572 U.S. at 671. But copyright ownership claims are not subject to the same separate-accrual rule.

Instead, a copyright claim based on an ownership dispute "'accrue[s] only once,' when the claimant receives notice that his ownership has been expressly repudiated or contested." *Consumer Health*, 819 F.3d at 997, quoting *Seven Arts Filmed Entertainment, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013). As a result, copyright claims premised on ownership "are barred three years from the time of repudiation." *Consumer Health*, 819 F.3d at 996 (internal quotation marks omitted). I offered this observation analyzing the Trust's likelihood of success in my March 3, 2022 opinion on the Trust's emergency motion seeking to restrain LeSEA from demolishing church property. Opinion and Order [DE 310 at 7].

23

The gravamen of the Trust's copyright claims is Frank's assertion of rights of ownership derived by inheritance from his father, Dr. Sumrall. Those claims accrued when he had notice that his claim of ownership was repudiated or contested. As a practical matter, this appears to have happened shortly after Dr. Sumrall's death in 1996, when Frank says he was advised that his father had left everything to the ministry. If not then, it surely occurred no more recently than January 2005 when Frank authorized his son, Lester, to act on his behalf to recover a previously-denied one-third share of Dr. Sumrall's estate. Given the passage time after these events until the Trust's assertion of its claims in this 2018 action, the statute of limitations applies. The claim of copyright infringement in Count Two, and the claim for an accounting in Count One if premised on copyright law rather than state law, are barred by the Copyright Act's statute of limitations.

### Statute of Limitations Bar to Tortious Interference Claim

My laches conclusion is dispositive of the Trust's state law claims including the tortious interference claim in Count IV. But for completeness' sake I will give separate consideration to an issue briefed in the Trust's separate motion for partial summary judgment specifically directed to Count IV. The motion highlights the statute of limitations applicable to that claim. The parties agree that a tortious interference claim has a two-year statute of limitations under Ind. Code §34-11-2-4. "A cause of action accrues, and thus the limitations period begins to run, when the claimant knew or, in the exercise of ordinary diligence, could have discovered that an injury had been

24

Appx 036

sustained as a result of the tortious act of another." *Gittings v. Deal*, 109 N.E.3d 963, 972 (Ind. 2018) (internal citation and quotation marks omitted). The Trust acknowledges that Frank was aware that a will existed as of December 2016. [DE 357 at ¶20.] But the tortious interference claim was not asserted until April 19, 2019, more than two years later.

The Trust contends that the statute did not begin to run until "the day the probate court denied Lester's Petition to Open the Estate of Dr. Sumrall," because as of that date "Frank had exhausted his remedies in probate court." [DE 348 at 19.] But that occurrence is not when Frank discovered that he'd been injured by any concealment of the will. Nothing in *Jackson v. McCord*, 2019 WL 10417851, at *4 (S.D.Ind. Mar. 29, 2019), a case the Trust relies upon, counsels otherwise. There the court merely noted, rather than adopted, one party's position that she "could not pursue her tortious interference claim until it was clear that the probate court could not offer an adequate remedy." *Id.*

LeSEA reasonably suggests that an old claim cannot be "preserved indefinitely and initiated at the whims of the claimant," who would "need only first be refused by the probate court." [DE 356 at 11.] "The Trust asks this Court to effectively hold that a claimant who seeks untimely relief at the probate court and is denied due to such untimeliness can cause a claim for tortious interference with an inheritance expectancy to spring into existence upon the probate court's ruling." [*Id.*] The Trust cites no supportive authority for its unpersuasive reasoning, which would be contrary to the purposes of the statute of limitations to guard against stale claims and promote finality

25

in litigation. *Shawa v. Gillette*, 209 N.E.3d 1196, 1199 (Ind.Ct.App. May 10, 2023); *Krieg DeVault LLP v. WGT V, LLC*, 206 N.E.3d 1171, 1181 (Ind.Ct.App. 2023); *Kuehl v. Hoyle*, 746 N.E2d 104, 108 (Ind.Ct.App. 2001).

Instead, accrual of the claim occurred when Frank knew, or in the exercise of ordinary diligence, could have discovered that he had been injured by the tortious act of another. *Gittings*, 109 N.E.3d at 972. The determination is generally a question of law. *Id.*, citing *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009). Even if the will had been fraudulently concealed from Frank since his father's death, any delay in the running of the statute of limitations terminated as of his awareness of the will in December 2016. When a plaintiff eventually obtains information that would lead to the discovery of the cause of action through ordinary diligence, the statute of limitations begins to run at that time, regardless of any fraudulent concealment previously perpetrated by the defendant. *Town of Cicero v. Sethi*, 189 N.E.3d 194, 211 (Ind.Ct.App. 2022).

Frank's inaction at each potential inflection point – his father's death, Lester's broaching intestate succession in 2005 after finding Andrew poaching Dr. Sumrall's belongings, and the discovery of the will in 2016 – demonstrates a failure to "exercise[] due diligence to discover the cause of action," as would be necessary to meet the burden of showing a fraudulent concealment sufficient to toll the statute of limitations. *Gittings*, 109 N.E.3d at 973. Moreover, the simple "fraud" of telling Frank that Dr. Sumrall had left all to the ministry is hardly a "trick or contrivance" sufficient to

26

"prevent inquiry or to elude investigation." *Shea v. General Motors LLC*, 567 F.Supp.3d 1011, 1021 (S.D.Ind. 2021) (internal citations omitted).

An injured party "must act with some promptness where the acts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist." *Saylor v. Reid*, 132 N.E.3d 470, 473 (Ind.Ct.App. 2019)( internal quotation marks omitted). *See also Krieg DeVault*, 206 N.E.3d at 1182. The discovery rule "does not mandate that plaintiffs know with precision the legal injury that has been suffered," but instead "merely anticipates that a plaintiff be possessed of sufficient information to cause him to inquire further in order to determine whether a legal wrong has occurred." *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind.Ct.App. 2006). Frank's passivity in the face of his knowledge that he was being excluded from any inheritance from Dr. Sumrall supports the conclusion that the tortious interference claim was not timely brought within the two-year statute of limitations, and/or that it is barred by the doctrine of laches as previously discussed. On this basis, the Trust's motion for partial summary judgment on Count IV will be denied.

## Conclusion

Counterclaim defendants LeSEA, Inc., Family Broadcasting Corporation, and LeSEA Global Feed the Hungry, Inc., and third-party defendants Stephen P. Sumrall, David M. Sumrall, Angela N. Grabowski, Andrew J. Sumrall and Adam Sumrall are granted judgment as a matter of law on Counts I, II, IV, V and VIII of the Second

27

Amended Counterclaim filed by The Lester Sumrall Family Trust [DE 170]. The claims

for an accounting, for copyright infringement, tortious interference with expectancy,

unjust enrichment and common law fraud are each barred by laches, by an applicable

statute of limitations or both. Because I determine that none of the Trust's remaining

counterclaims are timely brought, I do not consider other arguments made by the

parties.

**ACCORDINGLY:**

Counterclaim Defendants' and Third-Party Defendants' Motion for Summary

Judgment with Respect to the Trust's Claims [DE 335] is GRANTED.

Counterclaim Plaintiff the Lester Sumrall Family Trust's Motion for Partial

Summary Judgment [DE 347] is DENIED.

**SO ORDERED.**

ENTERED: August 22, 2023.

                      /s/ Philip P. Simon
                      PHILIP P. SIMON, JUDGE
                      UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

LESEA, INC., FAMILY BROADCASTING
CORPORATION and LESEA GLOBAL
FEED THE HUNGRY Inc.,

Plaintiffs,

v.                                                          No. 3:18CV914-PPS/MGG

LESEA BROADCASTING CORPORATION,
LESTER SUMRALL, DR. JOHN W. SWAILS III,
and EDWARD WASSMER,

Defendants.

_____

LESTER SUMRALL and
THE LESTER SUMRALL FAMILY TRUST,

Counterclaim Plaintiff and Third-Party Plaintiffs,

v.

LESEA, INC., FAMILY BROADCASTING
CORPORATION, LESEA GLOBAL FEED
THE HUNGRY, INC., LESEA BROADCASTING
OF SOUTH BEND, INC.,  LESEA BROADCASTING
OF INDIANAPOLIS, INC.,  LESEA
BROADCASTING OF TULSA, INC.,  LESEA
BROADCASTING OF HAWAII, INC.,  LESEA
BROADCASTING OF ST. CROIX, INC.,  WORLD
HARVEST BIBLE COLLEGE INDIANA CHRISTIAN
UNIVERSITY, INC., STEPHEN P. SUMRALL, DAVID
M. SUMRALL, ANGELA N. GRABOWSKI, ANDREW J.
SUMRALL, and ADAM SUMRALL,

Counterclaim Defendants and Third-Party Defendants.

_____

**Appx 041**

## OPINION AND ORDER

After a separate opinion disposing of all but one remaining claim, this family dispute involves who owns the rights to a photograph that was taken back in 1994. The Plaintiff, Lester Sumrall, accompanied his grandfather on a mission trip to China that year. During the trip, Lester alleges that he took a photograph of his grandfather which was later used by his grandfather's charitable Christian organization in fundraising. Lester was employed by the organization at the time and frequently accompanied his grandfather on mission trips. But he claims this particular trip was a one-off personal adventure with his grandfather. And because he obtained a copyright on the photo some 23 years later, Lester claims that the organization is liable to him for infringing that copyright. This opinion addresses cross-motions for summary judgment on Lester's claim for copyright infringement in Count X of the Second Amended Counterclaim. [DE 170.] Because it is clear that the photo was taken as a work for hire, and no reasonable jury could find otherwise, summary judgment must be granted against Lester.

## Material Facts

Dr. Lester Sumrall was a global missionary who founded several non-profit entities — LeSEA, Inc., LeSEA Broadcasting, n/k/a Family Broadcasting Corporation, and LeSEA Global Feed the Hungry (collectively the LeSEA organizations or just "LeSEA"). [DE 354 at ¶1; DE 360 at ¶¶1, 3-5.] "LeSEA" stands for the Lester Sumrall

2

Appx 042

Evangelistic Association. [DE 360 at ¶2.] To avoid confusion, I will refer to him as "Dr. Sumrall" and to his grandson (the Plaintiff of the same name) as "Lester."

Dr. Sumrall traveled internationally on mission trips, and on behalf of LeSEA's Feed the Hungry division – an international charitable food program. [DE 354 at ¶2.] Feed the Hungry distributed food through local churches throughout the world. [*Id.* at ¶4.] The Feed the Hungry initiative was eventually incorporated as an independent not-for-profit entity known as LeSEA Global Feed the Hungry. [*Id.* at ¶3.]

During his travels for LeSEA's Feed the Hungry Program, Dr. Sumrall would be accompanied by LeSEA employees who often took pictures of Dr. Sumrall. [*Id.* at ¶5.] The ministry had photographic equipment that would be taken on Dr. Sumrall's trips for the purpose, with the film or digital SD card turned into the organization upon return. [*Id.* at ¶6.] Although there was no written policy, responsibilities of LeSEA employees who traveled with Dr. Sumrall included documenting the trip by taking photographs. [*Id.* at ¶7.] Providing this and other types of assistance to Dr. Sumrall during his mission trips was a work responsibility of LeSEA employees. [*Id.* at ¶8.]

Dr. Sumrall's grandson Lester is a former LeSEA employee who describes himself on his personal LinkedIn page as an assistant to the chairman of LeSEA (meaning Dr. Sumrall) from January of 1993 through May of 1996. [*Id.* at ¶¶9, 11.] Lester was paid by LeSEA from 1993 through Dr. Sumrall's death in 1996, including in the form of a housing salary. [*Id.* at ¶10.] Lester's LinkedIn page states that as part of his responsibilities as Dr. Sumrall's assistant, Lester "[t]raveled nationally as well as

3

internationally to promote the various aspects of LeSea, Inc. and their ministry efforts"
and "[a]ssisted in the creation of promotional videos as a way to market [LeSEA's] relief
work in order to gain additional contributions." [*Id.* at ¶12.]

Lester claims that, starting at age 8, he began accompanying Dr. Sumrall on his
evangelistic trips, both domestic and overseas, and traveled on dozens of such trips
with his grandfather. [DE 371 at ¶¶31, 32; DE 355-1 at ¶¶5, 6; DE 360 at ¶¶13, 14.]
Lester has asserted under oath that he was not required to perform any official duties
on any of these trips, but only acted as a travel companion, but the two pieces of
additional evidence he cites for the claim do not support it. [DE 355-1 at ¶5; DE 371 at
¶33 Response.] LeSEA argues that the claim is at odds with Lester's LinkedIn page
description of his role and responsibilities. [DE 371 at ¶33 Response.]

In 1994, Lester accompanied Dr. Sumrall on a trip to China. Although Lester was
employed by LeSEA at the time, he nonetheless claims that he took the 1994 trip with
Dr. Sumrall solely in his personal capacity as Dr. Sumrall's grandson. [DE 354 at ¶23.]
Lester attests that he "was not asked to perform any official church duties on this trip."
[DE 355-1 at ¶41.] A photo taken during the China trip in 1994 features Dr. Sumrall with
an elderly unidentified man (the "Traveler Photo"). [DE 354 at ¶13.] Lester has
testified in his deposition and attested in a declaration that he took the Traveler Photo,
using his personal Olympus Stylus camera. [DE 360-1 at 35 (96:20-23), 38 (102:21-23);
DE 355-1 at ¶¶34, 36.]

4

The roll of film containing the Traveler Photo included photographs of Lester taken by other people including local residents. [DE 354 at ¶14.] LeSEA has some negatives of photos taken on the 1994 trip to China, and argues that this is evidence that the photos were taken on behalf of LeSEA and that Lester turned them in to LeSEA after his return. [DE 374 at ¶47 Response and ¶49 Response.] Lester also possesses some of the negatives of photos taken on the 1994 China trip. [DE 374 at ¶57.] Neither side has been able to produce the negative of the Traveler Photo itself. [DE 374 at ¶100.]

Sometime in 1996 or 1997, LeSEA sent a copy of the Traveler Photo to a small group of key church leaders and partners to shore up relationships after Dr. Sumrall's death. [DE 354 at ¶15.] Prints of the Traveler Photo were signed by Stephen Sumrall (Dr. Sumrall's son), then president of LeSEA, Inc., with the inscription "Galatians 6:9," placed in a frame, and accompanied by a letter from Stephen featuring the same biblical passage. [*Id.* at ¶16.]

LeSEA later used the Traveler Photo as cover art for a DVD collection entitled *A Life of Faith and Destiny*. [*Id.* at ¶17.] LeSEA's business records indicate that the earliest sale of *A Life of Faith and Destiny* product occurred in 2007. [*Id.* at ¶18.] Family Broadcast Company used the Traveler Photo in connection with a 2018 donation campaign in which FBC sent copies of *A Life of Faith and Destiny* to donors who met a certain donation threshold. [*Id.* at ¶19.]

Lester's cousin Andrew Sumrall is President and CEO of FBC and LeSEA, Inc. and board member of LeSEA Global Feed the Hungry. Andrew attests that LeSEA

5

Global "has never used the Traveler Photo." [DE 340-2 at ¶6.] Stefan Radelich, President of LeSEA Global Feed the Hungry, also declares that "LeSEA Global has never used the Traveler Photo." [DE 340-1 at ¶6.]

Lester relies on declarations by Sharon Rogers and Mark Cowart that their churches "regularly donated well over $5,000" to LeSEA Global Feed the Hungry "and in exchange the Church received" a copy of the Traveler Photo autographed and inscribed by Steve Sumrall sometime between February 2003 and December 2004. [DE 371 at ¶89; DE 355-28 at ¶¶4, 5; DE 355-30 at ¶¶4, 5.] LeSEA responds with a second declaration by Stefan Radelich as President of LeSEA Global, disputing the accuracy of the donation claims of Rogers and Cowart and reiterating that LeSEA Global "has never used the Traveler Photo in connection with a fundraising campaign or otherwise." [DE 370-1 at ¶¶9, 12, 13.]

Twenty-three years after taking the Traveler Photo, Lester registered it with the U.S. Copyright Office in December 2017, listing himself as the author and claimant. [DE 354 at ¶21.] Although Lester stated that he registered the work after realizing that he "probably needed to protect my work with copyright protections," the Traveler photo is the only photograph from the 1994 trip that Lester sought to register. [*Id.* at ¶22; DE 341-6 at 24-25 (115:21-116:8).]

## Discussion

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

6

56(a). A party opposing summary judgment may not rely on allegations or denials in his or her own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

## Work for Hire

LeSEA argues that the undisputed evidence shows that if Lester created the Traveler photo (which LeSEA does not concede), then he did so in the ordinary course of his employment with LeSEA, making the Traveler photo a work for hire with its copyright owned by LeSEA. Although the creator of a work is generally its author and the party in whom copyright ownership vests, there is an exception in the Copyright Act for "works made for hire." Under 17 U.S.C. §201(b), "[i]n the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright." For present purposes, the Traveler Photo was a work for hire if it was "prepared by an employee within the scope of his or her employment." 17 U.S.C. §101.

In *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989), the United States Supreme Court considered the proper standards for determining an employment

7

relationship within the meaning of a work for hire under the Copyright Act, and

concluded that "the term 'employee' should be understood in light of the general

common law of agency." *Id.* at 741. A nonexhaustive list of relevant factors, none of

which is determinative, includes:

> the hiring party's right to control the manner and means by which the
> product is accomplished[; ...] the skill required; the source of the
> instrumentalities and tools; the location of the work; the duration of the
> relationship between the parties; whether the hiring party has the right to
> assign additional projects to the hired party; the extent of the hired party's
> discretion over when and how long to work; the method of payment; the
> hired party's role in hiring and paying assistants; whether the work is part
> of the regular business of the hiring party; whether the hiring party is in
> business; the provision of employee benefits; and the tax treatment of the
> hired party.

*Id.* at 751-52. The Seventh Circuit has observed that the Copyright Act's "work for hire

concept isn't limited to formal employment," and by forgoing a strict definition of

"employee" and "employment" Congress has "empower[ed] the courts to define these

terms from case to case on a practical rather than formal basis, using the principles of

agency law to prevent evasion of the statutory purpose." *Gaiman v. McFarlane*, 360 F.3d

644, 650 (7th Cir. 2004).

    Lester's counsel appears to quote text from the Supreme Court's opinion in *Reid,*

suggesting an inquiry whether particular conduct was "'substantially within the

authorized time and space limits of his employment.'" [DE 353 at 13, citing *Reid*, 490

U.S. at 738-39.] *See also* DE 353 at 15. The problem is that no such language appears in

*Reid.* Nor does a Westlaw search find that language in any other federal court decision

pertaining to the copyright issue of work for hire. This kind of sloppy (or perhaps it is

better described as slippery) use of citations to caselaw and/or the record has regrettably become the norm for Lester's counsel. *See* pp. 13-14 of the separate Opinion and Order entered herein this day.

In all events, there is no question that Lester was a LeSEA employee at the time he took the trip to China with his grandfather. And during his employment he traveled with his grandfather on many occasions as his personal assistant. Assuming without deciding that Lester took the Traveler Photo, whether it was a work for hire depends on the application of the *Reid* factors to the facts of this case. Citing Lester's LinkedIn page, LeSEA applies Lester's own characterization of his employment with LeSEA, as an assistant to Dr. Sumrall, the Chairman of LeSEA, from January of 1993 through May of 1996. [DE 360-1 at 53.] Among the duties Lester listed for the position was international travel to promote LeSEA and its ministry efforts, as well as assisting "in the creation of promotional videos as a way to market our relief work in order to gain additional contributions." [*Id.*]

The application of *Reid* to a loosely organized, albeit large scale, family-based religious mission is not a perfect fit, but several of the *Reid* factors strongly favor a determination that the photos taken on the China trip were works for hire. The testimony of all the witnesses in this case clearly establishes that Dr. Sumrall was the ultimate decisionmaker in all aspects of LeSEA's operations, and the evidence points only to him controlling the planning and implementation of the trip and directing Lester's presence and purpose during their travels. Uncontradicted evidence

9

establishes that international mission travel was a regular function of Dr. Sumrall in his ministry for LeSEA, and that an employee taking photographs for LeSEA's later use was also a regular feature of those trips. Lester's function in that way in that context is consistent with having taken the photos within the scope of his work as Dr. Sumrall's assistant for LeSEA.

Lester claims that the 1994 travel to China was a personal trip with his grandfather and that he did not function as a LeSEA employee during the trip. [DE 355-1 at ¶¶26-28, 40, 41.] But no evidence supports this claim other than Lester's own statements, which are subject to question because his more recent statements contradict earlier ones. Lester was deposed on October 5, 2021. [DE 360-1.] Lester attempted to describe his role as an associate pastor of the Christian Center Church associated with LeSEA. [*Id*. at 27 (22:5-22), 30-31 (25:10-26:6).] Lester's testimony failed to acknowledge the position as Dr. Sumrall's assistant that he previously claimed on LinkedIn. Lester's testimony was fuzzy on the relationship between the church and the Lester Sumrall Evangelistic Association (LeSEA), but clear that as an employee he "was accountable to [his] grandfather," with no other supervisor. [*Id*. at 28 (23:2-22), 31 (26:7-24), 44 (110:7-9).] By all accounts, a line between Dr. Sumrall's personal and professional lives did not exist. *See* p. 8 of the separate Opinion and Order entered herein this day.

In his deposition, Lester claimed that he shot the roll of film with the Traveler Photo on it in March 1994, and was still in possession of the negatives and photos after his grandfather's death on April 28, 1996, when asked by LeSEA graphic designer

10

Appx 050

Chuck Strantz to use some of his photos for a memorial article in World Harvest Magazine. [DE 360-1 at 39 (103:1-22).] Lester testified that he handed Chuck "the few pictures" that were to accompany Lester's article for the magazine. [DE 360-1 at 39-40 (103:23-104:2).] Lester further testified: "unbeknownst to me, I don't know how, I don't have the full details but he – the only thing I can surmise is that he basically copied my photos without my knowledge and somehow gained access to the rest of my photos." [DE 360-1 at 40 (104:2-6).] Lester testified that at the time of the deposition he believed he still possessed the negatives for the whole roll of film that contained the Traveler Photo. [DE 360-1 at 41 (105:16-19).] That turned out not to be the case, because LeSEA has possession of some of the negatives from the China trip, although neither party can produce the negative of the Traveler Photo.

In his declaration dated February 17, 2023, the story has changed. There Lester claims to have brought all of his photos and negatives from the China trip to Chuck Strantz, and that they reviewed them together. [DE 355-1 at ¶46.] The declaration further asserts that Chuck "looked through" all the photos and after discussion, Lester authorized the use of three particular photos for the memorial magazine. [*Id*. at ¶¶46, 47.] Lester's declaration alleges that "Chuck asked me to leave all the China Photos and the negatives with him for a couple hours." [*Id*. at ¶48.]

This portion of the declaration is at odds with Lester's deposition testimony on the subject, in which he disclaimed any idea how Strantz might've gotten access to the negatives, and testified that Strantz "somehow gained access" to all the China photos

11

Appx 051

"unbeknownst to" Lester. [DE 360-1 at 40 (104:2-6).] At the time of his deposition in 2021, Lester could not recall what photos he'd given Strantz. [DE 360-1 at 40 (104:20 - 105:10).] But by his declaration in February 2023, more than a year later, Lester attests specifically that he brought all the China photos to his meeting with Strantz, who reviewed them in Lester's presence, and then Lester left Strantz with the entire set of photos and negatives after the meeting. [DE 355-1 at ¶¶46, 48.] The new version of Lester's account fits much more neatly with his assertion that, via Strantz, LeSEA swiped the Traveler Photo from its rightful owner.

"[R]elying on recollection does not mean the plaintiff may survive summary judgment where his recollection is flatly refuted by other evidence in the record or his story is so internally inconsistent or implausible on its face that no reasonable person would believe it." *Melton v. Tippecanoe County*, 838 F.3d 914, 819 (7th Cir. 2016) (internal quotation marks and citations omitted). I can (and do) disregard the portions of Lester's new declaration pertaining to his interaction with Strantz concerning the China photos, because they contradict his prior sworn deposition testimony relevant to material facts as to the critical issue of work for hire. *Castro v DeVry University, Inc.*, 786 F.3d 559, 571-72 (7th Cir. 2015); *Shanehsaz v. Johnson*, 259 F.Supp.3d 894, 897 n. 3 (S.D.Ind. 2017). Neither can Lester's deposition speculation about Strantz's behavior be considered.

In his deposition testimony, Lester described the purpose of the China trip as for Dr. Sumrall "to show me the accomplishments that he had done" as "a pastor in Hong Kong back in the 1950's." [DE 360-1 at 43 (109:5-8)]. Lester's later declaration gives

12

quite a different account: "In mid-February of 1994, my grandfather invited me to
accompany him on a trip to China. But, as he explained to me, this was going to be a
very different type of trip than our previous trips. This was a secret trip to meet the
underground, persecuted Church in mainland China." [DE 355-1 at ¶26.] Somewhat at
odds with that purpose, Lester also claims that "Dr. Sumrall told me that he wanted me
to experience China, just as he had in 1936." [*Id.* at ¶27.] The declaration describes Dr.
Sumrall spending two days "teaching from the Bible inside this walled village," where
the Traveler Photo was taken. [*Id.* at ¶32.] Other photographs support this description,
depicting dozens of Chinese seated in an improvised lecture hall with Dr. Sumrall and a
translator addressing them. [DE 355-5 at 8, 17, 18, 19, 20, 26, 30.] Such conduct appears
entirely consonant with the international ministry efforts Lester describes in his
LinkedIn page describing his position with LeSEA.

Summary judgment is appropriate only when no reasonable jury could find for
the nonmovant. *Blasius v. Angel Auto., Inc.*, 839 F.3d 639, 644 (7th Cir. 2016). But it is
also true that "[a]t the summary judgment stage, facts must be viewed in the light most
favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."
*Scott v. Harris*, 550 U.S. 372, 380 (2007), citing Fed. Rule Civ. Proc. 56(c). *See also Horton
v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018). In *Scott*, the Supreme Court reviewed its
holdings that summary judgment is not defeated by insubstantial attempts to create
disputes of material fact.

> As we have emphasized, '[w]hen the moving party has carried its burden
> under Rule 56(c), its opponent must do more than simply show that there

13

is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587...(1986) (footnote omitted)....When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007).

In considering a motion for summary judgment the court is not " 'obligated ... to assume the truth of a nonmovant's conclusory allegations on faith[.]" *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1040 (7th Cir. 2021) (internal citations omitted).

Reviewing the entire record that is presented to me after five years of this litigation, I conclude that Lester's scant and inconsistent claims about his role in taking the Traveler Photo are insufficient to defeat summary judgment supported by LeSEA's undisputed evidence that the photo, assuming it was taken by Lester, was a work for hire. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Because I conclude that no reasonable jury could find that Lester took the Traveler Photo in his personal capacity rather than within the scope of his employment with LeSEA, the copyright, as a matter of law, belongs to LeSEA, and summary judgment will be granted to LeSEA on Count X of Lester's counterclaims.

14

**Establishing Copyright**

The fact that Lester registered a copyright in the Traveler Photo does not prevent summary judgment in LeSEA's favor. Registration of copyright is a prerequisite to enforcement: "an application to register must be filed, and either granted or refused, before suit can be brought." *Gaiman*, 360 F.3d at 654-55, citing 17 U.S.C. §411(a). The elements of a copyright infringement claim are "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Design Basics, LLC v. Signature Construction, Inc.*, 994 F.3d 879, 886 (7th Cir. 2021) (citation omitted). LeSEA argues that Lester's belated copyright registration of the Traveler Photo, occurring 20 years after the image was first published by LeSEA, is not entitled to any presumption of validity, and that, without such a presumption, Lester has not met his burden to establish that he has any rights in the Traveler photo.

The Copyright Act provides that "[i]n any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. §410(c). Lester's registration of the Traveler Photo exceeds this by more than a dozen years, and so falls within the next sentence of the statute: "The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." *Id.* In any event, the certificate of registration merely gives rise to a rebuttable presumption of copyright ownership, "and the burden of proof regarding ownership remains with the plaintiff." *Health King Enterprise, Inc. v. Dalian Health King Products*

15

*Co., Ltd.*, Case No. 19 C 1878, 2020 WL 1201533, at *5 (N.D.Ill. Mar. 12, 2020), citing *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 721 (7th Cir. 1995). I will not accord Lester's copyright registration a presumption of ownership in his favor.

First, Lester's long-delayed registration of copyright in the Traveler Photo, despite LeSEA's open use of the image for many years with no assertion of copyright by Lester, makes a presumption of the validity of Lester's 2017 registration inappropriate. "[W]hen there is a long lapse of time between publication and registration, it is less likely that the facts stated in the certificate are reliable." *Design Ideas, Ltd. v. Meijer, Inc.*, No. 15-cv-03093, 2016 WL 4487830, at *6 (C.D.Ill. Aug. 25, 2016), citing 3 Nimmer on Copyright §12.22[A][1]. Second, and in any event, I have found that no reasonable jury could conclude that the Traveler Photo wasn't a work for hire. Therefore, the copyright registration does not establish Lester's ownership of the Traveler Photo.

**LeSEA Global Feed the Hungry**

Finally, as to LeSEA Global in particular, movants argue that Lester has not presented any evidence that LeSEA Global ever used the Traveler Photo, so that LeSEA Global is entitled to summary judgment. Because Lester is unable to dispute that the Traveler Photo was a work for hire, LeSEA Global is entitled to summary judgment on Lester's infringement claim along with all the other LeSEA entities, and I do not address the adequacy of Lester's proof the LeSEA Global used the Traveler Photo.

16

**Other Issues**

Having explained my reasoning based on the evidence, disputed and undisputed, that I find to be material, I offer brief comments on a few issues raised by the parties that I find do not impact the analysis and do not merit much discussion.

Lester frequently asserts that the various LeSEA organizations were "controlled" by Stephen Sumrall, Peter Sumrall, or Peter's children. [*See, e.g.,* DE 345 at 8; DE 360 at ¶¶8, 9, 10; DE 374 at ¶¶8, 9, 10.] The assertion may or may not be objectionable as argument, but where it is made as a statement of fact, counsel should know better than to use such an argumentative characterization of a person's role as a member of a board of directors.

LeSEA objects to Lester's reliance on declarations from Paul Anderson [DE 346-23], Terrence Reasor, Jr. [DE 346-24], Douglas Garlinger [DE 346-31] and Gregory Cronkright [DE 346-38] on the ground that they are previously undisclosed witnesses. [DE 359 at 12.] Because I conclude that the substance of these witnesses' declarations is irrelevant to my analysis, I do not address LeSEA's evidentiary objections.

As one basis for questioning the reliability of Lester's copyright registration, LeSEA has raised an issue about whether Lester has appropriately disclosed the "Deposit Copy" of the Traveler Photo submitted to the Copyright Office with his application for copyright. [DE 359 at 8; DE 370 at 5; DE 381 at 11.] The argument has spawned bickering between the parties that is typical both for its vehemence and its pointlessness. I have not relied on the deposit copy argument but have instead

17

**Appx 057**

explained other reasons for declining to afford the registration a presumption of validity. As LeSEA itself ultimately says, I "need not unsnarl this jumble." [DE 382 at 5.] Lester's related Motion for Status Hearing or Alternatively Leave to Refile a Photograph Exhibit [DE 383] will be denied.

Any additional arguments or issues I have not expressly addressed in this opinion are omitted because I find them to be unpersuasive or immaterial.

### Conclusion

LeSEA will be granted summary judgment on Lester Sumrall's Count X, his counterclaim for copyright infringement as to the Traveler Photo because I conclude as a matter of law that no reasonable jury could find that Lester owns the copyright.

"Sibling squabbles are commonplace and can be mild. But when disagreements arise over property after parents' deaths, rifts may become serious, with lengthy litigation separating family members." *Gittings*, 109 N.E.3d at 966. From all accounts of the man and his life's work, no one can doubt that Dr. Lester Frank Sumrall would be gravely disappointed, if not heartsick, at the ugly family disharmony in the wake of his death. Today's decisions lay to rest the final remaining disputes before this court.

### ACCORDINGLY:

Counterclaim defendants' Motion for Summary Judgment on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement, Count X of the Second Amended Counterclaim [DE 340] is GRANTED.

18

Counterclaim plaintiff Lester Sumrall's Motion for Summary Judgment [DE 344] is DENIED.

Lester Sumrall's Motion for Status Hearing or Alternatively Leave to Refile a Photograph Exhibit [DE 383] is DENIED.

Based on my summary judgment rulings in two separate opinions this date, this case shall be CLOSED. The Clerk shall enter final judgment in favor of the remaining counterclaim defendants and third-party defendants (LeSEA, Inc., Family Broadcasting Corporation, LeSEA Global Feed the Hungry, Inc., Adam Sumrall, Stephen P. Sumrall, David M. Sumrall, Angela N. Grabowski, and Andrew J. Sumrall) and against Lester Sumrall and the Lester Sumrall Family Trust as counterclaim-plaintiffs and third-party plaintiffs.

**SO ORDERED.**

ENTERED: August 22, 2023.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

19

Appx 059

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
 2                    SOUTH BEND DIVISION

 3    LESEA, INC., FAMILY              )
      BROADCASTING CORPORATION and     )    Cause No.:
 4    LESEA GLOBAL FEED THE HUNGRY INC.,)   3:18-cv-914-PPS-MGG
                                       )
 5     Plaintiffs,                     )
                                       )
 6          vs.                        )    October 14, 2021
                                       )
 7    LESEA BROADCASTING CORPORATION,  )
      LESTER SUMRALL, DR. JOHN W.      )
 8    SWAILS III, and EDWARD WASSMER,  )
                                       )
 9     Defendants.                     )
      _____)
10                                     )
      LESTER SUMRALL and THE LESTER    )
11    SUMRALL FAMILY TRUST,            )
                                       )
12     Counterclaim Plaintiff and      )
       Third-Party Plaintiffs,         )
13                                     )
            vs.                        )
14                                     )
      LESEA, INC., et al,              )
15                                     )
       Counterclaim Defendants and     )
16     Third-Party Defendants.         )
      _____)
17                                     )
      FRANK LESTER SUMRALL             )
18                                     )
       Intervenor-Plaintiff,           )
19                                     )
            vs.                        )
20                                     )
      LESTER SUMRALL, Individually     )
21    and in his capacity as Trustee   )
      of THE LESTER SUMRALL FAMILY     )
22    TRUST,                           )
                                       )
23     Defendant.                      )
```

**TRANSCRIPT OF STATUS CONFERENCE**
**BEFORE THE HONORABLE PHILIP P. SIMON**
**UNITED STATES DISTRICT JUDGE**

———Ashley N. Stokes, CSR, RPR———

**Appx 060**

```
 1   APPEARANCES:

 2   For Plaintiff/              LOUIS T. PERRY
     Counter-Defendant:          FAEGRE DRINKER BIDDLE & REATH LLP
 3                               300 N. Meridan Street, Suite 2500
                                 Indianapolis, IN  46204
 4                               (317) 237-0300
                                 Louis.Perry@faegredrinker.com
 5

 6   For Defendant/              CHANNING B. HESSE
     Counter-Plaintiff:          GROGAN HESSE & UDITSKY PC
 7                               Two Mid America Plaza, Suite 110
                                 Oakbrook Terrace, IL 60181
 8                               (630) 833-5533
                                 Chesse@ghulaw.com
 9

10   For Defendant/              CAMERON M. NELSON
     Counter-Plaintiff:          GREENBERG TRAURIG LLP
11                               77 W. Wacker Drive, Suite 3100
                                 Chicago, IL 60601
12                               (312) 456-5600
                                 Nelsonc@gtlaw.com
13

14   For Plaintiffs/            ELIZABETH A. CHARLES
     Counterclaim Defendants/   FAEGRE DRINKER BIDDLE & REATH
15   Third-Party Defendants:    300 N. Meridian Street, Suite 2500
                                 Indianapolis, IN  46204
16                               (317) 237-0300
                                 Elizabeth.Charles@faegredrinker.com
17

18   For Counterclaim Defendant: DAVID L. MIRKIN
                                 MIRKIN LAW OFFICES PC
19                               205 W. Jefferson Blvd., Suite 205
                                 South Bend, IN 46601
20                               (574) 232-1000
                                 Dmirking@mirkinlaw.com
21

22

23

24   Proceedings reported by stenotype.  Transcript produced by
     computer-aided transcription.
25
```

1     (The following proceedings were held in open court,

2      commencing at 9:33 a.m., reported as follows:)

3     (Call to Order of the Court.)

4         **THE COURT:**  We're on the record in 3:18-CV-914.

5 It's *LeSEA, Inc. v. LeSEA Broadcasting.*  I won't bother

6 announcing the entirety of the caption here.

7         Can I have everybody introduce yourselves to me so I know

8 who I'm dealing with?  Start over here.

9         **MR. NELSON:**  I am Cameron Nelson, Your Honor.

10         **THE COURT:**  All right.  Mr. Nelson.

11         **MS. HESSE:**  Channing Hesse on behalf of the

12 defendant and counter-plaintiff.

13         **THE COURT:**  Ms. Hesse.  All right.

14     Sir?

15         **MR. PERRY:**  Lou Perry on behalf of plaintiffs and

16 counterclaim defendants as well as third-party defendants.

17         **THE COURT:**  Okay.  Ma'am?

18         **MS. CHARLES:**  Elizabeth Charles on behalf of

19 plaintiffs/counterclaim defendants and third-party defendants.

20         **THE COURT:**  Can you tell us your last name again?

21         **MS. CHARLES:**  Charles.

22         **THE COURT:**  Spell it.

23         **MS. CHARLES:**  C-H-A-R-L-E-S.

24         **THE COURT:**  Okay.  And is this your client, or who

25 is this gentleman?

1    **MR. MIRKIN:**  I'm David Mirkin.  I am the attorney

2  for counterclaim defendant Stephen Sumrall.

3        **THE COURT:**  Okay.  Got it.  All right.

4      So I thought after looking at all of the filings in this

5  case it was time for us to have a chitchat because this

6  litigation's getting out of control, in my opinion, and I'm

7  going to get it in control.  We are on our -- so currently

8  pending there's 12 motions, as I see it.  Seven are discovery

9  motions for Gotsch to handle, and five are before me as far as

10 I can understand.

11     The plaintiff has -- I think is now on their fifth effort

12 to beat off the counterclaim, and I'm just getting a little

13 tired of it, candidly, and so I want to have a discussion here

14 about how we can expeditiously move this case through the

15 system and get to the bottom of what happened and whether

16 anybody is owed a judgment.  That's what my goal is, and it

17 should be your goal too.  So let's start by talking about this

18 judgment on the pleadings that's trying to pick off a couple of

19 the counterclaims.

20     Who can I talk to on this side?  You, Mr. Perry?

21        **MR. PERRY:**  Yes, Your Honor.

22        **THE COURT:**  Okay.  So why don't you tell me why

23 those claims -- as I understand it, you're trying to get rid of

24 the Crime Victims' Relief Act claim.

25        **MR. PERRY:**  Correct.

         **THE COURT:**  Which is really an effort to get rid of

the treble damages.  That's really what we're talking about

there.

         **MR. PERRY:**  Yes.

         **THE COURT:**  And the other issue deals with -- I was

reading about this last night.  Refresh my memory.

         **MR. PERRY:**  It's the right of publicity, Your Honor.

         **THE COURT:**  Oh, the right of publicity, whether or

not you have to own more than 50 percent of what we're talking

about in order to have such a claim, correct?

         **MR. PERRY:**  That's correct, Your Honor.

         **THE COURT:**  Why don't you flesh out your position

for me.

         **MR. PERRY:**  So our position --

         **THE COURT:**  When you're talking to the Court, you're

welcome to remove your mask just so, you know, my reporter here

can --

         **MR. PERRY:**  Thank you, Your Honor.  That makes it a

little bit easier.

     The publicity statute is very clear about the rights you

need in publicity rights to enforce a violation or enforce your

own rights, and you need at least 51 percent.  In the

complaint, the trust alleges that it only owns one-third of the

publicity rights.  That is simply not enough to support a claim

under the publicity statute for violation of Dr. Sumrall's

1  publicity rights.

2         **THE COURT:**  And the publicity rights we're talking

3  about, the original founder here, Dr. Lester Frank Sumrall.

4         **MR. PERRY:**  Yes.  We'll call him Dr. Sumrall today.

5  It's probably the easiest way to do that.

6         **THE COURT:**  Fair enough.

7         **MR. PERRY:**  So assuming, just for the sake of

8  argument, that Dr. Sumrall's publicity rights were divided as

9  the trust claims they were intended to be divided, one-third,

10  one-third, one-third, they simply don't have 50 percent to

11  enforce.

12     I believe in the --

13         **THE COURT:**  That's kind of black-letter law from

14  your perspective.

15         **MR. PERRY:**  It is.

16         **THE COURT:**  If you're going to bring a claim of sort

17  of stealing the right to publicity, to cut through it you have

18  to own at least half of the publicity at issue.

19         **MR. PERRY:**  That's correct.  And I think the intent

20  behind that is to prevent this very situation where a

21  personality's publicity rights are scattered to the wind among

22  heirs and everyone sues each other, and that's sort of what we

23  have here.

24     In addition to that black-letter law, there is additional

25  black-letter law that says that the publicity statute's

1  prohibitions on use do not apply to certain contexts.  They

2  don't apply to television programs, they don't apply to radio

3  broadcasts, and they don't apply to informational or historical

4  or newsworthy items.

5          **THE COURT:**  What does that mean?  Give me some

6  context.

7          **MR. PERRY:**  So with respect to television programs,

8  there is not a definition of that term in the statute.  Here we

9  have a television program called, "The Dr. Lester Sumrall

10  Teaching Series," which was aired every day twice a day until

11  roughly 2020.  Our contention is that even if the trust has

12  enough of a claim to Dr. Sumrall's publicity right, that that

13  claim would not apply to the use of Dr. Sumrall's image in this

14  television program.

15          **THE COURT:**  But their claim, assuming they can bring

16  it because they have enough of it, is broader than that, isn't

17  it?

18          **MR. PERRY:**  Well, it is very broad.  They have --

19  they seem to have taken the position that the mere utterance of

20  his name is enough to rise to the level of a publicity

21  violation.  You know, practically speaking, Dr. Sumrall is a

22  founder of all these entities and, practically speaking, we do

23  refer to him occasionally.  We refer to him in donation

24  letters.  Drew Sumrall, for example, will refer to his

25  grandfather's mission.  We refer to him in -- occasionally,

1   there's some Internet posts that refer to him.  There was a

2   memorial garden in his honor.  Those things --

3           **THE COURT:**  Does the statute exempt online --

4           **MR. PERRY:**  Excuse me?

5           **THE COURT:**  I'm sorry.  Does the statute exempt

6   online the way it would exempt television programming?

7           **MR. PERRY:**  It doesn't make a distinction,

8   Your Honor.  When you say, "online" --

9           **THE COURT:**  Is that to say that if something is

10  online but not on television, then it's not exempt?

11          **MR. PERRY:**  I don't think the statute contemplated

12  streaming, if that's what you're asking.

13          **THE COURT:**  Well, that's one thing I'm asking.  But

14  I'm asking, I guess more specifically, if somebody were to --

15  if you operate a website that touts Dr. Sumrall's good work, is

16  that exempted from the statute, or is it just broadcasting?

17          **MR. PERRY:**  So if we're touting Dr. Sumrall's good

18  work, are you talking about in audiovisual form or written

19  form?

20          **THE COURT:**  Well, let's say audiovisual.

21          **MR. PERRY:**  So if it's --

22          **THE COURT:**  There's a link that you can click on,

23  and there's a speech from Dr. Sumrall.

24          **MR. PERRY:**  I believe that that would be exempt,

25  Your Honor.

1          **THE COURT:**  Why?

2          **MR. PERRY:**  Because there -- practically in today's

3    day, there is no distinction between television, broadcasting,

4    and broadcasting online.

5          **THE COURT:**  Well, sure, there is.  That doesn't make

6    any sense.  Of course, there's a distinction between those.  If

7    I embed a video into an e-mail to somebody, no one would

8    characterize that as broadcasting.

9          **MR. PERRY:**  Well, no, your e-mail wouldn't be

10   broadcasting.  It would depend on where the video was hosted.

11         **THE COURT:**  Okay.  But the statute doesn't speak to

12   any of this.  Is that fair to say?

13         **MR. PERRY:**  I think that's fair to say it's not

14   explicit, that's correct.  It does speak explicitly to our

15   broadcast of the program on television for 25 years.

16         **THE COURT:**  Okay.  I understand.  Can you talk to me

17   about the Crime Victims' Relief Act portion of this?

18         **MR. PERRY:**  Yes, Your Honor.  The Crime Victims'

19   Relief Act -- and I believe it's actually a case perhaps you

20   drafted.

21         **THE COURT:**  Yeah, I remember it.

22         **MR. PERRY:**  It is not an assignable right.  And here

23   the trust is bringing rights that it purports that they claim

24   were assigned to it by Frank Sumrall.  And if the Crime

25   Victims' Relief Act --

1          **THE COURT:**  That was that Duesenberg case, right?

2          **MR. PERRY:**  That's correct.

3          **THE COURT:**  That crazy -- wow, that was a crazy

4    case.

5          **MR. PERRY:**  I was trying to get the facts straight

6    on that case.

7          **THE COURT:**  The guy ended up getting like a 90-year

8    prison sentence down in Indianapolis.  Tim Durham was his name.

9          **MR. PERRY:**  Yeah.  So this is really no different

10   than that.  If there was a crime committed and if Frank had a

11   right to recover under the ICVRA, that right is personal to him

12   and cannot be assigned.

13       I will admit that the version of the statute that you

14   addressed in the Duesenberg case is a prior version of the

15   Indiana Crime Victims' Relief Act.  Substantively, there is

16   nothing that changed that would alter that.

17         **THE COURT:**  Yeah.  We went back and looked at some

18   of the cases that I had relied upon in that case and, candidly,

19   my opinion may have been broader than what the Indiana

20   Appellate Court cases were really getting at.  What they were

21   really getting at is you can't assign the ability to get treble

22   damages.  But whether or not the claim itself can be assigned

23   may be a different analysis.  But if you can't get the treble

24   damages, what's the point of this?

25         **MR. PERRY:**  Right.

1        **THE COURT:** So in the end it may not matter. Okay.

2  So who can I talk to over here about this claim?

3        **MS. HESSE:** (Indicating.)

4        **THE COURT:** Ma'am.

5        **MS. HESSE:** About the Crime Victims' claim, you

6  know, Mr. Perry did mention that the code was amended. It was

7  amended, and in the current code it just doesn't state that the

8  claims can't be assigned. And, in fact, where we found some

9  evidence to the contrary is in the restitution order of the

10  code, which actually states -- and I'll quote -- "The Court may

11  order the person to make restitution to the victim of the

12  crime, the victim's estate, or the family of a victim who is

13  deceased." So it does appear to actually allow for this. And

14  this is exactly what was done in our case is we created a trust

15  for purposes of handling the -- or holding and pursuing and

16  prosecuting --

17        **THE COURT:** Well, that would have been fine it Frank

18  created the trust, who was the heir, but the trust was actually

19  created by his son, right? Am I understanding that right?

20        **MS. HESSE:** Yes. I mean, pursuant to a power of

21  attorney and -- which has also been -- and that assignment of

22  his rights has been ratified by Frank.

23        **THE COURT:** Okay. But I guess I don't see how

24  that's addressing the issue.

25        **MS. HESSE:** Well, the trust is really just a vehicle

1  in which to bring the claims, and so given that the code allows

2  for the restitution to not only go to the victim but the

3  victim's estate and the family of the victim, we really have

4  the same situation.  We've got a trust that represents the

5  victim's family.

6       **THE COURT:**  When was the code amended?

7       **MS. HESSE:**  The effective date of Indiana Code

8  34-24-3-1 is July 1, 2019.

9       **THE COURT:**  Okay.  Have there been any appellate

10  court cases dealing with the issue of assignment subsequent to

11  that?

12       **MS. HESSE:**  I don't think we found any.  I know we

13  looked.

14       **THE COURT:**  How was the code -- how was the code

15  changed?

16       **MS. HESSE:**  Well, it certainly just doesn't have the

17  language that they're citing to which says that it can't be

18  assigned.

19       **THE COURT:**  So did it used to say that it could not

20  be assigned specifically and then the change in the code

21  removed that?  Is that what you're suggesting?

22       **MS. HESSE:**  Yes.  I don't have the original code in

23  front of me, and I don't have their motion in front of me.

24  Maybe that's something --

25       **THE COURT:**  Is that what you're saying, Mr. Perry?

 1          **MR. PERRY:**  No, Your Honor.  I don't believe that

 2    language was ever in the code.

 3          **THE COURT:**  Yeah, I didn't think so either.

 4          **MR. PERRY:**  I think my reply brief lays out some

 5    argument with respect to the restitution claim as well.  That's

 6    right, I don't believe it was ever in the code.

 7          **THE COURT:**  Yeah.  Okay.  I'll have to look at it.

 8    This isn't helping me.

 9          **MS. HESSE:**  Sorry.

10          **THE COURT:**  So if -- okay.  Do you want to address

11    the other issue?

12          **MS. HESSE:**  Yes.  Yes, the other issue.  So on the

13    50 percent issue, Your Honor, there's -- certainly, the

14    counterclaim isn't perfect in terms of our definitions, but we

15    did allege in paragraph 90 and 91 of our counterclaim that

16    Frank Sumrall actually owns the full right of publicity.  And

17    the reasoning behind that, which has now been supported by more

18    evidence that we have discovered in discovery here, is that

19    there was a waiver of, you know, the inheritance by both Peter

20    and Steve.

21          **THE COURT:**  How did they do that?  Why would they do

22    that?

23          **MS. HESSE:**  Well, there's a good reason.  What they

24    did is instead of taking anything personally, which then would

25    force them to have to give a portion to Frank, they then

1  decided -- because they were the ones that were in control of

2  LeSEA at the time and they were the controlling board members

3  along with controlling officers.  They just said, "Well,

4  Dr. Sumrall gave it all to the ministry."  And they took all of

5  his assets.  Put it all into the ministry.  Even cashed the

6  bonds that were in his name, put it all in the ministry, and

7  then took out money through their role as officers and as board

8  members.

9        **THE COURT:**  What does that have to do with suddenly

10  your client, through the trust, becomes the 100 percent owner?

11  I'm not -- one plus one isn't equalling two, to me.

12        **MS. HESSE:**  Judge, if you don't mind giving me a

13  second here.  We argued this in our response.  So there's this

14  concept in probate law that you can actually disclaim your

15  inheritance, and that's what we're alleging.  There was an

16  affirmative duty on the part of Steve, as Executor, to actually

17  act, but they abandoned their inheritance for the benefit of

18  LeSEA, allowing the LeSEA entities then to exploit

19  Dr. Sumrall's assets.

20        **THE COURT:**  You're characterizing it as an

21  abandonment.  Isn't it really that they essentially assigned

22  their own inheritance to the organization?

23        **MS. HESSE:**  You know, that would be interesting if

24  we saw an actual written assignment, and you can't do --

25        **THE COURT:**  But de facto that's what happened,

1  right?

2        **MS. HESSE:**  Possibly.  But you can't do it on an

3  intellectual property right unless it's in writing.  And that's

4  exactly what we're talking about here, the intellectual

5  property right of right of publicity.

6        **THE COURT:**  Do you want to respond to any of that?

7        **MR. PERRY:**  My only response to that would be that

8  the disclaimer statute under the probate code requires there to

9  be -- I'm sorry.  I don't have this pleading up in front of me.

10  My recollection, and I'm very certain, requires there be a

11  writing, and I assume the reason behind that is we don't want

12  people accidently disclaiming inheritances.

13        **THE COURT:**  Right.  Well, I'll dig into this.  In

14  all likelihood, both these claims are going to go by the

15  wayside, just to let you know.  I'm not impressed with either

16  of them, you know.  I have to dig into it.  Maybe you're right.

17  But my initial instincts are that in all likelihood they're

18  going to be dismissed, and dismissed with prejudice, because we

19  got to close the pleadings here.  That's what we got to do,

20  which brings me to this kerfuffle over your summary judgment

21  and whether you should be given more time to respond to it.

22      Mr. Perry, you guys have been -- this is like your -- you

23  have a motion for judgment on the pleadings still pending, and

24  I tend to agree with you on a couple of these counts, but

25  whatever.  I'll get to it.  But before I even have a chance to

1  get to it, there's a summary judgment filed.  Listen, I don't

2  understand that, so help me out here.

3          **MR. PERRY:**  Sure, Your Honor.

4      The summary judgment was filed because we managed to

5  finally take the deposition of Frank Sumrall, whose rights are

6  being enforced.  Frank in his deposition says a number of

7  things that are very troubling to us, and I'll just go through

8  them.

9      He claims that no one concealed the will from him.  I

10  believe I asked about every party.  He claims he wasn't

11  defrauded.  He claims no one owes him money.  And, what's more,

12  he claims in very specific testimony that he knew about the

13  will in 1996 but just didn't much appreciate it or care about

14  it at the time.  I'm paraphrasing.  And now here we are in 2021

15  after having dealt with various pieces of litigation stemming

16  from his son Lester, we're now here with more litigation

17  related to the trust.

18      Maybe that would be okay, but we're also dealing with

19  these attempts to really dig into our books and records over

20  the course of, you know, 25 years, many records of which we

21  just simply don't have anymore.

22      In addition -- and I -- you know, this is a peculiar

23  aspect of the case.  Lester has been taking actions against us

24  for a number of years and has lost all of those actions.  It's

25  resulted in a lot of time and effort.  So when we got that

1   testimony, we filed a summary judgment motion because we --

2       **THE COURT:**  Let me ask you a question:  What

3   happened to Frank's third -- what was it?  He sought to

4   intervene here --

5       **MR. PERRY:**  Uh-huh.

6       **THE COURT:**  -- and at the time he had that lawyer

7   from Bloomington, if I'm remembering right.

8       **MR. PERRY:**  Yes, Mike Allen.

9       **THE COURT:**  And he was like, "Woe, woe.  Time out.

10  I don't want Lester doing this."  And so what happened?

11      **MR. PERRY:**  Well, I can --

12      **THE COURT:**  Yeah, I'm curious why --

13      **MR. PERRY:**  So Frank and Lester entered into a

14  settlement agreement.  Frank ratified -- or at least there's a

15  document out there that purports to be Frank ratifying the

16  assignment that took --

17      **THE COURT:**  Recently ratifying, you mean, when they

18  settled the lawsuit?

19      **MR. PERRY:**  Yes.  I believe it was ratified back to

20  the date of the assignment.

21      But when that happened, Frank withdrew from the case.

22  Initially, when Frank found out about all of this, it threw a

23  monkey wrench into a lot of things.  They have settled, and now

24  Frank's apparently fully on board, or maybe just doesn't

25  care -- I don't quite know -- with Lester and the trust.

1          **THE COURT:**  Okay.

2          **MR. PERRY:**  And the testimony he gave that I was

3    referring to was after this ratification.

4          **THE COURT:**  So was that a complaint in intervention,

5    or was there a third-party action?  Refresh my memory on that.

6          **MR. PERRY:**  So he filed a complaint intervention in

7    this case.

8          **THE COURT:**  Correct.

9          **MR. PERRY:**  He also filed just a new action in state

10   court.

11         **THE COURT:**  Okay.

12         **MR. PERRY:**  And that was also dismissed.

13         **THE COURT:**  Dismissed as a result of this

14   settlement.

15         **MR. PERRY:**  Correct.

16         **THE COURT:**  Can you shed any light on this?

17         **MS. HESSE:**  Yes, Your Honor.

18      We know exactly what happened.  In the very beginning of

19   this case, there was a mediation that took -- an all-day

20   mediation.

21         **THE COURT:**  Yeah, it was here.  I remember it.  This

22   was like three years ago now, right?

23         **MS. HESSE:**  Yes.  Right, right.

24         **THE COURT:**  How are things going since?

25         **MS. HESSE:**  Well, difficult.  But that mediation

1    ended up with a settlement of Lester's bond claims.  He

2    inherited some bonds from his grandfather.  It did not settle

3    Frank's claims, Frank's being the trust claims.  And what

4    was --

5              **THE COURT:**  You mean the ones you're presently

6    bringing in the counterclaim?

7              **MS. HESSE:**  Yes.  And what happened is that the

8    LeSEA current board member, Andrew Sumrall, started talking to

9    Frank and telling Frank that --

10             **THE COURT:**  That's his uncle, right?

11             **MS. HESSE:**  Yes.

12       -- Lester settled your claims.  Lester's taking your

13   claims away.  So instead of coming to us and working it out, he

14   got an attorney, filed suit.  As soon as we spoke with the

15   attorney, showed him what had really happened at that

16   mediation, showed him that we'd brought the trust claims, those

17   were still proceeding --

18             **THE COURT:**  Wait a minute.  That lawyer was here

19   during the mediation.

20             **MS. HESSE:**  Yes.  Well, there was two.

21             **THE COURT:**  Oh, there was a prior mediation?

22             **MS. HESSE:**  Yes.

23             **MR. PERRY:**  The prior mediation --

24             **THE COURT:**  That's what I'm getting confused about.

25   Okay.  I understand.

1          **MS. HESSE:**  So there was some deception going on

2    behind the scenes as to what really happened at that very first

3    one.

4               **THE COURT:**  I see.

5               **MS. HESSE:**  And that's what caused the breakdown in

6    communication.  As soon as myself and Frank's attorneys, the

7    attorneys from Bloomington, Mike Allen and Dustin Plummer,

8    started talking, we were open with them.  They were open with

9    us.  We settled the case.  We settled the disagreement between

10   us.

11              **THE COURT:**  So Frank no longer has any interest in

12   this.

13              **MS. HESSE:**  He does through the trust.

14              **THE COURT:**  He's a beneficiary of the trust?

15              **MS. HESSE:**  Yes.

16              **THE COURT:**  And Lester is as well?

17              **MS. HESSE:**  Yes.

18              **THE COURT:**  Just those two?

19              **MS. HESSE:**  Yes, I believe so.  There might be

20   Lester's sister as well.

21              **THE COURT:**  I was going to ask does he have any

22   siblings?

23              **MS. HESSE:**  One.

24              **MR. NELSON:**  I believe the sister is still in the

25   trust as well.

1       **THE COURT:** Okay. But they're essentially all on

2 the same page now?

3       **MS. HESSE:** Yes.

4       **THE COURT:** Frank and his two kids?

5       **MS. HESSE:** Yes.

6       **THE COURT:** Okay.

7       **MS. HESSE:** We have been working closely with

8 Mike Allen and Dustin Plummer, and it just actually -- I don't

9 know why they delayed, but it has been settled for some time.

10 They just didn't move to dismiss it until recently.

11       **THE COURT:** Okay. So did Frank testify in his

12 deposition, "Yeah, I knew about this all along. I didn't care.

13 It doesn't matter to me back in the mid '90s," et cetera?

14       **MS. HESSE:** It's such a distortion, Judge. He said

15 it six times. Six times. "I didn't see this will until April

16 of 2017." He said it six times and, in fact, two years ago

17 when they were in probate court, he said the same thing two

18 years ago: "I never saw this will until April 2017."

19       **THE COURT:** So what's he referencing.

20       **MS. HESSE:** He's referencing one -- now, you have to

21 understand Frank's very elderly and can get confused easily.

22 And the way the questions came about, he was just agreeing with

23 Mr. Perry and made some off-the-cuff remark about, "Oh, yeah,

24 that was in '96." It wasn't. He said it six other times that

25 he never saw this will until 2017. And we know exactly what

1   the testimony is.  In fact, it was confirmed by Steve Sumrall

2   in his deposition.  So Steve Sumrall in his deposition --

3           **THE COURT:**  Meaning that they hid the will on Frank?

4           **MS. HESSE:**  Yes, he admitted it.  We never --

5           **THE COURT:**  Peter's deceased, the third brother?

6           **MS. HESSE:**  Yes.

7           **THE COURT:**  Is that right?

8           **MS. HESSE:**  Yes, yes.

9           **THE COURT:**  That's why the cousins are running the

10   business, cousins to Lester.

11           **MS. HESSE:**  Yes, yes.

12           **THE COURT:**  I'm just trying to --

13           **MR. PERRY:**  I can prepare another family tree,

14   Your Honor, if you'd like.

15           **MS. HESSE:**  It can get confusing.

16      But Steve admitted that he knew he was the Executor.  He

17   started taking an inventory of all the assets.  He started the

18   process, right, but then stopped.  And I asked him at his

19   deposition, "Why did you stop?  Why didn't you distribute the

20   assets?"

21      And he gave me three different answers through the

22   deposition.  First, it was, "Well, we were too busy trying to

23   keep things afloat."

24      Second time was, "Well, Frank was not there.  Frank just

25   wasn't there.  We couldn't find Frank."

 1     And then the third reason was, "I was too -- I was too

 2   busy."

 3     So there was three different reasons that he gave at the

 4   deposition.  He admits he did not do any distribution of the

 5   assets.  And then at a third deposition of Lester --

 6     **THE COURT:**  That's different from what you

 7   represented to me earlier.  Maybe I'm misunderstanding.  I

 8   thought you had told me that Stephen admitted in his deposition

 9   that he affirmatively withheld from Frank the existence of the

10   will.

11     **MS. HESSE:**  He says -- and I'd have to pull up -- he

12   says specifically, "I just assumed Frank knew about the will.

13   I assumed it."

14         **THE COURT:**  Okay.

15       **MS. HESSE:**  That's what he says.

16       **THE COURT:**  That's different from, "I hid it from

17   him."

18       **MS. HESSE:**  He certainly doesn't say he hid it from

19   him.  Then he also says that the will was always in LeSEA's

20   files.  Now, Frank wasn't working -- well, it's -- I'd have to

21   pull up the dates.  There was dates where he was working as an

22   associate pastor, but Frank didn't have this office in the

23   LeSEA building where this will was kept.

24     So what they're saying is, "Well, everybody knew about

25   it."  They point to one memo from one accountant who took the

**Appx 082**

will and faxed it off to somewhere in London, right?  Other

than that, there is absolutely no evidence that they gave Frank

a copy of the will, that they told Frank about the will, until

he starts asking about it at a Christmas lunch in 2016.

**THE COURT:**  Okay.  Well, that's -- okay.  I'm

understanding you.  But whether that's going to show -- it's

one thing to say there was administrative sloth.  It's another

thing to say there was fraudulent concealment, right?

**MS. HESSE:**  Well, Judge, we have other testimony on

that topic.

**THE COURT:**  Okay.  I'm not going to argue the

substance of it.  All along in this case, I'll be honest with

you, I'm very dubious on Frank sleeping on his rights.  We're

talking about ancient history.  I was 25 years old when this

happened.  I'm gilding the lily a little bit.  The point is

this is mid '90s stuff.  So you're going to have your full day

in court and be able to make your pitch, but I've been dubious

from a long time ago about the timeliness of these

counterclaims.  But we'll sort that out.  They're going to get

the opportunity to sort it out.

**MR. PERRY:**  Understood.

**THE COURT:**  They're going to be able to take their

discovery.  We got to get to the bottom here.  And then -- and

then everybody is going to have a full opportunity to brief

these matters, and if there's a question of fact, a jury's

```
 1   going to decide it.  But I'm not going to engage -- this is --
 2   respectfully, this is your fifth time to try to get rid of
 3   these claims, and I've spent a lot of time on these.  I got a
 4   lot on my plate, and I just feel like these efforts are not
 5   helpful.  They have to have an opportunity to do their
 6   discovery.
 7           MR. PERRY:  I understand, Your Honor.  And I guess
 8   it might be useful for everyone if we could determine what that
 9   discovery is because I can't.  It seems as if they want 15 more
10   depositions.
11           THE COURT:  Well, yeah, I'm not going to wade into
12   that.
13           MR. PERRY:  Okay.
14           THE COURT:  Honestly, because, unfortunately --
15   sometimes it's great; sometimes it's not so great -- our
16   division of labor in this court, you know, puts those decisions
17   with the magistrate judge.  And so you've got all sorts of
18   stuff pending in front of Judge Gotsch.  He's going to make the
19   decision.  If you disagree with them, then you bring it to me.
20   I'm not going to jump him on those.
21       But my instincts as it relates to their 54(d) motion is
22   I'm going to grant it.  We're going to get -- this is premature
23   to me.  I mean, I know you don't like that, but I really think
24   it's premature.  And so, you know, I'll get an order out to
25   you, but that's what it's going to say.  You'll have to fight
```

1  it out with Gotsch.

2      Let's talk about what is going on with these default

3  judgments.  So we got two defendants, one of whom -- actually,

4  there's not a request for an entry of default.  That's

5  Edward Wassmer.

6          **MS. HESSE:**  I don't believe Edward Wassmer -- well,

7  to be honest with you, I think based on the testimony that was

8  just given a week ago, wasn't even on the board, so I think he

9  should be removed, but --

10         **THE COURT:**  Okay.

11         **MS. HESSE:**  He hasn't been served.

12         **MR. PERRY:**  That's correct.

13         **THE COURT:**  Can we voluntarily dismiss him?  This is

14  your claim, right?

15         **MR. PERRY:**  No, this is my claim.

16         **THE COURT:**  Oh, it's the other way around.  I'm

17  getting confused.

18         **MR. PERRY:**  We've never been able to serve

19  Ed Wassmer.  Likely, yes, I would probably need to speak with

20  my client before making that representation, but based on the

21  testimony, as Ms. Hesse mentioned, it seems that Mr. Wassmer

22  may not have been on the board at the time that any of this

23  happened.

24         **THE COURT:**  I ask that you tend to that and let's,

25  you know --

1      **MR. PERRY:**  Certainly.

2      **THE COURT:**  So what about Dr. Swails?  Is that his

3  name?

4      **MS. HESSE:**  Dr. Swails, yes.

5      **MR. PERRY:**  Dr. Swails was on the board at the time

6  of the decision to change the name of the entity to LeSEA.  He

7  has been served.  He had the Fort Wayne firm of Barrett McNagny

8  enter an appearance on his behalf.  He has not answered the

9  complaint.  They withdrew.  I believe when Ms. Hesse entered

10  her appearance, it was not on behalf of Mr. Swails initially,

11  so Mr. Swails never responded to the complaint.  So we moved

12  for an entry of default.

13      **THE COURT:**  And that's still being briefed, right?

14  I think it's not -- we're still awaiting a reply, if I'm

15  remembering correctly.

16      **MR. PERRY:**  I believe there's a reply due --

17      **THE COURT:**  I think it's October 19th.

18      **MR. PERRY:**  That's right.  And I believe it might be

19  Ms. Hesse's reply brief, correct?

20      **MS. HESSE:**  I think it's your response --

21      **THE COURT:**  You had moved for entry of default.

22      **MR. PERRY:**  Yes.

23      **THE COURT:**  Have you responded yet?

24      **MS. HESSE:**  I moved to dismiss based on --

25      **THE COURT:**  Do you now represent Dr. Swails?

1         **MS. HESSE:** Yes. We filed an appearance on behalf

2 of Dr. Swails, and then we filed a motion to dismiss based on

3 lack of personal jurisdiction.

4         **THE COURT:** Fair enough. We'll talk about that in a

5 minute. Did you respond to their motion for entry of default?

6         **MS. HESSE:** No. I think we just moved for leave to

7 file the motion to dismiss.

8         **THE COURT:** Okay.

9         **MS. HESSE:** So we filed a motion for leave to file

10 that motion and filed our appearance at the same time.

11         **THE COURT:** Okay. I guess I'm not understanding the

12 procedural posture here.

13         **MR. PERRY:** I believe, Your Honor, they have not

14 responded to our motion.

15         **THE COURT:** For entry of default?

16         **MR. PERRY:** For entry -- no --

17         **MS. HESSE:** The default was entered --

18         **MR. PERRY:** -- default --

19         **THE COURT:** Don't talk over one another.

20         **MS. HESSE:** I'm sorry.

21         **MR. PERRY:** I'm sorry.

22         **THE COURT:** Go ahead.

23         **MR. PERRY:** An entry of default was made.

24         **THE COURT:** Oh, there's already been an entry of

25 default?

1          **MR. PERRY:**  Yes.

2          **THE COURT:**  This is actually for a default judgment.

3          **MR. PERRY:**  Yes.

4          **THE COURT:**  Oh, I apologize.

5          **MR. PERRY:**  And I think that's where the confusion

6    is.  The entry of default was entered.  If I recall correctly,

7    Ms. Hesse then filed a motion for leave to file a motion to

8    dismiss and to set aside the default entry.

9          **THE COURT:**  Okay.  So it was both.  Got it.

10          **MR. PERRY:**  And then we responded to that motion and

11   made a cross-motion for default.  We have not responded to the

12   motion to dismiss because it has not been technically filed

13   yet, I suppose.

14          **THE COURT:**  Maybe in a nutshell, this gives the best

15   example of my frustration in this case, you know, all this kind

16   of -- come on, man.

17      Do you have anything to say about this?

18          **MS. HESSE:**  Judge, we're exhausted.  I can tell you

19   that.  If he would have just called me and said, "Hey, you

20   never answered or appeared on behalf of Swails.  The prior

21   counsel did appear but they've withdrawn," I would have just

22   filed an appearance, and we would have gone about it that way.

23   We've got this -- they moved for entry of default.  The clerk

24   then defaulted Dr. Swails, so then I had no other choice but to

25   file a motion for leave to file.  After speaking to my new

1    client, Dr. Swails, found out that he's a professor at Oral

2    Roberts University and has --

3         **THE COURT:**  Had he been served?  Did he ignore this?

4         **MS. HESSE:**  He had been served, but the prior firm

5    had appeared on his behalf.

6         **THE COURT:**  Okay.

7         **MS. HESSE:**  So what happened is that the Court order

8    requiring him to answer after they withdrew never -- he never

9    received it.  So this whole time neither one of us was really

10   paying attention to Dr. Swails.  They, obviously, brought it to

11   my attention by virtue of filing this motion.

12        **THE COURT:**  He was on the board of LeSEA

13   Broadcasting Corporation?

14        **MS. HESSE:**  Yes.

15        **MR. PERRY:**  Yes.

16        **THE COURT:**  Is he a small player in this?

17        **MS. HESSE:**  Yes.

18        **MR. NELSON:**  He is not a --

19        **MR. PERRY:**  Your Honor, to be candid, after last

20   week's testimony from Lester in a deposition --

21        **THE COURT:**  Yeah, they were talking over you, so I

22   missed the beginning of that.

23        **MR. PERRY:**  I was just saying, to be candid, after

24   Lester's testimony last week in a deposition, it may be that

25   Swails goes by the wayside like Wassmer does.

Ashley N. Stokes, CSR, RPR

**Appx 089**

1     **THE COURT:** Okay. Here's what I'm going to ask you

2  to do. When we're done here today, you're going to talk about

3  what you're going to do with Swails.

4     **MR. PERRY:** Okay.

5     **THE COURT:** Let me know. Just call my assistant

6  here, Denise. If you need me to rule on something, I'll rule

7  on something. Listen, I've got limited resources. We're down

8  a judge. I've got 300 criminal cases, okay, and I'm being

9  avalanched here. So any help that you guys can reasonably give

10  me is appreciated. That's all.

11    No one's going to cry a river for me. I get that. I'm

12  not asking for that. But I want to resolve disputes that need

13  to be resolved. I don't want to resolve things that are

14  meaningless.

15    What else can we talk about today?

16     **MS. HESSE:** Judge, I think one of the biggest

17  hurdles is just the discovery motions. So we've got two

18  motions to quash subpoenas. So where they say they can't give

19  us documents, for some reason, I've gone out to third parties

20  to get them, and then they move to quash those. So those are

21  probably the most significant for me as well as my motion to

22  modify the scheduling order.

23     **THE COURT:** And that's all the stuff that's pending

24  in front of Gotsch, right?

25     **MS. HESSE:** Yes. Yes.

1      Is the motion to modify the scheduling order also in front

2   of Judge Gotsch?

3          **THE COURT:**  Yes, but let's talk about that.  One of

4   the things I didn't understand in this case -- and maybe Mike

5   can explain it to me.  I didn't understand -- and maybe I

6   misread this, but the deadline for expert discovery was prior

7   to the deadline of fact discovery, and I didn't understand

8   that.

9          **MS. HESSE:**  In the last status, Judge Gotsch

10  actually eliminated all the expert discovery deadlines.

11         **THE COURT:**  Okay.  Because they were July 1st where

12  fact discovery was November 1st, and that seemed like the -- is

13  that just an error or was that by design?

14         **MR. PERRY:**  I think, Your Honor, it was the result

15  of fact discovery getting extended a couple of times with no

16  one paying attention to the expert discovery.

17         **THE COURT:**  I got it.  So it was just a mistake.

18  People just lost track of the dates.

19         **MR. PERRY:**  And I think we corrected that in -- I

20  forget the hearing.  It may have been in March -- Channing, I

21  could be wrong -- when we corrected that.

22         **MS. HESSE:**  I don't remember that.

23         **MR. PERRY:**  Neither do I.  But we did correct it and

24  it's now anchored to --

25         **MS. HESSE:**  I don't believe there's an expert

1    discovery deadline.  There's just the discovery deadline of

2    fact discovery on November 1.

3              **MR. PERRY:**  Yeah.

4         **THE COURT:**  Well, I thought he ruled on June 22nd

5    that expert reports would be due 45 days after ruling on

6    pending discovery motions, which unfortunately still pend

7    today.

8              **MR. PERRY:**  Yes.

9         **THE COURT:**  Listen, I'm not going to be critical of

10   Mike.  He's as busy as I am.  So you have to deal with and be

11   patient on those.  I wish I could take them up, but I'm just

12   not going to do that.  I'm not going to step on his toes.

13        So how does the scheduling issue relate to that?

14        **MS. HESSE:**  Because prior to our involvement, at

15   least my appearance in the case, the prior attorneys -- and I

16   think in error because they didn't understand the scope of this

17   case -- agreed to only eight depositions.  And then at the last

18   status with Judge Gotsch, he said, "Well, it's eight per side."

19   We've already -- well, we're -- so that's the disagreement.

20   We're now stopped because counsel says, "You've reached your

21   limit.  You can't do any more."

22        Part of our problem is most of the people that were around

23   in the '90s that knew Dr. Sumrall and could testify to some of

24   the issues here are in their 70s, and some of them are in bad

25   health.  I mean, there's really significant testimony.  We did

1  take one where we know exactly what happened with the will

2  because they went -- you know, there's people that were around

3  that know exactly what happened.

4        **THE COURT:** But is all of this briefed in front of

5  Gotsch?

6        **MS. HESSE:** Yes.

7        **THE COURT:** Okay. I will put a call in to

8  Judge Gotsch just to have him, as best he can, tend to these so

9  you guys have some certainty on where you're going with the

10  case.

11       **MS. HESSE:** Because of the motions to quash and the

12  motion on modifying the scheduling order, we're kind of stopped

13  doing anything more other than maybe our own internal

14  discovery.

15       **THE COURT:** I understand. I'm understanding now.

16    Okay. How about from your perspective?

17       **MR. PERRY:** I don't really have anything to add to

18  that. It is fully briefed. I would note that the original

19  scheduling conference did not involve either of us, and I think

20  the way it went down was eight per party, and because of the

21  number of parties, that resulted in an inordinate number of

22  depositions.

23       **THE COURT:** Okay.

24       **MR. PERRY:** So we went to eight per side.

25       **THE COURT:** Oh, boy. You guys had enough yet?

Ashley N. Stokes, CSR, RPR

**Appx 093**

1          **MS. HESSE:**  Want to set it for trial?

2          **THE COURT:**  And then Mr. Mirkin?

3          **MR. MIRKIN:**  Yes, Your Honor.

4          **THE COURT:**  Tell me, again, where you fit in the

5   case.  You represent the third brother here, Stephen?

6          **MR. MIRKIN:**  Correct.

7          **THE COURT:**  Who has brought him into the case?

8          **MR. MIRKIN:**  Ms. Hesse's clients.

9          **THE COURT:**  I see.

10         **MR. MIRKIN:**  And he was brought in as a counterclaim

11  defendant.  It's alleged that he is part of this nefarious plot

12  to benefit LeSEA, but he hasn't worked there for 15 years, and

13  he didn't get any benefit particularly working there rather

14  than what you have in the ordinary course of business.

15         **THE COURT:**  How old is your client?

16         **MR. MIRKIN:**  He is about 75.

17         **THE COURT:**  Okay.  And in decent health?

18         **MR. MIRKIN:**  He is in good health, and he's clear

19  memory-wise.

20         **THE COURT:**  Okay.

21         **MR. MIRKIN:**  And he's saddened by this.

22         **THE COURT:**  Yea.  Who wouldn't be?

23         **MR. MIRKIN:**  If the trust were to win, that would

24  mean Dr. Sumrall was a liar his whole life and that he actually

25  acquired a fortune that he left his family instead of the

1    church.

2            **THE COURT:**  Yeah.  Well, it's very unfortunate.  The

3    whole litigation is really unfortunate.

4            **MR. MIRKIN:**  My client agrees very strongly with

5    that.

6            **THE COURT:**  I'm sorry?

7            **MR. MIRKIN:**  My client agrees very strongly.

8            **THE COURT:**  Yeah.  All right.

9       Anything else anybody needs to say?

10            **MR. PERRY:**  No, Your Honor.

11            **THE COURT:**  All right.  Well, I appreciate you guys

12    coming here.  I'm going to stay very actively involved in the

13    case to move this to conclusion because it's starting to get,

14    you know, a serious layer of dust on it.  And I can assure you

15    once the case gets through discovery, it's going to be promptly

16    handled by me, and we're going to move it through dispositive

17    motions very quickly and we'll go from there.

18       So thanks for being here.  This has been helpful to me.

19    Have a good day.

20            **MS. HESSE:**  Thanks.

21            **MR. PERRY:**  Thank you, Your Honor.

22       (Proceedings concluded at 10:21 a.m.)

23

24

25

————Ashley N. Stokes, CSR, RPR————

1

\* \* \* \* \*

2

*CERTIFICATION*

3

4          I, ASHLEY N. STOKES, Federal Court Reporter, certify
that the foregoing is a correct transcript from the record of
5     proceedings in the above-entitled matter.

6

7
          S/Ashley N. Stokes_____ October 25, 2023
8          Certified Realtime Reporter
          United States District Court
9          Northern District of Indiana
          Hammond Division
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

————Ashley N. Stokes, CSR, RPR————

## U.S. District Court Northern District of Indiana [LIVE]
## USDC Northern Indiana (South Bend)
## CIVIL DOCKET FOR CASE #: 3:18-cv-00914-PPS

LeSEA Inc et al v. LeSEA Broadcasting Corporation et al
Assigned to: Judge Philip P Simon
Case in other court: USCA, 23-02833
Cause: 15:1114 Trademark Infringement

Date Filed: 11/09/2018
Date Terminated: 08/22/2023
Jury Demand: Plaintiff
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

### Mediator

**Steve Fink**

### Plaintiff

**LeSEA Inc**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
Faegre Drinker Biddle & Reath LLP - Min/MN
2200 Wells Fargo Center
90 S Seventh St
Minneapolis, MN 55402
612-766-8707
Fax: 612-766-1600
Email: chad.drown@faegredrinker.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Daniel E Pulliam**
Faegre Drinker Biddle & Reath LLP -
Ind/IN/300/2500
300 N Meridian St Ste 2500
Indianapolis, IN 46204-1782
317-237-1171
Fax: 317-569-4800
Email: daniel.pulliam@faegredrinker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
Faegre Drinker Biddle & Reath LLP -
Ind/IN/300/2500
300 N Meridian St Ste 2500
Indianapolis, IN 46204-1782
317-237-0300
Fax: 317-237-1000
Email: louis.perry@faegredrinker.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
Faegre Drinker Biddle & Reath LLP -
Ind/IN/300/2500

300 N Meridian St Ste 2500
Indianapolis, IN 46204-1782
317-237-0300
Fax: 317-237-1000
Email: amie.peelecarter@faegredrinker.com
*TERMINATED: 01/29/2021*

**Amy G Dunn**
Faegre Drinker Biddle & Reath LLP -
Ind/IN/300/2500
300 N Meridian St Ste 2500
Indianapolis, IN 46204-1782
317-237-0300
Fax: 317-237-1000
Email: Amy.Dunn@faegredrinker.com
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
Pfeifer Morgan & Stesiak
53600 N Ironwood Drive
South Bend, IN 46635
574-272-2870
Fax: 574-271-4329
Email: RMilligan@pilawyers.com
*TERMINATED: 12/23/2019*

**Plaintiff**

**Family Broadcasting Corporation**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Daniel E Pulliam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**Plaintiff**

Appx 098

**LeSEA Global Feed The Hungry Inc**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Daniel E Pulliam**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

V.

## Defendant

**LeSEA Broadcasting Corporation**
*a Colorado non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Cameron M Nelson PHV**
Greenberg Traurig LLP - Chi/IL
77 W Wacker Dr Ste 3100
Chicago, IL 60601-1732
312-456-5600
Fax: 312-456-8435
Email: nelsonc@gtlaw.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Channing B Hesse PHV**
Grogan Hesse & Uditsky PC
Two Mid America Plz Ste 110
Oakbrook Terrace, IL 60181
630-833-5533
Fax: 630-833-6855
Email: chesse@ghulaw.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
Greenberg Traurig LLP - Chi/IL
77 W Wacker Dr Ste 3100
Chicago, IL 60601-1732

312-456-8400
Fax: 312-456-8435
Email: brousseauj@gtlaw.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Evan D Weaks**
Barrett McNagny LLP
215 E Berry St
PO Box 2263
Fort Wayne, IN 46802
260-423-9551
Fax: 260-423-8920
Email: edw@barrettlaw.com
*TERMINATED: 12/12/2019*

**Michael H Michmerhuizen**
Barrett McNagny LLP
215 E Berry St
PO Box 2263
Fort Wayne, IN 46801
260-423-9551
Fax: 260-423-8920
Email: mhm@barrettlaw.com
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
Barrett McNagny LLP
215 E Berry St
PO Box 2263
Fort Wayne, IN 46802
260-423-9551
Fax: 260-423-8920
Email: pat@barrettlaw.com
*TERMINATED: 12/12/2019*

**Defendant**

**Lester Sumrall**
*an Individual*
*TERMINATED: 01/17/2023*

represented by **Cameron M Nelson PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Channing B Hesse PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Evan D Weaks**

(See above for address)
*TERMINATED: 12/12/2019*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

**Defendant**

**Dr John W Swails, III**                    represented by **Channing B Hesse PHV**
2940 E 76th Street                                          (See above for address)
Tulsa, OK 74136                                            *TERMINATED: 10/20/2021*
*an Individual*                                            *PRO HAC VICE*
*TERMINATED: 10/20/2021*

**Evan D Weaks**
(See above for address)
*TERMINATED: 12/12/2019*
*ATTORNEY TO BE NOTICED*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

**Defendant**

**Edward Wassmer**
*an Individual*
*TERMINATED: 10/20/2021*

**ThirdParty Plaintiff**

**The Lester Sumrall Family Trust**          represented by **Cameron M Nelson PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Channing B Hesse PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacqueline V Brousseau PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**ThirdParty Plaintiff**

**LeSEA Broadcasting Corporation**
*a Colorado non-profit corporation*
*TERMINATED: 04/24/2020*

represented by **Cameron M Nelson PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Channing B Hesse PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Evan D Weaks**
(See above for address)
*TERMINATED: 12/12/2019*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

**ThirdParty Plaintiff**

**Lester Sumrall**
*an Individual*

represented by **Cameron M Nelson PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Channing B Hesse PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan D Weaks**
(See above for address)
*TERMINATED: 12/12/2019*
*ATTORNEY TO BE NOTICED*

**Michael H Michmerhuizen**

(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

V.

**ThirdParty Defendant**

**LeSEA Broadcasting of South Bend, Inc.**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
Faegre Drinker Biddle & Reath LLP -
Ind/IN/300/2500
300 N Meridian St Ste 2500
Indianapolis, IN 46204-1782
317-237-0300
Fax: 317-237-1000
Email: elizabeth.charles@faegredrinker.com
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**LeSEA Broadcasting of Hawaii, Inc.**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Appx 103**

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**LeSEA Broadcasting of Indianapolis**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**LeSEA Broadcasting of St. Croix, Inc.**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Appx 104**

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**LeSEA Broadcasting of Tulsa, Inc.**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**World Harvest Bible College indiana
Christian University, Inc.**
*an Indiana non-profit corporation*
*TERMINATED: 01/17/2023*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Elizabeth A Charles**
(See above for address)
*TERMINATED: 01/17/2023*

*LEAD ATTORNEY*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**Adam Sumrall**
*an Individual*

represented by **Chad M Drown PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A Charles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**Stephen P Sumrall**
*an Individual*

represented by **David L Mirkin**
Mirkin Law Offices PC
205 W Jefferson Blvd Ste 205
South Bend, IN 46601
574-232-1000
Fax: 574-232-7730
Email: dmirkin@mirkinlaw.com
*LEAD ATTORNEY*

**Appx 106**

*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**David E Sumrall**                          represented by **Louis T Perry**
*an Individual*                                              (See above for address)
*TERMINATED: 04/24/2020*                                    *TERMINATED: 01/17/2023*
                                                             *LEAD ATTORNEY*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**David M Sumrall**                          represented by **Chad M Drown PHV**
*an Individual*                                              (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

**Elizabeth A Charles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M Hinshaw**
Dentons Bingham Greenebaum LLP - Ind/IN
2700 Market Tower
10 W Market St
Indianapolis, IN 46204
317-635-8900
Fax: 317-236-9907
Email: james.hinshaw@dentons.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Andrew Miller Pendexter**

Dentons Bingham Greenebaum LLP - Ind/IN
2700 Market Tower
10 W Market St
Indianapolis, IN 46204
317-635-8900
Fax: 317-236-9907
Email: andrew.pendexter@dentons.com
*TERMINATED: 09/01/2021*
*ATTORNEY TO BE NOTICED*

**Jessica Laurin Meek**
Dentons Bingham Greenebaum LLP - Ind/IN
2700 Market Tower
10 W Market St
Indianapolis, IN 46204
317-635-8900
Fax: 317-236-9907
Email: jessica.meek@dentons.com
*ATTORNEY TO BE NOTICED*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

---

**ThirdParty Defendant**

**Angela N Grabowski**
*an Individual*

represented by **Chad M Drown PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth A Charles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**ThirdParty Defendant**

**Andrew J Sumrall**
*an Individual*

represented by **Chad M Drown PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

**Appx 108**

*ATTORNEY TO BE NOTICED*

**Elizabeth A Charles**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Louis T Perry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

## Counter Claimant

**LeSEA Broadcasting Corporation**
*a Colorado non-profit corporation*
*TERMINATED: 04/24/2020*

represented by **Cameron M Nelson PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Channing B Hesse PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Evan D Weaks**
(See above for address)
*TERMINATED: 12/12/2019*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

## Counter Claimant

**Lester Sumrall**
*an Individual*

represented by **Cameron M Nelson PHV**
(See above for address)

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Channing B Hesse PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jacqueline V Brousseau PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Evan D Weaks**
(See above for address)
*TERMINATED: 12/12/2019*
*ATTORNEY TO BE NOTICED*

**Michael H Michmerhuizen**
(See above for address)
*TERMINATED: 12/12/2019*

**Patrick G Murphy**
(See above for address)
*TERMINATED: 12/12/2019*

V.

**Counter Defendant**

**Family Broadcasting Corporation**
*an Indiana non-profit corporation*

represented by **Chad M Drown PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**Louis T Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**LeSEA Global Feed The Hungry Inc**
*an Indiana non-profit corporation*

represented by **Chad M Drown PHV**
(See above for address)
*TERMINATED: 01/17/2023*

*LEAD ATTORNEY*
*PRO HAC VICE*

**Louis T Perry**
(See above for address)
*TERMINATED: 01/17/2023*
*LEAD ATTORNEY*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)
*TERMINATED: 01/17/2023*

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**Counter Defendant**

**LeSEA Inc**
*an Indiana non-profit corporation*

represented by **Chad M Drown PHV**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amie Peele Carter**
(See above for address)
*TERMINATED: 01/29/2021*

**Amy G Dunn**
(See above for address)

**Ryan G Milligan**
(See above for address)
*TERMINATED: 12/23/2019*

**Louis T Perry**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**Frank Lester Sumrall**
*TERMINATED: 09/24/2021*

represented by **D Michael Allen**
Mallor Grodner LLP - Blo/IN
511 S Woodscrest Dr
Bloomington, IN 47401
812-332-5000
Fax: 812-961-6161
Email: mike@lawmg.com
*TERMINATED: 09/24/2021*

**Erick T Gjerdingen**
Mallor Grodner LLP - Blo/IN
511 S Woodscrest Dr
Bloomington, IN 47401
812-332-5000

Appx 111

Fax: 812-961-6161
Email: egjerdingen@lawmg.com
*TERMINATED: 09/24/2021*

V.

**Intervenor Defendant**

**Lester Leonard Sumrall**
*TERMINATED: 09/24/2021*

represented by **Cameron M Nelson PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

**Channing B Hesse PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

**Intervenor Defendant**

**The Lester Sumrall Family Trust**
*TERMINATED: 09/24/2021*

represented by **Cameron M Nelson PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

**Channing B Hesse PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

**Jacqueline V Brousseau PHV**
(See above for address)
*TERMINATED: 09/24/2021*
*PRO HAC VICE*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/09/2018 | 1 | COMPLAINT with JURY DEMAND against All Defendants ( Filing fee $ 400 receipt number 0755-3730708.), filed by LeSEA Inc, LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation. (Attachments: # 1 Exhibit A - Certificates of Registration, # 2 Civil Cover Sheet, # 3 Proposed Summons, # 4 Proposed Summons, # 5 Proposed Summons, # 6 Proposed Summons) (Perry, Louis) (Entered: 11/09/2018) |
| 11/09/2018 | 2 | NOTICE of Appearance by Louis T Perry on behalf of All Plaintiffs (Perry, Louis) (Entered: 11/09/2018) |
| 11/09/2018 | 3 | NOTICE of Appearance by Amie Peele Carter on behalf of All Plaintiffs (Carter, Amie) (Entered: 11/09/2018) |
| 11/09/2018 | 4 | NOTICE of Appearance by Ryan G Milligan on behalf of Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc (Milligan, Ryan) (Entered: 11/09/2018) |
| 11/13/2018 | | Judge Philip P Simon and Magistrate Judge Michael G Gotsch, Sr added. (New Case) (sct) (Entered: 11/13/2018) |

**Appx 112**

| 11/13/2018 | 5 | Summons Issued as to LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III, Edward Wassmer. **NOTE: The attached document is accessible by court personnel only. Summons forms that were electronically submitted to the court for issuance will be returned to counsel via e-mail.** (sct) (Entered: 11/13/2018) |
|---|---|---|
| 11/13/2018 | 6 | AMENDED COMPLAINT against All Defendants, filed by LeSEA Inc, LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation. (Attachments: # 1 Exhibit A - Registration Certificates)(Perry, Louis) (Entered: 11/13/2018) |
| 11/13/2018 | 7 | REPORT by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc *on the Filing or Determination of an Action Regarding a Patent or Trademark.* (Perry, Louis) (Entered: 11/13/2018) |
| 11/21/2018 | 8 | **MOTION for Preliminary Injunction** by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 11/21/2018) |
| 11/21/2018 | 9 | MEMORANDUM in Support of 8 **MOTION for Preliminary Injunction** filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 11/21/2018) |
| 11/21/2018 | 10 | AFFIDAVIT of Andrew Sumrall re 9 Memorandum in Support, 8 **MOTION for Preliminary Injunction** by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit)(Perry, Louis) (Entered: 11/21/2018) |
| 11/21/2018 | 11 | Proposed Conclusions of Law filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 11/21/2018) |
| 11/21/2018 | 12 | AFFIDAVIT in Support re 8 **MOTION for Preliminary Injunction** filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Perry, Louis) (Entered: 11/21/2018) |
| 11/21/2018 | 13 | Corporate Disclosure Statement by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 11/21/2018) |
| 11/28/2018 | 14 | SUMMONS Returned Executed by LeSEA Inc, LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation. LeSEA Broadcasting Corporation served on 11/14/2018, answer due 12/5/2018. (Perry, Louis) (Entered: 11/28/2018) |
| 11/28/2018 | 15 | SUMMONS Returned Executed by LeSEA Inc, LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation. Lester Sumrall served on 11/19/2018, answer due 12/10/2018. (Perry, Louis) (Entered: 11/28/2018) |
| 11/28/2018 | 16 | SUMMONS Returned Executed by LeSEA Inc, LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation. Dr John W Swails, III served on 11/13/2018, answer due 12/4/2018. (Perry, Louis) (Entered: 11/28/2018) |
| 12/04/2018 | 17 | NOTICE of Appearance by Patrick G Murphy on behalf of LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III (Murphy, Patrick) (Entered: 12/04/2018) |
| 12/04/2018 | 18 | NOTICE of Appearance by Evan D Weaks on behalf of LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III (Weaks, Evan) (Entered: 12/04/2018) |
| 12/04/2018 | 19 | NOTICE of Appearance by Michael H Michmerhuizen on behalf of LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III (Michmerhuizen, Michael) (Entered: 12/04/2018) |
| 12/04/2018 | 20 | AGREED NOTICE to extend time to file answer filed by LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III ; answer due by January 2, 2019. (Michmerhuizen, Michael) (Entered: 12/04/2018) |

| 12/06/2018 | 21 | NOTICE of Hearing/Deadlines: Telephone Conference set for 12/18/2018 01:00 PM (Hammond/Central) in US District Court - Hammond before Judge Philip P Simon. The first listed attorney on the docket sheet for each party will be contacted for the telephone conference. If a different attorney is to be contacted or a different telephone number is to be used, counsel must notify the Case Manager at 219-852-6724 no later than 12:00 Noon on 12/17/2018. (nac) (Entered: 12/06/2018) |
|---|---|---|
| 12/07/2018 | 22 | MOTION for Extension of Time to File Response/Reply as to 8 MOTION for Preliminary Injunction by Defendants LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 12/07/2018) |
| 12/10/2018 | 23 | RESPONSE to Motion re 22 MOTION for Extension of Time to File Response/Reply as to 8 MOTION for Preliminary Injunction filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit A - Private Investigator Affidavit)(Perry, Louis) (Entered: 12/10/2018) |
| 12/11/2018 | 24 | ORDER GRANTING in part 22 MOTION for Extension of Time to File Response/Reply as to 8 MOTION for Preliminary Injunction by Dfts LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. Dfts LeSEA Broadcasting Corporation, Lester Sumrall, and Dr. John W. Swails, III are hereby RELIEVED from responding to plaintiffs Motion for Preliminary Injunction at this time; and the parties are hereby ORDERED to discuss a proposed briefing, discovery and hearing schedule for the Motion for Preliminary Injunction in advance of the December 18, 2019 telephone conference and be prepared to discuss the same with the court on December 18, 2019. Signed by Judge Philip P Simon on 12/11/2018. (lhc) (Entered: 12/11/2018) |
| 12/18/2018 | 25 | TELEPHONE CONFERENCE held on 12/18/2018 before Judge Philip P Simon. Pla appeared by atty Louis T. Perry. Dft appeared by atty Patrick G. Murphy. Motion for Preliminary Injunction discussed. If this issue does not settle the parties will need one day for that hearing, which will be scheduled for March 2019.The parties agree that the Preliminary Injunction Hearing may be held at the Hammond courthouse. Court sets deadlines - Court order to follow. (Court Reporter Stacy Drohosky.) (nac) (Entered: 12/18/2018) |
| 12/19/2018 | 26 | ORDER re [DE 8] Motion for Preliminary Injunction. in advance of any conference pursuant to Federal Rule of Civil Procedure 16, subject to the following conditions: All written discovery shall be served no later than December 31, 2018; All written discovery shall be responded to no later than January 31, 2019; Unless the parties stipulate otherwise, plaintiffs shall be limited to taking two (2) depositions; Unless the parties stipulate otherwise, defendants shall be limited to taking two (2) depositions; and All depositions shall take place no later than February 15, 2019; Defendants shall respond to plaintiffs Motion for Preliminary Injunction no later than March 1, 2019; plaintiffs shall file any reply no later than March 8, 2019; Hearing on Motion for Preliminary Injunction set for 3/19/2019 09:30 AM (CST) in US District Court - Hammond before Judge Philip P Simon. Signed by Judge Philip P Simon on 12/19/18. (mlc) (Entered: 12/20/2018) |
| 01/02/2019 | 27 | STIPULATION re 8 MOTION for Preliminary Injunction by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 01/02/2019) |
| 01/02/2019 | 28 | MOTION to Dismiss *Counts V, VII, VIII, IX, X, XI, XII of Plaintiffs' First Amended Complaint and Strike Paragraphs 24-42* by Defendants LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 01/02/2019) |
| 01/02/2019 | 29 | BRIEF in Support of 28 MOTION to Dismiss *Counts V, VII, VIII, IX, X, XI, XII of Plaintiffs' First Amended Complaint and Strike Paragraphs 24-42* filed by Dr John W Swails, III, LeSEA Broadcasting Corporation, Lester Sumrall. (Michmerhuizen, Michael) (Entered: 01/02/2019) |
| 01/03/2019 | 30 | STIPULATED ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION, re 27 STIPULATION re 8 MOTION for Preliminary Injunction filed by LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation, LeSEA Inc. Signed by Judge Philip P Simon on 1/3/19. (ksp) (Entered: 01/03/2019) |

| 01/08/2019 | 31 | CERTIFICATE *Defendants' Certification*. (Michmerhuizen, Michael) (Entered: 01/08/2019) |
|---|---|---|
| 01/09/2019 | 32 | MOTION for Extension of Time to File Response/Reply as to 28 MOTION to Dismiss *Counts V, VII, VIII, IX, X, XI, XII of Plaintiffs' First Amended Complaint and Strike Paragraphs 24-42 (UNOPPOSED)* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Milligan, Ryan) (Entered: 01/09/2019) |
| 01/10/2019 | 33 | ORDER granting 32 Motion for Extension of Time to File Response to dft's Motion to Dismiss. Pltf's Response to be filed by 1/30/2019. Signed by Magistrate Judge Michael G Gotsch, Sr on 1/10/19. (kjp) (Entered: 01/11/2019) |
| 01/30/2019 | 34 | RESPONSE to Motion re 28 MOTION to Dismiss *Counts V, VII, VIII, IX, X, XI, XII of Plaintiffs' First Amended Complaint and Strike Paragraphs 24-42* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 01/30/2019) |
| 02/07/2019 | 35 | MOTION for Extension of Time to File Response/Reply as to 34 Response to Motion, *to Dismiss* by Defendants LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 02/07/2019) |
| 02/11/2019 | 36 | ORDER granting 35 Motion for Extension of Time to File Reply to 34 Reply to be filed by 2/14/2019.Approved by Magistrate Judge Michael G Gotsch, Sr on 2/11/19. (slm) (Entered: 02/11/2019) |
| 02/11/2019 | 37 | REPLY by LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III to 34 Response to Motion, . (Michmerhuizen, Michael) (Entered: 02/11/2019) |
| 03/15/2019 | 38 | NOTICE of Appearance by Amy Grewal Dunn on behalf of Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc (Dunn, Amy) (Entered: 03/15/2019) |
| 03/18/2019 | | ***Deadlines/Hearings terminated. The hearing previously scheduled for 3/19/2019 is now VACATED. (nac) (Entered: 03/18/2019) |
| 03/19/2019 | 39 | MOTION for Hearing *Status Conference* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 [Proposed] Order on Plaintiffs' Motion for Status Conference)(Dunn, Amy) (Entered: 03/19/2019) |
| 03/22/2019 | 40 | RESPONSE to Motion re 39 MOTION for Hearing *Status Conference* filed by LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 03/22/2019) |
| 03/26/2019 | 41 | REPLY to Response to Motion re 39 MOTION for Hearing *Status Conference* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 03/26/2019) |
| 04/02/2019 | 42 | ORDER GRANTING 39 Motion for Hearing. The Court will set a telephonic scheduling conference in accord with FRCP 16 by separate order. Signed by Magistrate Judge Michael G Gotsch, Sr on 4/2/19. (ksp) (Entered: 04/03/2019) |
| 04/19/2019 | 43 | COUNTERCLAIM *and Third Party Claim* against Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., World Harvest Bible College indiana Christian University, Inc., Indiana Christian University, Inc., Adam Sumrall, Stephen P Sumrall, David E Sumrall, David M Sumrall, Angela N Grabowski, Andrew J Sumrall, filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit A: Summary of Dr. Sumrall's Works, # 2 Exhibit Exhibit B: Dr. Sumrall's Last Will and Testament, # 3 Exhibit Exhibit C: Assignment of Rights, # 4 Exhibit Exhibit D: Master License Agreement, # 5 Exhibit Exhibit E: Traveller Photograph, # 6 Exhibit Exhibit F: Traveller Photograph Copyright Registration, # 7 Exhibit Exhibit G: Counterclaim Defendants' Publication of Dr. Sumrall's Works, # 8 Exhibit Exhibit H: Reproductions of Dr. Sumrall's Traveller Photograph, # 9 Exhibit Exhibit I: Counterclaim Defendants' Use of Dr. Sumrall's Personality, # |

| | | |
|---|---|---|
| | | 10 Exhibit Exhibit J: Copyright Registrations of Dr. Sumrall's Works, # 11 Exhibit Exhibit K: Bond Documentation)(Michmerhuizen, Michael) (Entered: 04/19/2019) |
| 04/19/2019 | 44 | NOTICE of Appearance by Michael H Michmerhuizen on behalf of The Lester Sumrall Family Trust (Michmerhuizen, Michael) (Entered: 04/19/2019) |
| 05/02/2019 | 45 | ORDER, Joint Proposed Discovery due by 5/24/2019. Rule 16 Preliminary Pretrial Conference set for 6/6/2019 10:45 AM in US District Court - South Bend before Magistrate Judge Michael G Gotsch Sr.. Signed by Magistrate Judge Michael G Gotsch, Sr on 5/2/19. (slm) (Entered: 05/02/2019) |
| 05/02/2019 | 46 | MAGISTRATE JUDGE CONSENT FORMS sent to all parties.. (slm) (Entered: 05/02/2019) |
| 05/07/2019 | 47 | MOTION for Extension of Time to File Answer re 43 Counterclaim,,,,, of LBC, Lester Sumrall and Third Party Complaint of the Lester Sumrall Family Trust by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Dunn, Amy) (Entered: 05/07/2019) |
| 05/07/2019 | 48 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 49 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 50 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 51 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 52 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 53 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 54 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 55 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 56 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 57 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/07/2019 | 58 | Proposed Summons filed by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. (Michmerhuizen, Michael) (Entered: 05/07/2019) |
| 05/08/2019 | 59 | ORDER GRANTING 47 Motion for Extension of Time to Answer. Family Broadcasting Corporation answer due 6/7/2019; LeSEA Global Feed The Hungry Inc answer due 6/7/2019; LeSEA Inc answer due 6/7/2019. Signed by Magistrate Judge Michael G Gotsch, Sr on 5/8/19. (ksp) (Entered: 05/08/2019) |
| 05/09/2019 | 60 | Summons Issued as to Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa. Inc., Adam Sumrall, Andrew J Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. **NOTE:The attached document is accessible by court personnel only. Summons forms that were electronically submitted to the court for issuance will be returned to counsel via e-mail.** (rmc) (Entered: 05/09/2019) |

| 05/10/2019 | 61 | OPINION AND ORDER GRANTING in part and DENYING in part 28 Motion to Dismiss. Counts VII, IX, and X (for deception, forgery and counterfeiting) are DISMISSED, without prejudice and with express leave to amend; and Defendants' Motion to Strike Paragraphs 24-42 of the Amended Complaint is DENIED. Signed by Judge Philip P Simon on 5/10/19. (ksp) (Entered: 05/10/2019) |
|---|---|---|
| 05/16/2019 | 62 | NOTICE of Voluntary Dismissal by LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust (Michmerhuizen, Michael) (Entered: 05/16/2019) |
| 05/20/2019 | 63 | ORDER re 62 Notice of Voluntary Dismissal filed by LeSEA Broadcasting Corporation, The Lester Sumrall Family Trust, Lester Sumrall. Count XI of Counterclaim Plaintiffs LeSEA Broadcasting Corporation and Lester Sumrall, and Third-Party Plaintiff, The Lester Sumrall Family Trust's Counterclaim and Third-Party Complaint is DISMISSED without prejudice. Signed by Judge Philip P Simon on 5/20/19. (ksp) (Entered: 05/20/2019) |
| 05/24/2019 | 64 | REPORT of Rule 26(f) Planning Meeting. (Perry, Louis) (Entered: 05/24/2019) |
| 06/03/2019 | 65 | AMENDED COMPLAINT *(Second)* against LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III, Edward Wassmer, filed by Family Broadcasting Corporation, LeSEA Inc, LeSEA Global Feed The Hungry Inc. (Attachments: # 1 Exhibit A - Certificates of Registration) (Perry, Louis) (Entered: 06/03/2019) |
| 06/05/2019 | 66 | NOTICE of Appearance by Andrew Miller Pendexter on behalf of David M Sumrall (Pendexter, Andrew) (Entered: 06/05/2019) |
| 06/05/2019 | 67 | NOTICE by David M Sumrall *of Automatic Initial Extension* (Pendexter, Andrew) (Entered: 06/05/2019) |
| 06/05/2019 | 68 | NOTICE of Appearance by James M Hinshaw on behalf of David M Sumrall (Hinshaw, James) (Entered: 06/05/2019) |
| 06/06/2019 | 69 | RULE 16 PRELIMINARY PRETRIAL CONFERENCE held on 6/6/201 before Magistrate Judge Michael G Gotsch, Sr. Pla appeared by atty Milligan. Dft appeared by atty Murphy. Steve Fink appointed as mediator. Results of the mediation shall be filed with the court no later than 10 days before the final pretrial conference. Any amendments to the pleadings to be filed by 12/31/2019. Discovery / Expert Discovery deadline is 3/31/2020 Plaintiff expert witness disclosures and reports to be delivered to the defendant by 7/1/2019. Defendant expert witness disclosures and reports to be delivered to the plaintiff by 8/6/2019. Initial Disclosures to be exchanged by 6/20/2019. Mediation to be completed by 5/31/2020. Dft has until 06/26/2019 to file an answer to the amended complaint 65 ; the Plf has until 07/16/2019 to file an answer to the dfts' counterclaim 43 Magistrate Consent forms due by 6/27/2019. (slm) (Entered: 06/06/2019) |
| 07/12/2019 | 70 | Consent MOTION to Stay re 69 Rule 16 Preliminary Pretrial Conference,,, *Deadlines* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 07/12/2019) |
| 07/18/2019 | 71 | ORDER GRANTING 70 Motion to Stay Deadlines. The deadlines set forth in the Court's June 6, 2019 Scheduling Order and Memorandum of Status Conference are STAYED by 30 days through 8/15/2019, as to all parties, to allow the parties to continue to pursue a global settlement. To the extent necessary, the discovery deadlines will be re-set on the motion of one of the parties. Signed by Magistrate Judge Michael G Gotsch, Sr on 7/18/19. (ksp) (Entered: 07/18/2019) |
| 08/09/2019 | 72 | MOTION Enforce Settlement Agreement by Counter Claimants LeSEA Broadcasting Corporation, Lester Sumrall, Third Party Plaintiffs LeSEA Broadcasting Corporation, Lester Sumrall, Defendants LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Attachments: # 1 Exhibit 1 - May 17, 2017 Durable Power of Attorney, # 2 Exhibit 2 - April 24, 2018 Durable Power of Attorney)(Michmerhuizen, Michael) (Entered: 08/09/2019) |
| 08/09/2019 | 73 | BRIEF in Support of 72 MOTION Enforce Settlement Agreement filed by Lester Sumrall, LeSEA Broadcasting Corporation, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 08/09/2019) |

| 08/22/2019 | 74 | Consent MOTION for Extension of Time to File Response/Reply as to 72 MOTION Enforce Settlement Agreement by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 08/22/2019) |
| 08/23/2019 | 75 | ORDER GRANTING 74 Motion for Extension of Time to File Response. Plaintiffs/Counterclaim Defendants' response to the Motion to Enforce Settlement Agreement shall be filed on or before 8/30/2019. Signed by Magistrate Judge Michael G Gotsch, Sr on 8/23/19. (ksp) (Entered: 08/23/2019) |
| 08/28/2019 | 76 | Joint MOTION to Stay *Deadlines* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 08/28/2019) |
| 09/27/2019 | 77 | L^ MOTION for Status Conference by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 09/27/2019) |
| 09/30/2019 | 78 | NOTICE of Hearing/Deadlines: An IN PERSON STATUS CONFERENCE is now scheduled for 10/11/2019 09:30 AM (Central/Hammond time) in US District Court - HAMMOND, Indiana before Judge Philip P Simon. (nac) (Entered: 09/30/2019) |
| 10/03/2019 | 79 | MOTION for Hearing re 78 Notice of Hearing/Deadlines *Leave to Participate in Status Conference by Telephone* by Counter Defendant David M Sumrall. (Hinshaw, James) (Entered: 10/03/2019) |
| 10/04/2019 | 80 | ORDER GRANTING 79 Motion for Leave to Appear Telephonically. Defendant David M. Sumrall is EXCUSED from attending the status conference set for October 11, 2019, in person; Counsel for Defendant David M. Sumrall is further ORDERED to provide a telephone number where he can be contacted at to the Court's Case Manager at (219)-852-6724 no later than 48 hours prior to the start of the status conference. Counsel for all other parties are to be present in person at the October 11, 2019, status conference. Signed by Judge Philip P Simon on 10/4/19. (ksp) (Entered: 10/04/2019) |
| 10/10/2019 | 81 | NOTICE of Appearance by D Michael Allen on behalf of Frank Lester Sumrall (Allen, D) (Entered: 10/10/2019) |
| 10/10/2019 | 82 | MOTION to Intervene by Movant Frank Lester Sumrall. (Attachments: # 1 Exhibit A: Proposed Complaint in Intervention)(Allen, D) (Entered: 10/10/2019) |
| 10/10/2019 | 83 | NOTICE of Appearance by Erick T Gjerdingen on behalf of Frank Lester Sumrall (Gjerdingen, Erick) (Entered: 10/10/2019) |
| 10/11/2019 | 84 | HEARING - STATUS CONFERENCE held on 10/11/2019 before Judge Philip P Simon. Attorneys present: Amie Peele Carter, Louis T. Perry, Michael H. Michmerhuizen, Andrew Miller Pendexter (by telephone), Erick T. Gjerdingen and dft Lester Sumrall. Court hears from parties as to the status of the case. Counsel shall email a confidential filing regarding settlement to the following: simon_chambers@innd.uscourts.gov or noel_collins@innd.uscourts.gov. Parties agree to a Settlement Conference before Judge Philip Simon. Proposed dates provided to counsel by email. Court stays the response to the motion to intervene. (Court Reporter Ashley Stokes.) (nac) (Entered: 10/11/2019) |
| 10/16/2019 | 85 | NOTICE of Hearing/Deadlines: Settlement Conference set for 12/12/2019 10:00am (Central) in US District Court - Hammond before Judge Philip P Simon. Confidential settlement documents shall be filed at simon_chambers@innd.uscourts.gov no less than three days prior to the conference. Persons with settlement authority must be present in person.(nac) (Entered: 10/16/2019) |
| 11/26/2019 | 86 | MOTION for Leave to Participate in Settlement Conference by Telephone by Counter Defendants David M Sumrall, David E Sumrall. (Hinshaw, James) (Entered: 11/26/2019) |
| 12/02/2019 | 87 | Application for Attorney Channing Blair Hesse to Appear Pro Hac Vice on behalf of Lester Sumrall, Lesea Broadcasting Corporation, and Lester Sumrall Family. Pro Hac Vice fee of $ 96 has been received, receipt number 0755-4080186(Pro Hac Vice Temporary login, ) (Main |

| | | |
|---|---|---|
| | | Document 87 replaced on 12/3/2019 to include corrected Party(s) Represented) (ace). Modified on 12/3/2019 (ace). (Entered: 12/02/2019) |
| 12/03/2019 | 88 | ORDER granting 87 Application to Appear Pro Hac Vice of Attorney Channing B Hesse PHV for LeSEA Broadcasting Corporation, Lester Sumrall, and The Lester Sumrall Family Trust. Signed by Magistrate Judge Michael G Gotsch, Sr on 12/3/2019. (ace) (Entered: 12/03/2019) |
| 12/03/2019 | 89 | ORDER granting 86 Defendant David M. Sumrall's Motion for leave to appear telephonically. Defendant David M. Sumrall is EXCUSED from attending the settlement conference set for December 12, 2019, in person, but must ensure that he is available to be reached by telephone by his counsel until the settlement conference is concluded. Signed by Judge Philip P Simon on 12/3/19. (kjp) (Entered: 12/04/2019) |
| 12/06/2019 | 90 | Application for Attorney Cameron M. Nelson to Appear Pro Hac Vice on behalf of Lesea Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. Pro Hac Vice fee of $ 96 has been received, receipt number 0755-4085711(Pro Hac Vice Temporary login, ) (Entered: 12/06/2019) |
| 12/09/2019 | 91 | ORDER granting 90 Application to Appear Pro Hac Vice of Attorney Cameron M Nelson PHV for LeSEA Broadcasting Corporation, Lester Sumrall, and The Lester Sumrall Family Trust. Signed by Magistrate Judge Michael G Gotsch, Sr on 12/9/2019. (ace) (Entered: 12/10/2019) |
| 12/10/2019 | 92 | Application for Attorney Jacqueline V. Brousseau to Appear Pro Hac Vice on behalf of Lesea Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust. Pro Hac Vice fee of $ 96 has been received, receipt number 0755-4087884(Pro Hac Vice Temporary login, ) (Entered: 12/10/2019) |
| 12/11/2019 | 93 | First MOTION to Withdraw as Attorney by Counter Claimants LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust, Third Party Plaintiffs LeSEA Broadcasting Corporation, Lester Sumrall, The Lester Sumrall Family Trust, Defendants LeSEA Broadcasting Corporation, Lester Sumrall, Dr John W Swails, III. (Michmerhuizen, Michael) (Entered: 12/11/2019) |
| 12/12/2019 | 94 | NOTICE of Appearance by Louis T Perry on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Perry, Louis) ***FILING ERROR - ATTORNEY INSTRUCTED TO REFILE; REFILED AT 99 *** Modified on 12/19/2019 (ace). (Entered: 12/12/2019) |
| 12/12/2019 | 95 | NOTICE of Appearance by Amie Peele Carter on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Carter, Amie) ***FILING ERROR - ATTORNEY INSTRUCTED TO REFILE; REFILED AT 100 *** Modified on 12/19/2019 (ace). (Entered: 12/12/2019) |
| 12/12/2019 | 96 | NOTICE of Appearance by Ryan G Milligan on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Milligan, Ryan) (Entered: 12/12/2019) |
| 12/12/2019 | 97 | ORDER granting 93 Motion to Withdraw as Attorney. Attorney Evan D Weaks; Michael H Michmerhuizen and Patrick G Murphy terminated. Approved by Magistrate Judge Michael G Gotsch, Sr on 12/12/19. (slm) (Entered: 12/12/2019) |
| 12/12/2019 | 98 | SETTLEMENT CONFERENCE held on 12/12/2019 before Judge Philip P Simon. Attorneys present: Amie Peele Carter, Louis T. Perry, Cameron M. Nelson, Channing B. Hesse, D Michael |

| | | Allen, and Andrew Miller Pendexter. Parties negotiate in good faith but fail to settle the case. (Court Reporter none.) (nac) (Entered: 12/12/2019) |
|---|---|---|
| 12/18/2019 | 99 | NOTICE of Appearance by Louis T Perry on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa. Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Perry, Louis) (Entered: 12/18/2019) |
| 12/18/2019 | 100 | NOTICE of Appearance by Amie Peele Carter on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa. Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University. Inc. (Carter, Amie) (Entered: 12/18/2019) |
| 12/23/2019 | 101 | MOTION to Withdraw as Attorney by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc., Third Party Defendants Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Milligan, Ryan) (Entered: 12/23/2019) |
| 12/23/2019 | 102 | ORDER granting 92 Application to Appear Pro Hac Vice of Attorney Jacqueline V Brousseau PHV for LeSEA Broadcasting Corporation, Lester Sumrall, and The Lester Sumrall Family Trust. Signed by Magistrate Judge Michael G Gotsch, Sr on 12/23/2019. (ace) (Entered: 12/23/2019) |
| 12/23/2019 | 103 | ORDER granting 101 Motion to Withdraw as Attorney. Attorney Ryan G Milligan terminated.Approved by Magistrate Judge Michael G Gotsch, Sr on 12/23/19. (slm) (Entered: 12/23/2019) |
| 02/06/2020 | 104 | NOTICE of Change of Address/Contact Information (Perry, Louis) (Entered: 02/06/2020) |
| 02/07/2020 | 105 | ORDER DENYING WITHOUT PREJUDICE 72 Motion to Enforce Settlement Agreement. Any party who wishes to attempt to enforce the settlement ostensibly agreed to last summer must file a new motion to enforce. Concerning the proposed intervention of Frank Lester Sumrall [DE 82], the parties are ORDERED to respond to the Motion to Intervene by February 28, 2020. Any reply from Frank Lester Sumrall shall be filed by March 13, 2020. Discovery and case management deadlines will be set by separate order by Magistrate Judge Gotsch. Signed by Judge Philip P Simon on 2/7/20. (mlc) (Entered: 02/07/2020) |
| 02/11/2020 | 106 | ORDER The Court DENIES AS MOOT the parties' 76 Motion to Stay. The Court recognizes, however, that focusing on settlement in the last few months has likely affected the parties' discovery efforts. Accordingly, the Court ORDERS the parties to meet and confer then file a joint status report by March 20, 2020. Signed by Magistrate Judge Michael G Gotsch, Sr on 2/11/20. (kjp) (Entered: 02/12/2020) |
| 02/13/2020 | 107 | NOTICE of Appearance by David L Mirkin on behalf of Stephen P Sumrall (Mirkin, David) (Entered: 02/13/2020) |
| 02/28/2020 | 108 | RESPONSE to Motion re 82 MOTION to Intervene - *Notice of Non-objection* filed by Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA |

| | | |
|---|---|---|
| | | Inc, Adam Sumrall, Andrew J Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 02/28/2020) |
| 03/06/2020 | 109 | OPINION AND ORDER: GRANTING 82 MOTION to Intervene filed by Frank Lester Sumrall; the Complaint in Intervention, found at DE 82 -1 is DEEMED FILED as of the date of this order. Signed by Judge Philip P Simon on 3/6/2020. (lhc) (Entered: 03/09/2020) |
| 03/06/2020 | 110 | Intervenor COMPLAINT, filed by Frank Lester Sumrall.(lhc) (Entered: 03/09/2020) |
| 03/20/2020 | 111 | STATUS REPORT *(Joint) and Request for Rule 16 Scheduling Conference* by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 03/20/2020) |
| 03/24/2020 | 112 | ORDER: The Court sets the following schedule related to outstanding responsive pleadings: Defendants' pleading in response to the Amended Complaint 65 shall be filed by 4/17/2020; Intervention Defendant Lester Sumrall's pleading in response to the Intervention Complaint 110 shall be filed by 4/17/2020; Counterclaim Plaintiffs and Third Party Plaintiffs shall amend their Counterclaims and Third Party Complaint, if necessary, no later than 4/24/2020; and Counterclaim Defendants and Third Party Defendants shall file a pleading in response to the amended Counterclaims and Third Party Complaint, or the original Counterclaims and Third Party Complaint 43 if no timely amendments are filed, by 5/15/2020. The Court AMENDS its Scheduling Order 69 as follows: Reports from experts retained under Rule 26(a)(2) shall be served by the parties with the burden of proof on or before 9/30/2020, with any responses due on or before 10/30/2020; The deadline for the close of all discovery is 11/30/2020; and Mediation shall be completed no later than 11/16/2020. All other terms of the Court's Scheduling Order 69 remain in full force and effect. Signed by Magistrate Judge Michael G Gotsch, Sr on 3/24/2020. (lhc) (Entered: 03/24/2020) |
| 04/17/2020 | 113 | ANSWER to 65 Amended Complaint, *Answer to Second Amended Complaint* by Lester Sumrall, Lester Leonard Sumrall, The Lester Sumrall Family Trust.(Nelson PHV, Cameron) (Entered: 04/17/2020) |
| 04/17/2020 | 114 | ANSWER to 110 Intervenor Complaint *Answer to Complaint in Intervention* by Lester Sumrall, Lester Leonard Sumrall, The Lester Sumrall Family Trust.(Nelson PHV, Cameron) (Entered: 04/17/2020) |
| 04/24/2020 | 115 | Amended COUNTERCLAIM *Amended Counterclaim* against Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc., filed by The Lester Sumrall Family Trust, Lester Sumrall, Lester Leonard Sumrall. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Nelson PHV, Cameron) (Entered: 04/24/2020) |
| 05/01/2020 | 116 | MOTION for Leave to File Excess Pages by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc., Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 05/01/2020) |
| 05/06/2020 | 117 | ORDER TAKING UNDER ADVISEMENT 116 MOTION for Leave to File Excess Pages by Counter Defendants. The Counterclaim Defendants are ORDERED to file a status report by 5/8/2020, as outlined. Signed by Magistrate Judge Michael G Gotsch, Sr on 5/6/2020. (lhc) (Entered: 05/06/2020) |

| 05/08/2020 | 118 | NOTICE of Appearance by Amy Grewal Dunn on behalf of Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Dunn, Amy) (Entered: 05/08/2020) |
|---|---|---|
| 05/08/2020 | 119 | STATUS REPORT *of Counterclaim Defendants* by Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc, Adam Sumrall(an Individual), Andrew J Sumrall, David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Dunn, Amy) (Entered: 05/08/2020) |
| 05/11/2020 | 120 | ORDER: Any response in opposition to Counterclaim Defendants' Motion to file Excess Pages must be filed by 5/13/2020. No reply brief will be considered. Signed by Magistrate Judge Michael G Gotsch, Sr on 5/11/2020. (jat) (Entered: 05/11/2020) |
| 05/13/2020 | 121 | STATUS REPORT *(SUPPLEMENTAL)* by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall, Andrew J Sumrall, David E Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Dunn, Amy) (Entered: 05/13/2020) |
| 05/13/2020 | 122 | RESPONSE to Motion re 116 MOTION for Leave to File Excess Pages filed by Lester Sumrall(an Individual). (Hesse PHV, Channing) (Entered: 05/13/2020) |
| 05/13/2020 | 123 | CERTIFICATE OF SERVICE by Lester Sumrall(an Individual) re 122 Response to Motion (Hesse PHV, Channing) (Entered: 05/13/2020) |
| 05/14/2020 | 124 | ORDER GRANTING IN PART 116 MOTION for Leave to File Excess Pages. Counterclaim Defendants may file a memorandum in support of their anticipated motion to dismiss that does not exceed 35 pages. The Court sua sponte has EXTENDED the deadline for pleadings in response to the Amended Counterclaim DE 115 until 5/18/2020. Signed by Magistrate Judge Michael G Gotsch, Sr on 5/14/2020. (mrm) (Entered: 05/14/2020) |
| 05/15/2020 | 125 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Dunn, Amy) (Entered: 05/15/2020) |
| 05/15/2020 | 126 | BRIEF in Support of 125 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* filed by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation), Family Broadcasting Corporation(an Indiana non-profit corporation), Adam Sumrall(an Individual), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), David M Sumrall(an Individual), Indiana Christian University, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), Andrew J Sumrall(an Individual), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation). |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit A - Probate Court Order on Judgment on the Evidence, # 2 Exhibit B - Indiana Court of Appeals Memorandum Decision)(Dunn, Amy) (Entered: 05/15/2020) |
| 06/05/2020 | 127 | RESPONSE to Motion re 125 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* filed by Lester Sumrall, Lester Leonard Sumrall, The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit A - Hearing Transcript)(Nelson PHV, Cameron) (Entered: 06/05/2020) |
| 06/12/2020 | 128 | REPLY to Response to Motion re 125 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), Indiana Christian University, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Dunn, Amy) (Entered: 06/12/2020) |
| 08/11/2020 | 129 | CERTIFICATE OF SERVICE by The Lester Sumrall Family Trust *of Interrogatories and Requests for Production* (Hesse PHV, Channing) (Entered: 08/11/2020) |
| 08/13/2020 | 130 | CERTIFICATE OF SERVICE by Lester Leonard Sumrall *of Interrogatories and Requests for Production* (Hesse PHV, Channing) (Entered: 08/13/2020) |
| 08/31/2020 | 131 | NOTICE by Frank Lester Sumrall *of Automatic Initial Extension of Deadline to Respond to Discovery* (Allen, D) (Entered: 08/31/2020) |
| 09/01/2020 | 132 | CERTIFICATE OF SERVICE by Lester Sumrall(an Individual) *and LeSea Broadcasting Corp.* (Hesse PHV, Channing) (Entered: 09/01/2020) |
| 09/01/2020 | 133 | *WITHDRAWN pursuant to DE Order 137 * MOTION for Enlargement of Time to Respond to First Set of Interrogatories and First Set of Requests for Production of Documents by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Attachments: # 1 Exhibit A - 8/11/20 Requests, # 2 Exhibit B - 8/12/20 Requests)(Perry, Louis) Modified on 9/11/2020 to withdraw (mrm). (Entered: 09/01/2020) |
| 09/09/2020 | 134 | RESPONSE to Discovery Request by Lester Sumrall(an Individual).(Hesse PHV, Channing) (Entered: 09/09/2020) |
| 09/10/2020 | 135 | AGREED NOTICE to extend time to file discovery filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall, Andrew J Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.; Responses to First Sets of Interrogatories and First Sets of Requests for Production of Documents to be filed by 10/8/2020 and 10/9/2020. (Perry, Louis) (Entered: 09/10/2020) |
| 09/10/2020 | 136 | MOTION to Withdraw 133 MOTION for Enlargement of Time to Respond to First Set of Interrogatories and First Set of Requests for Production of Documents by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., |

| | | |
|---|---|---|
| | | LeSEA Broadcasting of Tulsa, Inc., Adam Sumrall, Andrew J Sumrall, David E Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 09/10/2020) |
| 09/11/2020 | 137 | ORDER GRANTING 136 Motion to Withdraw to for an extension of time to respond to discovery requests propounded by Counterclaim and Third Party Plaintiffs and ORDERING the Counterclaim Defendants' and Third Party Defendants' Unconsented Motion for an Extension of Time 133 is hereby withdrawn. Signed by Magistrate Judge Michael G Gotsch, Sr on 9/11/2020. (mrm) (Entered: 09/11/2020) |
| 09/15/2020 | 138 | Joint MOTION for Protective Order by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit A - Proposed Protective Order)(Perry, Louis) (Entered: 09/15/2020) |
| 09/18/2020 | 139 | ORDER DENYING WITHOUT PREJUDICE 138 Agreed Motion for Entry of General Protective Order. Signed by Magistrate Judge Michael G Gotsch, Sr on 9/18/20. (ksp) (Entered: 09/18/2020) |
| 09/24/2020 | 140 | CERTIFICATE *Of Service*. (Hesse PHV, Channing) (Entered: 09/24/2020) |
| 09/29/2020 | 141 | Joint MOTION to Amend/Correct 112 Scheduling Order,,,, 69 Rule 16 Preliminary Pretrial Conference,,, by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 09/29/2020) |
| 10/02/2020 | 142 | ORDER GRANTING 141 Joint MOTION to Amend Scheduling Order 112 . IT IS THEREFORE ORDERED that the following schedule of deadlines is in effect pending further order from this Court: Reports from experts retained under Rule 26(a)(2) shall be served by the parties with the burden of proof on or before 3/15/2021, with any responses due on or before 5/1/2021; The deadline for the close of all discovery is 6/1/2021; and Mediation shall be completed no later than 3/1/2021. All other terms of the Court's Scheduling Order 69 remain in full force and effect. Signed by Magistrate Judge Michael G Gotsch, Sr on 10/18/2020. (mrm) (Entered: 10/02/2020) |
| 10/08/2020 | 143 | CERTIFICATE OF SERVICE by Lester Sumrall *Subpoenas for Documents, Notice of Depositions* (Hesse PHV, Channing) (Entered: 10/08/2020) |
| 10/12/2020 | 144 | CERTIFICATE OF SERVICE by Lester Sumrall *Subpeona for Documents to Thomas Nelson* (Hesse PHV, Channing) (Entered: 10/12/2020) |
| 10/14/2020 | 145 | CERTIFICATE OF SERVICE by Lester Sumrall *Subpoena for Documents to Tim Dudley, New Leaf Publishing* (Hesse PHV, Channing) (Entered: 10/14/2020) |
| 11/24/2020 | 146 | AGREED NOTICE to extend time to file discovery filed by Frank Lester Sumrall; Answers to Interrogatories and Responses to Requests for Production to be filed by December 24, 2020. (Allen, D) (Entered: 11/24/2020) |
| 01/21/2021 | 147 | MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 01/21/2021) |
| 01/21/2021 | 148 | MEMORANDUM in Support of 147 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana |

| | | Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A - Declaration of Louis T. Perry)(Perry, Louis) (Entered: 01/21/2021) |
|---|---|---|
| 01/28/2021 | 149 | MOTION to Withdraw as Attorney by Counter Defendants Family Broadcasting Corporation, Family Broadcasting Corporation, Angela N Grabowski, Angela N Grabowski, Indiana Christian University, Inc., Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Global Feed The Hungry Inc, LeSEA Inc, LeSEA Inc, Adam Sumrall, Adam Sumrall, Andrew J Sumrall, Andrew J Sumrall, David M Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc., World Harvest Bible College indiana Christian University, Inc., Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Family Broadcasting Corporation, Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Carter, Amie) (Entered: 01/28/2021) |
| 01/29/2021 | 150 | Application for Attorney Chad Michael Drown to Appear Pro Hac Vice on behalf of LeSea Inc. et al.. Pro Hac Vice fee of $ 96 has been received, receipt number 0755-4468512(Drown PHV, Chad) (Entered: 01/29/2021) |
| 01/29/2021 | 151 | ORDER GRANTING 149 MOTION to Withdraw as Attorney by LeSea, Inc.; Family Broadcasting Corporation; LeSea Global Feed the Hungry, Inc.; Family Broadcasting Corporation of South Bend, Inc.; Family Broadcasting Corporation of Indianapolis, Inc.; Family Broadcasting Corporation of Tulsa, Inc.; Family Broadcasting Corporation of Hawaii, Inc.; Family Broadcasting Corporation of St. Croix, Inc.; World Harvest Bible College Indiana Christian University, Inc.; Andrew J. Sumrall; David M. Sumrall; Angela N. Grabowski; and Adam Sumrall and ORDERING the appearance of Amie Peele Carter withdrawn. Signed by Magistrate Judge Michael G Gotsch, Sr on 1/29/2021. (lhc) (Entered: 01/29/2021) |
| 01/29/2021 | 152 | ORDER granting 150 Application to Appear Pro Hac Vice of Attorney Chad M Drown PHV for Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College Indiana Christian University, Inc.,. Signed by Magistrate Judge Michael G Gotsch, Sr on 1/29/2021. (ace) (Entered: 02/01/2021) |
| 02/04/2021 | 153 | RESPONSE to 147 Motion to Stay by Counter Claimant Lester Sumrall. (Attachments: # 1 Exhibit Stephen Sumrall Deposition, # 2 Exhibit Stephen Sumrall Deposition, # 3 Exhibit Stephen Sumrall Deposition, # 4 Exhibit Consent & Joinder, # 5 Exhibit Andrews answers to Interrogatories, # 6 Exhibit Whitaker House Publishing Agreements, # 7 Exhibit Jeanine Donner Deposition, # 8 Exhibit Keith Passon Deposition, # 9 Exhibit Answers to Interrogatories, # 10 Exhibit FBC's Answers to Interrogatories, # 11 Exhibit Declaration of Channing Hesse, # 12 Exhibit Exhibit 1 of Exhibit I, # 13 Exhibit Exhibit 2 of Exhibit I, # 14 Exhibit Exhibit 3 of Exhibit I, # 15 Exhibit Exhibit 4 of Exhibit I, # 16 Exhibit Lester Sumrall Declaration, # 17 Exhibit Exhibit 1 of Exhibit J, # 18 Exhibit Exhibit 2 of Exhibit J, # 19 Exhibit Letter to Lou Perry, # 20 Exhibit Andrew Sumrall Declaration)(Hesse PHV, Channing) Modified on 2/4/2021 (kms). (Entered: 02/04/2021) |
| 02/04/2021 | 154 | MOTION to Compel *Preservation and Inspection of Evidence* by Counter Claimant Lester Sumrall. (Attachments: # 1 Exhibit Stephen Sumrall Deposition, # 2 Exhibit Request for Inspection, # 3 Exhibit Email, # 4 Exhibit LeSea Answers to Interrog)(Hesse PHV, Channing) (Entered: 02/04/2021) |

| 02/04/2021 | 155 | MOTION for Leave to File *a Sur-Reply in Opposition to Plaintiff's Motion to Dismiss Counterclaim* by Counter Claimant Lester Sumrall. (Attachments: # 1 Exhibit Stephen Sumrall Deposition, # 2 Exhibit Stephen Sumrall Deposition, # 3 Exhibit Stephen Sumrall Deposition, # 4 Exhibit Appellate Court Opinion, # 5 Exhibit Jeannine Donner Deposition)(Hesse PHV, Channing) (Entered: 02/04/2021) |
|---|---|---|
| 02/05/2021 | 156 | ORDER GRANTING 155 Motion for Leave to File a Sur-Reply in Opposition to Plaintiff's Motion to Dismiss Counterclaim by Counter Claimant Lester Sumrall. A sur-reply of no more than 10 pages may be filed no later than 2/12/2021. A sur-sur-reply in response, also limited to no more than 10 pages, may be filed no later than 2/19/2021. Signed by Judge Philip P Simon on 2/5/2021. (mrm) (Entered: 02/05/2021) |
| 02/11/2021 | 157 | REPLY to Response to Motion re 147 MOTION to Stay *Discovery Pending Ruling on Motion to Dismiss* filed by Family Broadcasting Corporation, Angela N Grabowski(an Individual), Indiana Christian University, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Declaration of A. Sumrall)(Perry, Louis) (Entered: 02/11/2021) |
| 02/12/2021 | 158 | REPLY to Response to Motion re 125 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit Angelas Counter Petition, # 2 Exhibit Consent & Joinder, # 3 Exhibit Exhibit B to Motion to Dismiss, # 4 Exhibit Stephen Sumrall Deposition, # 5 Exhibit Jeannine Donner Deposition, # 6 Exhibit Whitaker House Publishing Agreements, # 7 Exhibit Keith Passon Desposition, # 8 Exhibit FBC 2014, # 9 Exhibit FBC IP Infringement, # 10 Exhibit Contents in Fireproof Safe, # 11 Exhibit Response to Interrogatories)(Hesse PHV, Channing) (Entered: 02/12/2021) |
| 02/18/2021 | 159 | RESPONSE to Motion re 154 MOTION to Compel *Preservation and Inspection of Evidence* filed by LeSEA Inc. (Attachments: # 1 Exhibit A - C. Drown E-mail, # 2 Exhibit B - LeSEA Inspection Response, # 3 Exhibit C - A. Sumrall Declaration)(Perry, Louis) (Entered: 02/18/2021) |
| 02/19/2021 | 160 | REPLY to Response to Motion re 125 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Counts I-VIII and X of Amended Counterclaim* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), Indiana Christian University, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 02/19/2021) |
| 02/25/2021 | 161 | REPLY IN SUPPORT OF 154 MOTION to Compel *Preservation and Inspection of Evidence* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Hesse PHV, Channing) Modified on 2/26/2021 to correct title (mrm). (Entered: 02/25/2021) |
| 03/01/2021 | 162 | MOTION for Leave to File *Motion to Dismiss Count IX of Amended Counterclaim* by Counter Defendant LeSEA Inc. (Attachments: # 1 Exhibit A - Proposed Motion to Dismiss Count IX, # 2 Exhibit B - Proposed Brief In Support of Motion to Dismiss, # 3 Exhibit C - State Court Counterclaim, # 4 Exhibit D - State Court Order, # 5 Exhibit E - Perry Declaration)(Perry, Louis) (Entered: 03/01/2021) |

| 03/03/2021 | 163 | MOTION to Amend/Correct 158 Reply to Response to Motion,, by Counter Claimant Lester Sumrall. (Hesse PHV, Channing) (Entered: 03/03/2021) |
|---|---|---|
| 03/03/2021 | 164 | MOTION to Dismiss *Count IX* by Counter Claimant Lester Sumrall. (Hesse PHV, Channing) (Entered: 03/03/2021) |
| 03/04/2021 | 165 | ORDER granting 163 Motion to Amend/Correct. Signed by Judge Philip P. Simon on 3/4/2021. No additional briefs related to the Motion to Dismiss Counts I-VIII and X of the Amended Counterclaim will be permitted. [no pdf document; docket text only] (dkw) (Entered: 03/04/2021) |
| 03/05/2021 | 166 | OPINION AND ORDER: Counterclaim Defendants' Motion to Dismiss Counts I-VIII and X of the Amended Counterclaim 125 is GRANTED IN PART as follows, but in all other respects, the Motion to Dismiss is DENIED. Count IV of the Amended Counterclaim is DISMISSED WITHOUT PREJUDICE. Count VIII of the Amended Counterclaim is DISMISSED WITHOUT PREJUDICE as to the nine corporate defendants only. Signed by Judge Philip P Simon on 3/5/2021. (Copy mailed to pro se party)(bas) (Entered: 03/08/2021) |
| 03/09/2021 | 167 | ORDER finding moot 147 Motion to Stay pursuant to 166 . Approved by Magistrate Judge Michael G Gotsch, Sr on 3/9/21. (slm) (Entered: 03/09/2021) |
| 03/12/2021 | 168 | Joint MOTION to Amend/Correct *Scheduling Order and Request Status Conference* by Counter Claimant Lester Sumrall. (Hesse PHV, Channing) (Entered: 03/12/2021) |
| 03/16/2021 | 169 | NOTICE of Hearing on Motion 168 Joint MOTION to Amend/Correct *Scheduling Order and Request Status Conference* : Motion Hearing set for 3/23/2021 11:30 AM in US District Court - South Bend before Magistrate Judge Michael G Gotsch Sr. Parties should dial 877-336-1828, and enter access code5433302# at least five minutes before the conference start time. (slm) (Entered: 03/16/2021) |
| 03/22/2021 | 170 | Second Amended COUNTERCLAIM against Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski, Indiana Christian University, Inc., LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc, Adam Sumrall(an Individual), Andrew J Sumrall, David M Sumrall(an Individual), David E Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation), filed by The Lester Sumrall Family Trust, Lester Sumrall(an Individual). (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(Hesse PHV, Channing) Modified docket text on 4/20/2021 to indicate "2nd" Amended Cntrclm (kjp). (Entered: 03/22/2021) |
| 03/23/2021 | 171 | MOTION HEARING held on 3/23/2021 before Magistrate Judge Michael G Gotsch, Sr. Pla appeared by atty Perry; Allen. Dft appeared by atty Hesse; Mirkin. re 168 Joint MOTION to Amend *Scheduling Order and Request Status Conference. Court Grants as follows: Discovery deadline is 11/1/2021. Expert Discovery deadline is 7/1/2021. Response to expert discovery be filed by 9/15/2021. Counter Defendant has until 04/05/2021 to file a response to Amended counterclaim. The Court clarifies the scheduling order to indicate that discovery limits were based on "per side" rather than "each party".* cc: Pro Se Party (slm) Modified on 3/23/2021 (slm). (Entered: 03/23/2021) |
| 03/25/2021 | 172 | ORDER: Counterclaim Plaintiffs Lester Sumrall and the Lester Sumrall Family Trust's unopposed Motion to Dismiss Count IX 164 of their Amended Counterclaim is GRANTED, and Count IX is DISMISSED WITHOUT PREJUDICE, as reflected in the recently filed Second Amended Counterclaim. Counterclaim Defendant LeSEA, Inc.'s Motion for Leave to File Motion toDismiss Count IX 162 is DENIED AS MOOT. Signed by Judge Philip P Simon on 03/25/2021. (edb) (Entered: 03/25/2021) |
| 04/05/2021 | 173 | ANSWER to 170 Counterclaim      by Stephen P Sumrall.(Mirkin, David) (Entered: 04/05/2021) |

| 04/05/2021 | 174 | ANSWER to 170 Counterclaim,,,, by David M Sumrall(an Individual).(Perry, Louis) (Entered: 04/05/2021) |
|---|---|---|
| 04/05/2021 | 175 | ANSWER to 170 Counterclaim,,,, by Angela N Grabowski(an Individual).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 176 | ANSWER to 170 Counterclaim,,,, by Adam Sumrall(an Individual).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 177 | ANSWER to 170 Counterclaim,,,, by Andrew J Sumrall(an Individual).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 178 | ANSWER to 170 Counterclaim,,,, by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 179 | ANSWER to 170 Counterclaim,,,, by Family Broadcasting Corporation(an Indiana non-profit corporation).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 180 | ANSWER to 170 Counterclaim,,,, by LeSEA Inc(an Indiana non-profit corporation).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 181 | ANSWER to 170 Counterclaim,,,, by LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 182 | ANSWER to 170 Counterclaim,,,, by LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation).(Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 183 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Strike 170 Counterclaim,,,, by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 04/05/2021) |
| 04/05/2021 | 184 | BRIEF in Support of 183 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Strike 170 Counterclaim,,,, filed by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation), Family Broadcasting Corporation(an Indiana non-profit corporation), Adam Sumrall(an Individual), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), David M Sumrall(an Individual), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), Andrew J Sumrall(an Individual), LeSEA Inc(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), Angela N Grabowski(an Individual). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Affidavit Louis T. Perry)(Perry, Louis) (Entered: 04/05/2021) |
| 04/19/2021 | 185 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by Adam Sumrall(an Individual). (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 186 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by Andrew J Sumrall(an Individual). (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 187 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by Angela N Grabowski(an Individual). (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 188 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by David M Sumrall(an Individual). (Perry, Louis) (Entered: 04/19/2021) |

| 04/19/2021 | 189 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by Family Broadcasting Corporation(an Indiana non-profit corporation). (Perry, Louis) (Entered: 04/19/2021) |
|---|---|---|
| 04/19/2021 | 190 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by LeSEA Inc. (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 191 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 192 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation). (Perry, Louis) (Entered: 04/19/2021) |
| 04/19/2021 | 193 | AMENDED ANSWER to *Second Amended* 170 Counterclaim,,,, by LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc.. (Perry, Louis) (Entered: 04/19/2021) |
| 04/26/2021 | 194 | RESPONSE to Motion re 183 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Strike 170 Counterclaim,,,, filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 04/26/2021) |
| 04/29/2021 | 195 | First MOTION to Compel *Discovery responses* by Counter Claimant The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Document Requests, # 2 Exhibit Responses to Document Requests, # 3 Exhibit Inventory Report, # 4 Exhibit Profit & Loss, # 5 Exhibit Email Correspondence, # 6 Exhibit April 15, 2021 Letter, # 7 Exhibit Whitaker publishing contract, # 8 Exhibit Donation solicitation letter, # 9 Exhibit Donation solicitation emails)(Hesse PHV, Channing) (Entered: 04/29/2021) |
| 04/29/2021 | 196 | MEMORANDUM in Support of 195 First MOTION to Compel *Discovery responses* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 04/29/2021) |
| 04/29/2021 | 197 | SUPPLEMENT to 195 First MOTION to Compel *Discovery responses* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Contd Deposition of Angela Grabowski)(Hesse PHV, Channing) (Entered: 04/29/2021) |
| 05/03/2021 | 198 | REPLY to Response to Motion re 183 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Strike 170 Counterclaim,,,, filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 05/03/2021) |
| 05/13/2021 | 199 | RESPONSE to Motion re 195 First MOTION to Compel *Discovery responses* filed by Family Broadcasting Corporation, Angela N Grabowski(an Individual), Indiana Christian University, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc, Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Perry, Louis) (Entered: 05/13/2021) |

**Appx 129**

| 05/18/2021 | 200 | MOTION to Quash *Non-Party Subpooenas* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Attachments: # 1 Exhibit A - Subpoena to Crowe LLP, # 2 Exhibit B - Subpoena to PricewaterhouseCoopers LLP, # 3 Exhibit C - Subpoena to Hancock Whitney Bank, # 4 Exhibit D - Subpoena to InfoCision Management Corporation, # 5 Exhibit E - Subpoena to Frontier State Bank, # 6 Exhibit F - Subpoena to Wells Fargo Bank, # 7 Exhibit G - Subpoena to PNC Bank, # 8 Exhibit H - Subpoena to First State Bank)(Perry, Louis) (Entered: 05/18/2021) |
|---|---|---|
| 05/20/2021 | 201 | REPLY to Response to Motion re 195 First MOTION to Compel *Discovery responses FROM COUNTERCLAIM DEFENDANTS* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 05/20/2021) |
| 05/21/2021 | 202 | SUPPLEMENT to 201 Reply to Response to Motion *to Compel Discovery* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit)(Hesse PHV, Channing) (Entered: 05/21/2021) |
| 05/21/2021 | 203 | SUPPLEMENT to 201 Reply to Response to Motion *to Compel Discovery* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit, # 2 Exhibit)(Hesse PHV, Channing) (Entered: 05/21/2021) |
| 05/21/2021 | 204 | SUPPLEMENT to 201 Reply to Response to Motion *to Compel Discovery* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit)(Hesse PHV, Channing) (Entered: 05/21/2021) |
| 05/21/2021 | 205 | SUPPLEMENT to 201 Reply to Response to Motion *to Compel Discovery* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Hesse PHV, Channing) (Entered: 05/21/2021) |
| 05/27/2021 | 206 | MOTION for Leave to File *Sur-Reply in Opposition to Motion to Compel* by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit A - Surreply Brief and Exhibits Final)(Perry, Louis) (Entered: 05/27/2021) |
| 06/01/2021 | 207 | RESPONSE to Motion re 200 MOTION to Quash *Non-Party Subpooenas* filed by Lester Sumrall(an Individual). (Hesse PHV, Channing) (Entered: 06/01/2021) |
| 06/08/2021 | 208 | REPLY to Response to Motion re 200 MOTION to Quash *Non-Party Subpooenas* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 06/08/2021) |
| 06/11/2021 | 209 | ORDER: The Court GRANTS the Corporate Respondents' Motion 206 . The Corporate Respondents may file their sur-reply and exhibits, as proposed [DE 206-1], if filed on or before 6/18/2021. Signed by Magistrate Judge Michael G Gotsch, Sr on 6/11/2021. (mrm) (Entered: 06/11/2021) |
| 06/14/2021 | 210 | SUR-REPLY IN OPPOSITION to Motion re 195 First MOTION to Compel *Discovery responses (Corporate Defendants' Sur-reply)* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation). (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Perry, Louis) Modified on 6/15/2021 to edit text (mlc). (Entered: 06/14/2021) |
| 06/16/2021 | 211 | MOTION to Withdraw as Attorney *Amy G. Dunn* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of |

| | | |
|---|---|---|
| | | Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Dunn, Amy) (Entered: 06/16/2021) |
| 06/17/2021 | 212 | ORDER granting 211 Motion to Withdraw as Attorney. Attorney Amy G Dunn terminated. Approved by Magistrate Judge Michael G Gotsch, Sr on 6/17/21. (slm) (Entered: 06/17/2021) |
| 06/18/2021 | 213 | Joint MOTION to Amend/Correct *Scheduling Order and Request Status Conference* by ThirdParty Plaintiff Lester Sumrall. (Hesse PHV, Channing) (Entered: 06/18/2021) |
| 06/22/2021 | 214 | ORDER GRANTING IN PART and DENYING IN PART 213 Joint Motion to Amend Scheduling Order and Request for Status Conference. The deadline for service of reports from experts retained under Rule 26(a)(2) by the parties with the burden of proof is EXTENDED until 45 days after the Court rules upon the pending discovery-related motions [DE 154, DE 195, DE 200]. Any responses to the initial expert reports will be due 60 days later. No status conference is needed at this time. Signed by Magistrate Judge Michael G Gotsch, Sr on 6/22/21. (ksp) (Entered: 06/22/2021) |
| 07/16/2021 | 215 | OPINION AND ORDER, Counterclaim Defendants Motion to Dismiss Counts IV and VIII of the Second Amended Counterclaim [DE 183] is DENIED with respect to Count IV and GRANTED with respect to Count VIII. Counterclaim Defendants Motion to Partially Strike Counts V and VI of the Second Amended Counterclaim [DE 183] is GRANTED, and references to Lester Sumrall as a party-plaintiff and to the Traveler Photograph are STRICKEN from Counts V ad VI as amendments improperly filed without leave of court or the opposing party's consent. Signed by Judge Philip P Simon on 7/16/21. (mlc) (Entered: 07/16/2021) |
| 07/26/2021 | 216 | AMENDED ANSWER to 170 Counterclaim,,,, by Angela N Grabowski(an Individual). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 217 | AMENDED ANSWER to 170 Counterclaim,,,, by Adam Sumrall(an Individual). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 218 | AMENDED ANSWER to 170 Counterclaim,,,, by Andrew J Sumrall(an Individual). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 219 | AMENDED ANSWER to 170 Counterclaim,,,, by David M Sumrall(an Individual). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 220 | AMENDED ANSWER to 170 Counterclaim,,,, by Family Broadcasting Corporation(an Indiana non-profit corporation). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 221 | AMENDED ANSWER to 170 Counterclaim,,,, by LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 222 | AMENDED ANSWER to 170 Counterclaim,,,, by LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 223 | AMENDED ANSWER to 170 Counterclaim,,,, by LeSEA Inc(an Indiana non-profit corporation). (Perry, Louis) (Entered: 07/26/2021) |
| 07/26/2021 | 224 | AMENDED ANSWER to 170 Counterclaim,,,, by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 07/26/2021) |
| 07/30/2021 | 225 | ANSWER to 170 Second Amended Counterclaim by Stephen P Sumrall(an Individual).(Mirkin, David) Modified on 8/2/2021 (bas). (Entered: 07/30/2021) |
| 07/30/2021 | 226 | MOTION for Judgment on the Pleadings *(Partial)* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of |

| | | |
|---|---|---|
| | | Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 07/30/2021) |
| 07/30/2021 | 227 | BRIEF in Support of 226 MOTION for Judgment on the Pleadings *(Partial)* filed by World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation), Family Broadcasting Corporation(an Indiana non-profit corporation), Adam Sumrall(an Individual), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), Andrew J Sumrall(an Individual), LeSEA Inc(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), Angela N Grabowski(an Individual). (Perry, Louis) (Entered: 07/30/2021) |
| 08/09/2021 | 228 | *Third* ANSWER to 115 Counterclaim,,, by Stephen P Sumrall(an Individual).(Mirkin, David) (Entered: 08/09/2021) |
| 08/13/2021 | 229 | RESPONSE to Motion re 226 MOTION for Judgment on the Pleadings *(Partial)* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit, # 2 Exhibit)(Hesse PHV, Channing) (Entered: 08/13/2021) |
| 08/19/2021 | 230 | REPLY to Response to Motion re 226 MOTION for Judgment on the Pleadings *(Partial)* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 08/19/2021) |
| 08/30/2021 | 231 | MOTION for Summary Judgment *(Partial)* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Perry, Louis) (Entered: 08/30/2021) |
| 08/30/2021 | 232 | MEMORANDUM in Support of 231 MOTION for Summary Judgment *(Partial)* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 08/30/2021) |
| 08/30/2021 | 233 | AFFIDAVIT in Support re 231 MOTION for Summary Judgment *(Partial) of Louis T. Perry* filed by LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), |

| | | |
|---|---|---|
| | | LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Perry, Louis) (Entered: 08/30/2021) |
| 08/30/2021 | 234 | AFFIDAVIT in Support re 231 MOTION for Summary Judgment *(Partial) of Andrew Sumrall* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation). LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T)(Perry, Louis) (Entered: 08/30/2021) |
| 08/31/2021 | 235 | ORDER re 231 , 232 , 233 and 234 filings: Within 21 days, the counterclaim defendants shall provide to the court's Hammond chambers a courtesy copy of their motion for partial summary judgment with all attachments and exhibits. At the time of filing of all further briefing of the motion, the filing party shall provide a courtesy copy of all submitted materials to the court's Hammond chambers. Signed by Judge Philip P Simon on 8/31/2021. (lhc) (Entered: 08/31/2021) |
| 08/31/2021 | 236 | NOTICE of Appearance by Jessica Laurin Meek on behalf of David M Sumrall(an Individual) (Meek, Jessica) (Entered: 08/31/2021) |
| 08/31/2021 | 237 | MOTION to Withdraw as Attorney by Counter Defendant David M Sumrall, ThirdParty Defendant David M Sumrall. (Pendexter, Andrew) (Entered: 08/31/2021) |
| 09/01/2021 | 238 | ORDER granting 237 Motion to Withdraw as Attorney. Attorney Andrew Miller Pendexter terminated. Approved by Magistrate Judge Michael G Gotsch, Sr on 9/1/21. (slm) (Entered: 09/01/2021) |
| 09/04/2021 | 239 | First MOTION for *Clarification, to Modify Scheduling Order and to Compel* by Defendant LeSEA Broadcasting Corporation, Counter Claimants Lester Leonard Sumrall, Lester Sumrall, Third Party Plaintiffs Lester Sumrall, The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit sales report, # 2 Exhibit inventory report, # 3 Exhibit email, # 4 Exhibit Amended Disclosures, # 5 Exhibit 30b6 notices, # 6 Exhibit 30b6 notices, # 7 Exhibit Emails, # 8 Exhibit Email, # 9 Exhibit Deposition of Rev. Rogers)(Hesse PHV, Channing) Modified on 9/7/2021 (kms). (Entered: 09/04/2021) |
| 09/15/2021 | 240 | RESPONSE to Motion re 239 MOTION filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit 1 - Declaration of L. Perry, # 2 Exhibit A to Perry Decl. - S Sumrall transcript excerpt, # 3 Exhibit B to Perry Decl - A Grabowski transcript excerpt, # 4 Exhibit C to Perry Decl - K Passon transcript excerpt, # 5 Exhibit D to Perry Decl - D Sumrall transcript excerpt)(Perry, Louis) (Entered: 09/15/2021) |

| 09/15/2021 | 241 | MOTION for Clerks Entry of Default as to Dr. John W. Swails III by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Declaration of L. Perry)(Perry, Louis) (Entered: 09/15/2021) |
|---|---|---|
| 09/17/2021 | 242 | CLERK'S ENTRY OF DEFAULT against *Dr John W Swails III* regarding 241 Motion for Clerks Entry of Default filed by LeSEA Global Feed The Hungry Inc, Family Broadcasting Corporation, LeSEA Inc (mlc) (cc: Swails) Modified on 9/17/2021 to add routing (mlc). (Entered: 09/17/2021) |
| 09/17/2021 | 243 | MOTION to Quash *Non-Party Subpoenas* by Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Attachments: # 1 Exhibit A - Subpoena to Stanfield & O'Dell, # 2 Exhibit B - Subpoena to BDO USA)(Perry, Louis) (Entered: 09/17/2021) |
| 09/17/2021 | 244 | NOTICE of Appearance by Channing B Hesse PHV on behalf of Dr John W Swails, III (Hesse PHV, Channing) (Entered: 09/17/2021) |
| 09/17/2021 | 245 | MOTION to Set Aside Default *and Motion for Leave to File Motion to Dismiss* by Defendant Dr John W Swails, III. (Hesse PHV, Channing) (Entered: 09/17/2021) |
| 09/17/2021 | 246 | MEMORANDUM in Support of 245 MOTION to Set Aside Default *and Motion for Leave to File Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim* filed by Dr John W Swails, III. (Attachments: # 1 Affidavit)(Hesse PHV, Channing) (Entered: 09/17/2021) |
| 09/22/2021 | 247 | REPLY to Response to Motion re 239 MOTION *to Modify Scheduling Order* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 09/23/2021) |
| 09/23/2021 | 248 | SUPPLEMENT to 247 Reply to Response to Motion *Exhibits* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit Indiana SOS, # 2 Exhibit Declaration of Andrew Sumrall) (Hesse PHV, Channing) (Entered: 09/23/2021) |
| 09/23/2021 | 249 | SUPPLEMENT to 247 Reply to Response to Motion *Exhibits* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit Doug G Email Breakdown, # 2 Exhibit Notice of Dep, # 3 Exhibit Original Notice of Dep, # 4 Exhibit Teaching Series Donation Report, # 5 Exhibit Emails)(Hesse PHV, Channing) (Entered: 09/23/2021) |
| 09/23/2021 | 250 | SUPPLEMENT to 247 Reply to Response to Motion *Exhibit* filed by Lester Sumrall(an Individual). (Hesse PHV, Channing) (Entered: 09/23/2021) |
| 09/23/2021 | 251 | Joint STIPULATION to Dismiss by Intervenor Plaintiff Frank Lester Sumrall. (Allen, D) (Entered: 09/23/2021) |
| 09/24/2021 | 252 | ORDER GRANTING 251 Joint STIPULATION to Dismiss by Intervenor Plaintiff Frank Lester Sumrall. Frank Lester Sumrall's Complaint in Intervention 110 against Lester Leonard Sumrall individually and as trustee of The Lester Sumrall Family Trust is DISMISSED WITH PREJUDICE. Signed by Judge Philip P Simon on 9/24/2021. (lhc) (Entered: 09/24/2021) |
| 09/27/2021 | 253 | MOTION for Leave to File *Sur-Reply in Opposition to Motion for Clarification, to Modify the Scheduling Order and to Compel, or, in the Alternative*, MOTION to Strike 248 Supplement by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit A - Proposed Sur-Reply)(Perry, Louis) (Entered: 09/27/2021) |
| 09/27/2021 | 254 | Cross MOTION for Default Judgment as to *Dr. John W. Swails* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 09/27/2021) |
| 09/27/2021 | 255 | First MOTION for Extension of Time to File Response/Reply *to CC Defendants Motion for Partial Summary Judgment* by ty Plaintiff The Lester Sumrall Family Trust. |

| | | (Attachments: # 1 Affidavit Declaration of Channing Hesse, # 2 Affidavit Declaration of Cameron Nelson)(Hesse PHV, Channing) (Entered: 09/27/2021) |
|---|---|---|
| 09/27/2021 | 256 | SUPPLEMENT to 255 First MOTION for Extension of Time to File Response/Reply *to CC Defendants Motion for Partial Summary Judgment Exhibit B - Deposition of FBC* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit FBC Deposition - Part 2)(Hesse PHV, Channing) (Entered: 09/27/2021) |
| 09/30/2021 | 257 | RESPONSE to Motion re 243 MOTION to Quash *Non-Party Subpoenas* filed by Lester Sumrall. (Attachments: # 1 Exhibit FBC Deposition - Part 1, # 2 Exhibit FBC Deposition - Part 2)(Hesse PHV, Channing) (Entered: 09/30/2021) |
| 09/30/2021 | 258 | RESPONSE to Motion re 255 First MOTION for Extension of Time to File Response/Reply *to CC Defendants Motion for Partial Summary Judgment* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Declaration of Louis T. Perry, # 2 Exhibit 1 - Trust's Requests for Production, # 3 Exhibit 2 - Shirley Affidavit)(Perry, Louis) (Entered: 09/30/2021) |
| 10/04/2021 | 259 | ORDER: An in-person conference with counsel is set for Thursday, 10/14/2021 at 9:30 a.m. Central/Hammond time to take place in the Hammond courtroom of the undersigned, to discuss the status of the case and particularly the pending motion for partial summary judgment and the related dispute over an extension of time to respond. Signed by Judge Philip P Simon on 10/4/2021.(mrm) (Entered: 10/04/2021) |
| 10/06/2021 | 260 | MOTION for Leave to File *Sur-Reply in Opposition to CC Defendants Motion to Quash Non-Party Subpoenas Docket Number 200* by Counter Claimant Lester Sumrall. (Attachments: # 1 Exhibit CC Plaintiffs Sur-Reply in Opposition to Counterclaim Defendants' Motion to Quash Non Party Subpoenas, # 2 Exhibit Master Service Agreement, # 3 Exhibit Master Service Agreement, # 4 Exhibit North Carolina filing, # 5 Exhibit California filing, # 6 Exhibit Solicitors Annual Financial Report, # 7 Exhibit Five Highest Paid Consultants, # 8 Exhibit Infocision Subpoena)(Hesse PHV, Channing) (Entered: 10/06/2021) |
| 10/07/2021 | 261 | REPLY to Response to Motion re 243 MOTION to Quash *Non-Party Subpoenas* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Perry, Louis) (Entered: 10/07/2021) |
| 10/07/2021 | 262 | REPLY to Response to Motion re 255 First MOTION for Extension of Time to File Response/Reply *to CC Defendants Motion for Partial Summary Judgment* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit FBC document, # 2 Exhibit Steve Sumrall Deposition, # 3 Exhibit Inventory of home, # 4 Exhibit FBC's Answers to Interrogatories, # 5 Affidavit Brock Shinen-Expert, # 6 Exhibit FBC documents, # 7 Exhibit FBC Response to Document Requests)(Hesse PHV, Channing) (Entered: 10/07/2021) |
| 10/08/2021 | 263 | MOTION for Protective Order by Counter Defendant LeSEA Global Feed The Hungry Inc, Plaintiff LeSEA Global Feed The Hungry Inc. (Attachments: # 1 Declaration of L. Perry, # 2 Exhibit 1 - 7/27/2021 Deposition, # 3 Exhibit 2 - 8/6/2021 Objections, # 4 Exhibit 3 - |

| | | 8/13/2021 Amended Deposition Notice, # 5 Exhibit 4 - 9/10/2021 Amended Objections)(Perry, Louis) (Entered: 10/08/2021) |
|---|---|---|
| 10/08/2021 | 264 | CERTIFICATE *Under N.D. Ind. L.R. 37-1 re: Motion for Protective Order*. (Perry, Louis) (Entered: 10/08/2021) |
| 10/12/2021 | 265 | NOTICE of Appearance by Elizabeth A Charles on behalf of Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, World Harvest Bible College indiana Christian University, Inc. (Charles, Elizabeth) (Entered: 10/12/2021) |
| 10/14/2021 | 266 | IN PERSON STATUS CONFERENCE held on 10/14/2021 before Judge Philip P Simon. Attorneys present: Cameron M. Nelson, Channing B. Hesse, Elizabeth A. Charles, Louis T. Perry and David L. Mirkin. Court discussed need for better control of the litigation. Counsel responded to Court's questions about pending Motion for Partial Summary Judgment on the Pleadings, Motion for Partial Summary Judgment and motions involving the default against dft Swalls. Counsel raise pending discovery disputes, and Court advises that those will be decided by Magistrate Judge Gotsch. Counsel to confer and report to chambers as to possibility of voluntary dismissal of dfts Swalls and Wassmer. (Court Reporter Ashley Stokes.) (nac) (Entered: 10/14/2021) |
| 10/18/2021 | 267 | ORDER: The Court SETS a video motion hearing via Zoom for Tuesday, 11/30/2021, at 11:00 a.m. (EST). All counsel listed on the docket sheet will receive a Zoom link via email from chambers at least 24 hours prior to the hearing. The parties shall come to the hearing prepared to discuss the status of all pending discovery motions as listed in this Order. Before the hearing, the parties are ORDERED to meet and confer then file a status report on or before 11/23/2021, informing the Court of specific issues that have been resolved and the scope of any remaining issues. Signed by Magistrate Judge Michael G Gotsch, Sr on 10/18/2021. (shk) (Entered: 10/18/2021) |
| 10/18/2021 | | Reset Hearing to Motion Hearing set for 11/23/2021 at 11:00 AM before Magistrate Judge Michael G Gotsch Sr. via Zoom pursuant to Order 267 . (shk) (Entered: 10/20/2021) |
| 10/19/2021 | 268 | NOTICE of Voluntary Dismissal by Family Broadcasting Corporation(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation) (Perry, Louis) (Entered: 10/19/2021) |
| 10/20/2021 | 269 | ORDER: Plaintiffs' Notice of Dismissal Without Prejudice 268 is SO ORDERED, and the claims against defendants Dr. John W. Swails, III and Edward Wassmer are DISMISSED WITHOUT PREJUDICE. Signed by Judge Philip P Simon on 10/20/2021. (mrm) (Entered: 10/20/2021) |
| 10/21/2021 | 270 | ORDER DENYING AS MOOT 245 Motion to Set Aside Default; DENYING AS MOOT 254 Motion for Default Judgment. Signed by Judge Philip P Simon on 10/21/21. (mlc) (Entered: 10/21/2021) |
| 10/21/2021 | | Reset Hearing: Motion Hearing set for 11/30/2021 at 11:00 AM before Magistrate Judge Michael G Gotsch Sr. pursuant to Order 267 . (shk) (Entered: 10/21/2021) |
| 10/21/2021 | 271 | OPINION AND ORDER: The LeSEA plaintiffs' Motion for Partial Judgment on the Pleadings 226 is GRANTED as follows: Count III of the Second Amended Counterclaim is DISMISSED WITH PREJUDICE. On Counts VI and VII of the Second Amended Counterclaim, prayers for relief in the form of penalties available under the Indiana Crime Victims Rights Act are DISMISSED WITH PREJUDICE. Signed by Judge Philip P Simon on 10/21/2021. (shk) (Entered: 10/21/2021) |
| 10/21/2021 | 272 | OPINION AND ORDER : The Motion for Additional Time to Respond to the Motion for Partial Summary Judgment Under Fed.R.Civ.P. 56(d) 255 is GRANTED in that pursuant to Rule 56(d) the Motion for Partial Summary Judgment 231 is DENIED WITHOUT PREJUDICE to being |

| | | |
|---|---|---|
| | | refiled following the conclusion of all discovery. Signed by Judge Philip P Simon on 10/21/2021. (shk) (Entered: 10/21/2021) |
| 10/22/2021 | 273 | RESPONSE to Motion re 263 MOTION for Protective Order *Counterclaim Plaintiff's Response to Global Feed the Hungry's Motion for Protective Order* filed by Lester Sumrall(an Individual). (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit G PART 2, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K PART 1, # 13 Exhibit K PART 2, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N) (Hesse PHV, Channing) (Entered: 10/22/2021) |
| 10/27/2021 | 274 | ORDER GRANTING 253 MOTION for Leave to File Sur-Reply in Opposition to Motion for Clarification, to Modify the Scheduling Order and to Compel, or, in the Alternative, MOTION to Strike 248 Supplement by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. and 260 MOTION for Leave to File Sur-Reply in Opposition to CC Defendants Motion to Quash Non-Party Subpoenas Docket Number 200 by Counter Claimant Lester Sumrall. The Counterclaim Defendants may separately file their sur-reply, as proposed [DE 253 -1], if filed on or before 11/1/2021. Additionally, the Counterclaim Plaintiffs may file their sur-reply and exhibits, as proposed [DE 260 -1 through DE 260 -8], if filed on or before 11/1/2021. Signed by Magistrate Judge Michael G Gotsch, Sr on 10/27/2021. (lhc) (Entered: 10/28/2021) |
| 10/28/2021 | 275 | Counterclaim Plaintiffs' Sur-Reply in Opposition to Counterclaim Defendants' Motion to Quash Non-Party Subpoenas by The Lester Sumrall Family Trust to 200 MOTION to Quash *Non-Party Subpoenas*. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Hesse PHV, Channing) (Entered: 10/28/2021) |
| 10/29/2021 | 276 | SUR-REPLY by Family Broadcasting Corporation(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation) to 239 MOTION *FOR CLARIFICATION, TO MODIFY THE SCHEDULING ORDER AND TO COMPEL.* (Perry, Louis) (Entered: 10/29/2021) |
| 10/29/2021 | 277 | REPLY to Response to Motion re 263 MOTION for Protective Order filed by LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A - LeSea Global Feed the Hungry, Inc.'s Answers to Counterclaim Plaintiffs and Third-Party Plaintiff's First Request for Interrogatories)(Perry, Louis) (Entered: 10/29/2021) |
| 11/11/2021 | 278 | MOTION to Compel *Depositions and for Sanctions Pursuant to Rule 30(b)(6)* by Counter Claimant The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Amended Notice of Deposition)(Hesse PHV, Channing) (Entered: 11/11/2021) |
| 11/11/2021 | 279 | MEMORANDUM in Support of 278 MOTION to Compel *Depositions and for Sanctions Pursuant to Rule 30(b)(6)* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Amended Notice of Deposition, # 2 Exhibit Email re 30b6 deposition, # 3 Exhibit Donation letter, # 4 Exhibit Email re topic 8, # 5 Exhibit FBC Dep Part 1, # 6 Exhibit FBC Dep Part 2, # 7 Exhibit Email re Topic 4, 21, 35, # 8 Exhibit Response to Notice of Dep, # 9 Exhibit Declaration of Channing Hesse, # 10 Exhibit Westlaw citations)(Hesse PHV, Channing) (Entered: 11/11/2021) |
| 11/16/2021 | 280 | First MOTION to Alter Judgment *Seeking Partial Relief from Order* by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit LeSEA's Answer to Interrogatories, # 2 Exhibit Deposition of Kenny Rogers, # 3 Exhibit 2nd Amended Counterclaim, # 4 Exhibit LeSEA Document, # 5 Exhibit Third Amended Counterclaim, # 6 Exhibit Comparison)(Hesse PHV, Channing) (Entered: 11/16/2021) |
| 11/23/2021 | 281 | **FILED IN ERROR** STATUS REPORT *of all parties at issue in the pending Discovery Motions* by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Amended Subpoena rider, # 2 Exhibit Amended Subpoena rider, # 3 Exhibit Amended Subpoena rider)(Hesse PHV, Channing) Modified on 11/24/2021 (shk). (Entered: 11/23/2021) |
| 11/23/2021 | 282 | STATUS REPORT *Corrected Joint Status Report by all parties at issue in pending Discovery Motions* by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Amended Subpoena |

| | | |
|---|---|---|
| | | rider, # 2 Exhibit Amended Subpoena rider, # 3 Exhibit Amended Subpoena rider)(Hesse PHV, Channing) (Entered: 11/23/2021) |
| 11/26/2021 | 283 | RESPONSE to Motion re 278 MOTION to Compel *Depositions and for Sanctions Pursuant to Rule 30(b)(6)* filed by Family Broadcasting Corporation(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A - Email & Letter, # 2 Exhibit B - Donation Report)(Perry, Louis) (Entered: 11/26/2021) |
| 11/29/2021 | 284 | RESPONSE to Motion re 280 First MOTION to Alter Judgment *Seeking Partial Relief from Order* filed by Family Broadcasting Corporation(an Indiana non-profit corporation), Angela N Grabowski(an Individual), LeSEA Broadcasting of Hawaii, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Indianapolis(an Indiana non-profit corporation), LeSEA Broadcasting of South Bend, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of St. Croix, Inc.(an Indiana non-profit corporation), LeSEA Broadcasting of Tulsa, Inc.(an Indiana non-profit corporation), LeSEA Global Feed The Hungry Inc(an Indiana non-profit corporation), LeSEA Inc(an Indiana non-profit corporation), Adam Sumrall(an Individual), Andrew J Sumrall(an Individual), David M Sumrall(an Individual), Stephen P Sumrall(an Individual), World Harvest Bible College indiana Christian University, Inc.(an Indiana non-profit corporation). (Attachments: # 1 Exhibit A - Nov 1 Letter)(Perry, Louis) (Entered: 11/29/2021) |
| 11/30/2021 | 285 | MOTION HEARING held on 11/30/2021 before Magistrate Judge Michael G Gotsch, Sr. Pla appeared by atty Perry. Dft appeared by atty Meek; Hesse. re 263 154 195 278 200 239 Order to be entered. (Tape Zoom) (slm) (Entered: 11/30/2021) |
| 12/07/2021 | 286 | MOTION for Status Conference by Counter Defendant LeSEA Inc, Plaintiff LeSEA Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Perry, Louis) (Entered: 12/07/2021) |
| 12/08/2021 | 287 | ORDER from Hearing: Consistent with the Court's rulings at the November 30, 2021 video hearing the Court: GRANTS IN PART and DENIES IN PART CC Plaintiffs Motion to Compel Preservation and Inspection DE 154 ; GRANTS IN PART, DENIES IN PART, and DENIES WITHOUT PREJUDICE IN PART CC Plaintiffs Motion to Compel Documents and Interrogatory Responses DE 195 ; GRANTS IN PART, DENIES AS MOOT IN PART, and DENIES IN PART WITHOUT PREJUDICE CC Defendants two Motions to Quash Subpoenas DE 200 & 243 ; GRANTS IN PART and DENIES IN PART CC Plaintiffs Motion for Clarification, to Modify the Scheduling Order and to Compel DE 239 ; DIRECTS the Clerk to TERMINATE LeSEA Globals Motion for Protective Order upon its withdrawal by LeSEA Gobal DE 263 ; and DENIES WITHOUT PREJUDICE the Trusts Motion to Compel Depositions and for Sanctions Pursuant to Rule 30(b)(6) DE 278 . The Court REOPENS discovery for the limited purpose of compliance with this Order. The deadline for completion of all discovery is now March 18, 2022. Signed by Magistrate Judge Michael G Gotsch, Sr on 12/8/2021. (nae) (Entered: 12/08/2021) |
| 12/08/2021 | 288 | ORDER for expedited briefing on LeSEA, Inc.'s motion 286 . The court's order 287 should answer questions raised in 286 . However, the court will entertain a response to 286 if filed by 12/15/2021. No reply is necessary. Approved by Magistrate Judge Michael G Gotsch, Sr on 12/8/21. (slm) (Entered: 12/08/2021) |
| 12/08/2021 | 289 | MOTION for Extension of Time to File Response/Reply as to 280 First MOTION to Alter Judgment *Seeking Partial Relief from Order* by Counter Claimant The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit A - Email re: Covid)(Hesse PHV, Channing) (Entered: 12/08/2021) |
| 12/09/2021 | 290 | ORDER granting 289 Motion for Extension of Time to File Reply as to 280 First MOTION to Alter Judgment. Reply to be filed by 12/9/2021.Signed by Judge Philip P. Simon on 12/9/2021. [no pdf document attached; docket text only] (dkw) (Entered: 12/09/2021) |
| 12/09/2021 | 291 | REPLY to Response to Motion re 280 First MOTION to Alter Judgment *Seeking Partial Relief from Order* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Consent & Joinders, # 2 Exhibit Answers to Interrogatories, # 3 Exhibit Stephen Sumrall Deposition, # 4 Exhibit Part 1 - FBC Deposition, # 5 Exhibit Part 2 - FBC Deposition, # 6 Exhibit Part 1 - Angelas Deposition, # 7 Exhibit Part 2 - Angelas Deposition, # 8 Exhibit David Sumrall |

| | | |
|---|---|---|
| | | Deposition, # 9 Exhibit Emails from Pete Sumrall, # 10 Exhibit FBC Donation Letters, # 11 Exhibit Emails between counsel)(Hesse PHV, Channing) (Entered: 12/09/2021) |
| 12/15/2021 | 292 | RESPONSE to Motion re 286 MOTION for Status Conference filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Angela Grabowski's deposition, # 2 Exhibit LeSEA's Answers to Interrogatories, # 3 Affidavit Declaration of Lester Sumrall, # 4 Exhibit Website of South Bend Estate Sales, # 5 Exhibit Dick's Estate Sales, # 6 Exhibit Method's Inc., # 7 Exhibit Gene's Camera Website, # 8 Exhibit Church Website)(Hesse PHV, Channing) (Entered: 12/15/2021) |
| 12/16/2021 | 293 | ORDER: The Court DENIES LeSEAs Motion for Status Conference 286 . However, the disputes raised by LeSEA are addressed in this Order to propel this case forward despite the parties lack of cooperation after the Courts recent order. Signed by Magistrate Judge Michael G Gotsch, Sr on 12/16/2021. (shk) (Entered: 12/16/2021) |
| 01/18/2022 | 294 | **MOTION for Temporary Restraining Order *LeSEA from Demolishing the Church and Restrain Assets* by Counter Claimant The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 01/18/2022)** |
| 01/18/2022 | 295 | MEMORANDUM in Support of 294 **MOTION for Temporary Restraining Order *LeSEA from Demolishing the Church and Restrain Assets*** filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Settlement Proposal Letter, # 2 Exhibit Declaration of Channing Hesse, # 3 Exhibit Second Amended Counterclaim, # 4 Exhibit Copyrights Registered to Dr. Sumrall, # 5 Exhibit Copyrights Registered to LeSEA, # 6 Exhibit Unregistered Works, # 7 Exhibit LeSEAs Answers to Interrogatories, # 8 Exhibit Dr. Sumrall Tax Returns, # 9 Exhibit FBC Dep Part 1, # 10 Exhibit FBC Dep Part 2, # 11 Exhibit LeSEA Responses to First Set of RFP, # 12 Exhibit Frank Sumrall Dep, # 13 Exhibit Sales of Registered Works, # 14 Exhibit Donation Requests, # 15 Exhibit Randy Souza Affidavit, # 16 Exhibit Donor Development, # 17 Exhibit Liquidation, # 18 Exhibit Proposed Order)(Hesse PHV, Channing) (Entered: 01/18/2022) |
| 01/18/2022 | 296 | ORDER: This matter is set for a telephonic status conference on Friday, 1/21/2022 at 10:00 a.m. Hammond/Central time solely for the purpose of updating the court as to the status and scheduling purposes. No substantive arguments will be held at this time. The parties are instructed to dial (888) 363-4749 and enter the code 9147763# when prompted. Signed by Judge Philip P Simon on 1/18/2022. (shk) (Entered: 01/18/2022) |
| 01/21/2022 | 297 | TELEPHONE CONFERENCE held on 1/21/2022 before Judge Philip P Simon. NOTE: Due to an inadvertent calendaring error, no court reporter was present for the telephonic conference, and no verbatim record of the proceedings was made. The following attorneys were present for the telephonic conference: Channing B. Hesse, Louis T. Perry, Jessica L. Meek and David Mirkin. This hearing is a result of the 1/18/2022 filing. Each side offers comments to the court. Court sets deadlines for the matter: Response to be filed by 2/7/2022 and a Reply shall be filed by 2/21/2022. Attorney Perry represents to the court that the building will not be torn down within the next 60 days. At the conclusion of the hearing the parties select a date for the TRO Hearing: 2/24/2022 at 9:30 a.m. (central time). This hearing shall be in person at the U.S. District Courthouse in Hammond, Indiana before Judge Philip P. Simon. The parties have advised the court that they expect the hearing may take the entire day. If more time is needed, it may continue into another day. (Court Reporter None.) (nac) (Entered: 01/21/2022) |
| 02/07/2022 | 298 | RESPONSE to Motion re 294 **MOTION for Temporary Restraining Order *LeSEA from Demolishing the Church and Restrain Assets*** filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit 1 - Declaration of Andrew Sumrall, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit 2 - Declaration of L. Perry, # 22 Exhibit A (Perry Decl.), # 23 Exhibit B (Perry Decl.), # 24 Exhibit C (Perry Decl.), # 25 Exhibit 3 Declaration of Stefan Radelich)(Perry, Louis) (Entered: 02/07/2022) |
| 02/08/2022 | 299 | NOTICE OF MANUAL FILING of Exhibits E and F to the Declaration of Andrew Sumrall in Opposition to the Lester Sumrall Trust's Emergency Motion to Restrain LeSEA from |

| | | |
|---|---|---|
| | | Demolishing the Church and to Restrain Assets by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc (Perry, Louis) (Entered: 02/08/2022) |
| 02/08/2022 | 300 | RECEIPT of (2) copies of Disk containing Exhibits E and F from Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. re: Notice of Manual Filing DE 299 . (Stored in the South Bend Clerk's Office) (nae) (Entered: 02/09/2022) |
| 02/10/2022 | 301 | Second MOTION to Compel by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 02/10/2022) |
| 02/10/2022 | 302 | MEMORANDUM in Support of 301 Second MOTION to Compel filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Sumrall Copyright Documents, # 2 Exhibit LeSEA Copyright Documents, # 3 Exhibit Publishing Agreements to Exhibit B, # 4 Exhibit Unregistered Works Spreadsheet, # 5 Exhibit Sales Reports, # 6 Exhibit LeSEAs Answers to Interrogatories, # 7 Exhibit Dr. Sumrall Tax Returns, # 8 Exhibit Part 1 FBC Deposition, # 9 Exhibit Part 2 FBC Deposition, # 10 Exhibit LeSEAs Response to RFP, # 11 Exhibit Lester Sumrall Affidavit, # 12 Exhibit Angels and Prayer Copyright, # 13 Exhibit Sales of Gifts and Ministries and Total Man, # 14 Exhibit Donation Requests, # 15 Exhibit Randy Souza Affidavit, # 16 Exhibit Donor Development, # 17 Exhibit Paula Slack Affidavit, # 18 Exhibit Frank Sumrall Deposition, # 19 Exhibit Kenneth Rogers Deposition, # 20 Exhibit Lester Sumrall Deposition, # 21 Exhibit Angelas Deposition)(Hesse PHV, Channing) (Entered: 02/10/2022) |
| 02/11/2022 | 303 | ORDER GRANTING IN PART the request contained in the attached letter. The deadline for delivery of the documentation related to the ordered inspection of the LeSEA basement is EXTENDED until 2/22/2022. Signed by Magistrate Judge Michael G Gotsch, Sr on 2/11/2022. (Attachments: # 1 Letter)(lhc) (Entered: 02/11/2022) |
| 02/18/2022 | 304 | RESPONSE to Motion re 301 Second MOTION to Compel filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit 1 - A. Sumrall Declaration, # 2 Exhibit A to Sumrall Decl, # 3 Exhibit B to Sumrall Decl, # 4 Exhibit C to Sumrall Decl, # 5 Exhibit D to Sumrall Decl, # 6 Exhibit E to Sumrall Decl, # 7 Exhibit F to Sumrall Decl, # 8 Exhibit G to Sumrall Decl, # 9 Exhibit 2 - D. Korsmo Declaration, # 10 Exhibit 3 - M. Daugherty Declaration, # 11 Exhibit 4 - L. Perry Declaration, # 12 Exhibit A to Perry Decl, # 13 Exhibit B to Perry Decl, # 14 Exhibit C to Perry Decl, # 15 Exhibit D to Perry Decl, # 16 Exhibit E to Perry Decl, # 17 Exhibit F to Perry Decl, # 18 Exhibit G to Perry Decl, # 19 Exhibit H to Perry Decl, # 20 Exhibit I to Perry Decl, # 21 Exhibit J to Perry Decl, # 22 Exhibit K to Perry Decl, # 23 Exhibit L to Perry Decl, # 24 Exhibit M to Perry Decl, # 25 Exhibit N to Perry Decl)(Perry, Louis) (Entered: 02/18/2022) |
| 02/22/2022 | 305 | REPLY to Response to Motion re 294 **MOTION for Temporary Restraining Order *LeSEA from Demolishing the Church and Restrain Assets*** filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Financial records from Co SOS, # 2 Exhibit Rule 1006 data compilation, # 3 Exhibit deposition, # 4 Exhibit deposition, # 5 Exhibit P&L, # 6 Exhibit corporate resolution, # 7 Exhibit deposition, # 8 Exhibit contracts, # 9 Exhibit contract, # 10 Exhibit rule 1006 data compilation, # 11 Exhibit assignment, # 12 Exhibit license, # 13 Exhibit letter, # 14 Exhibit memo re will, # 15 Exhibit deposition, # 16 Supplement Value of Money chapter, # 17 Exhibit assignment)(Hesse PHV, Channing) (Entered: 02/22/2022) |
| 02/22/2022 | 306 | First MOTION for Extension of Time to File Response/Reply *in Support of the Trust's Second Motion to Compel* by Counter Claimant The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Declaration of Channing Blair Hesse, # 2 Exhibit Email Correspondence)(Hesse PHV, Channing) (Entered: 02/22/2022) |
| 02/24/2022 | 307 | EVIDENTIARY HEARING held on 2/24/2022 re 294 : Motion entitled Lester Sumrall Family Trusts Emergency Motion to Restrain LeSea from Demolishing the Church and to Restrain Assets filed by The Lester Sumrall Family Trust before Judge Philip P Simon. Present: Andrew Sumrall, Attorney Louis Perry, Attorney James Hinshaw, Attorney Channing Blair Hesse, Attorney Cameron Nelson and Lester Sumrall. Preliminary matters heard - Court DENIES 280 . Motion for Separation of Witnesses is GRANTED. Both sides present evidence and rest. Final |

| | | |
|---|---|---|
| | | comments from each side. Court rules on Motion to Restrain LeSea: DENYING the motion. Court opinion to follow. (Court Reporter Stacy Drohosky.) (nac) (Entered: 02/28/2022) |
| 02/24/2022 | 308 | WITNESS AND EXHIBIT LIST from the hearing held on 2/24/2022. (nac) (Entered: 03/02/2022) |
| 03/03/2022 | 309 | MOTION for Judgment on the Pleadings *to Open the Proofs and Supplement the Record* by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Assignment of Rights Stephen, # 2 Exhibit Peter Sumralls Assignment, # 3 Affidavit Angelas Deposition)(Hesse PHV, Channing) (Entered: 03/03/2022) |
| 03/03/2022 | 310 | OPINION AND ORDER: Counterclaim Plaintiff The Lester Sumrall Family Trust's Emergency Motion to Restrain LeSEA from Demolishing the Church and To Restrain Assets 294 is DENIED. Signed by Judge Philip P Simon on 03/03/2022. (jdb) (Entered: 03/03/2022) |
| 03/10/2022 | 311 | ORDER granting 306 Motion for Extension of Time to File Response/Reply. The deadline for the Trust to file a reply in support of its second motion to compel 301 is EXTENDED until 03/18/2022. Signed by Magistrate Judge Michael G Gotsch, Sr on 03/10/2022. (jdb) (Entered: 03/10/2022) |
| 03/14/2022 | 312 | RESPONSE to Motion re 309 MOTION for Judgment on the Pleadings *to Open the Proofs and Supplement the Record* filed by LeSEA Inc(an Indiana non-profit corporation). (Perry, Louis) (Entered: 03/14/2022) |
| 03/18/2022 | 313 | MOTION for Leave to File *Brief in Excess of Page Limit* by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Reply Brief, # 2 Exhibit 1 - Steves Response to RTA, # 3 Exhibit 2 - Assignment to FBC, # 4 Exhibit 3 - Copyright Transfer Letter, # 5 Exhibit 4 - FBC Dep, # 6 Exhibit 5 - Steves Assignement, # 7 Exhibit 6 - letter from Steve to Pete, # 8 Exhibit 7 - Emails from Pete to Jo Simmons, # 9 Exhibit 8 - Sales Reports, # 10 Exhibit 9 - FBC14426, # 11 Exhibit 10 - Dougs Emails, # 12 Exhibit 11 - Dunham Appeal, # 13 Exhibit 12 - LeSEA Report, # 14 Exhibit 13 - Whitaker Report, # 15 Exhibit 14 - Swedish Royalty Reports, # 16 Exhibit 15 - Tony Agostino Dep, # 17 Exhibit 16 - SOS Financial, # 18 Exhibit 17 - FBC Consolidated Financials, # 19 Exhibit 18 - Emails between Counsel, # 20 Exhibit 19 - Photo of Filing Cabinet, # 21 Exhibit 20 - LeSEA 30b6 dep, # 22 Exhibit 21 - Grabill email, # 23 Exhibit 22 - LeSEA Answers to ROG, # 24 Exhibit 23 - Teaching series email, # 25 Exhibit 24 - emails from LeSEA counsel, # 26 Exhibit 25 - Dunham document, # 27 Exhibit 26 - Mike Swinehart Dep, # 28 Exhibit 27 - SOS Documents, # 29 Exhibit 28 - David Sumrall Dep, # 30 Exhibit 29 - Pete Memo, # 31 Exhibit 30 - Dr Sumrall Tax Returns, # 32 Exhibit 31 - Skip Kromers Dep, # 33 Exhibit 32 - Lester Sumrall Affidavit, # 34 Exhibit 32A - Lester Sumrall Exhibit to Affidavit, # 35 Exhibit 33 - Treasury donation emails)(Hesse PHV, Channing) (Entered: 03/18/2022) |
| 03/22/2022 | 314 | REPLY to Response to Motion re 309 MOTION for Judgment on the Pleadings *to Open the Proofs and Supplement the Record* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Response to Request for Documents, # 2 Exhibit Response to Interrogtories, # 3 Exhibit Fundraising using Dr. Sumrall, # 4 Exhibit Will, # 5 Exhibit Indiana Rights of Publicity Act, # 6 Exhibit Steve Sumrall License to LeSEA, # 7 Exhibit Copyright Transfer)(Hesse PHV, Channing) (Entered: 03/22/2022) |
| 03/25/2022 | 315 | SUPPLEMENT to 313 MOTION for Leave to File *Brief in Excess of Page Limit Exhibit 21 Mr. Joe Grabill Declaration* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 03/25/2022) |
| 03/29/2022 | 316 | OPINION AND ORDER: Counterclaim Plaintiff The Lester Sumrall Family Trust's Motion to Open the Proofs and Supplement the Record 309 is DENIED. Signed by Judge Philip P Simon on 03/29/2022. (jdb) (Entered: 03/29/2022) |
| 04/04/2022 | 317 | ORDER granting 313 Motion for Leave to File Brief. The Lester Sumrall Family Trust may separately file its reply brief in support of its second motion to compel [DE 301 and exhibits, as attached to the instant motion [DE 313-1 through DE 313-35], if filed on or before 4/6/2022. Signed by Magistrate Judge Michael G Gotsch, Sr on 4/4/2022. (rmc) (Entered: 04/05/2022) |

| 04/05/2022 | 318 | BRIEF in Support of 301 Second MOTION to Compel filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Steves Response to RTA, # 2 Exhibit Peters Assignment, # 3 Exhibit Copyright Transfer Letter, # 4 Exhibit FBC Deposition, # 5 Exhibit Stephens Assignment, # 6 Exhibit Letter from Steve to Pete, # 7 Exhibit Emails from Pete to Jo Simmons, # 8 Exhibit Sales Reports, # 9 Exhibit FBC14426, # 10 Exhibit Dougs Email, # 11 Exhibit Dunham March Appeal, # 12 Exhibit LeSEA 985, # 13 Exhibit Whitaker Royalty Report, # 14 Exhibit Swedish Royalty Report, # 15 Exhibit Tony Agostino Dep, # 16 Exhibit SOS Financial Info, # 17 Exhibit FBC Consolidated Financials, # 18 Exhibit Emails with Lou Perry, # 19 Exhibit Photo of File Cabinet, # 20 Exhibit LeSEA 30b6 Dep, # 21 Exhibit Joe Grabill Declaration, # 22 Exhibit LeSEAs Answers to Interrogatories, # 23 Exhibit Teaching Series and Email, # 24 Exhibit Emails from LeSEAs counsel, # 25 Exhibit Dunham FTH documents, # 26 Exhibit Mike Swinehart Dep, # 27 Exhibit SOS Documents, # 28 Exhibit David Sumrall Dep, # 29 Exhibit Pete Memo, # 30 Exhibit Dr. Sumrall Tax Returns, # 31 Exhibit Skip Kromer Dep, # 32 Exhibit Lester Sumrall Affidavit, # 33 Exhibit Exhibit A to Exhibit 32, # 34 Exhibit Treasury Donation Emails)(Hesse PHV, Channing) (Entered: 04/05/2022) |
|---|---|---|
| 09/30/2022 | 319 | ORDER: For reasons stated in this Order, the Trusts Second Motion to Compel is GRANTED IN PART and DENIED IN PART. (DE 301 ). The LeSEA Entities are ORDERED to produce sales and donation records or verified statements of complete production to the Trust as outlined in this Order no later than 11/15/2022. No further production is required of the LeSEA Entities and no further discovery requests shall be propounded by any party. Further discovery requests may be considered as frivolous, dilatory, and vexatious under Fed. R. Civ. P. 11(c). Signed by Magistrate Judge Michael G Gotsch, Sr on 9/30/2022. (kmt) (Entered: 09/30/2022) |
| 11/17/2022 | 320 | NOTICE: Because the discovery period in this case has now concluded and there are no pending non-dispositive motions, the referral to Magistrate Judge Michael G Gotsch, Sr is now terminated. All further matters will now be handled by Judge Philip P Simon unless otherwise directed. This entry constitutes the court's order on this matter and shall carry the same weight and authority as a written order signed by the judge. (slm) (Entered: 11/17/2022) |
| 11/21/2022 | 321 | ORDER: The discovery period in this case having concluded, the Court hereby sets a telephonic scheduling conference, for the purpose of scheduling the Final Pretrial Conference/Settlement Conference, the Trial Management Conference, and a trial date, and to discuss any other issues pending at that time. The parties should also be prepared to discuss which claims they intend to pursue going forward. ACCORDINGLY: An AT&T telephonic scheduling conference is set for Friday, December 2, 2022, at 1:00 p.m. Hammond/ Central Time, before the undersigned. The parties shall dial 888-363-4749 and enter the code 9147763 when prompted. If any party does not comply with this requirement, that party will be required to appear for all future hearings for this matter IN PERSON. Signed by Judge Philip P Simon on 11/21/22. (ksp) (Entered: 11/21/2022) |
| 11/21/2022 | 322 | ORDER FOR PRETRIAL CONFERENCE, NOTICE OF TRIAL SETTING AND ORDER CONTROLLING THE CASE. Signed by Judge Philip P Simon on 11/21/22. (ksp) (Entered: 11/21/2022) |
| 11/29/2022 | 323 | STATUS REPORT *Unopposed Motion to Reset Scheduling Call Set for Friday December 2, 2022 to Thursday December 8, 2022* by Lester Sumrall. (Hesse PHV, Channing) (Entered: 11/29/2022) |
| 11/30/2022 | 324 | SUPPLEMENT *Unopposed Amended Motion to Reset Scheduling Call Set for Friday December 2, 2022 to Thursday December 8, 2022* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 11/30/2022) |
| 11/30/2022 | 325 | SUPPLEMENT *UNOPPOSED AMENDED MOTION TO RESET SCHEDULING CALL SET FOR FRIDAY, DECEMBER 2, 2022* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 11/30/2022) |
| 11/30/2022 | 326 | SUPPLEMENT *UNOPPOSED SECOND AMENDED MOTION TO RESET SCHEDULING CALL SET FOR FRIDAY, DECEMBER 2, 2022* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 11/30/2022) |

| | | |
|---|---|---|
| 11/30/2022 | 327 | NOTICE of Hearing/Deadlines: Telephone Conference RESET for 12/2/2022 04:00 PM (central time/Hammond) in US District Court - Hammond before Judge Philip P Simon. The conference will be held by AT&T Conferencing: to reach the conference the parties shall dial 888-363-4749 and enter the code of 9147763# when prompted. Please note that this is a change in time only. (nac) (Entered: 11/30/2022) |
| 12/02/2022 | 329 | TELEPHONE CONFERENCE held on 12/2/2022 before Judge Philip P Simon. Attorneys present for this telephone conference: Louis Perry, David L. Mirkin, James M. Hinshaw and Channing B. Hesse. Court hears an update on the case from the parties. Summary Judgement deadline is required. It is noted that expert discovery has not yet been concluded. Discussion on the bifurcation of liability and damages issues. Discussion on the numerous claims. Court sets deadlines: By 1/6/2023: joint filing of which claims are still pending from both sides. Forty-five days to file dispositive motions with responses being due 3/24/23 and a reply being due on 4/7/23. if an oral argument is desired, the party shall file a motion requesting an oral argument and if the court finds this necessary a date will be scheduled. Brief discussion on count 10 regarding the "traveler" photo. Court Reporter: Stacy Drohosky (nac) (Entered: 12/06/2022) |
| 12/05/2022 | 328 | ORDER: Counsel are notified that compliance with the revised N.D.Ind. L.R. 56- 1 will be required of all summary judgment practice in this case. Signed by Judge Philip P Simon on 12/5/2022. (rmf) (Entered: 12/05/2022) |
| 01/06/2023 | 330 | *JOINT* STIPULATION *Regarding Disposition of Pending Claims* by Plaintiffs Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Counter Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc., Third Party Defendants Family Broadcasting Corporation, Angela N Grabowski, LeSEA Broadcasting of Hawaii, Inc., LeSEA Broadcasting of Indianapolis, LeSEA Broadcasting of South Bend, Inc., LeSEA Broadcasting of St. Croix, Inc., LeSEA Broadcasting of Tulsa, Inc., LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall, World Harvest Bible College indiana Christian University, Inc.. (Attachments: # 1 Exhibit A - Proposed Permanent Injunction)(Perry, Louis) (Entered: 01/06/2023) |
| 01/10/2023 | 331 | ORDER: The parties' Joint Stipulation Regarding Disposition of Pending Claims 330 is SO ORDERED as to the proposed agreed permanent injunction [DE 330-1], which is separately entered this day. The Second Amended Complaint 65 is DISMISSED BY AGREEMENT. Counts VI and VII of the Second Amended Counterclaim 170 are DISMISSED BY AGREEMENT. The Trusts remaining third-party claims are DISMISSED BY AGREEMENT as against the corporate third-party defendants. Lester Sumrall's remaining third-party claims are DISMISSED BY AGREEMENT as against the corporate third-party defendants and the individual third- party defendants. If any party disagrees with the Courts synopsis of the remaining claims as set forth in this order, it shall file a memorandum explaining the dispute no later than Friday, 1/20/2023. Any such memorandum may be filed only after consultation with opposing counsel, whose position on the dispute must be stated in the memorandum. Signed by Judge Philip P Simon on 1/10/2023. (shk) Modified on 1/17/2023 (shk). (Entered: 01/10/2023) |
| 01/10/2023 | 332 | STIPULATED PERMANENT INJUNCTION. Signed by Judge Philip P Simon on 1/10/2023. (shk) (Entered: 01/10/2023) |
| 01/16/2023 | 333 | Joint MOTION to Amend/Correct 331 Order by ThirdParty Plaintiff Lester Sumrall. (Hesse PHV, Channing) (Entered: 01/16/2023) |
| 01/17/2023 | 334 | ORDER: The parties' Joint Motion to Amend Order 333 is GRANTED. Count II of the Second Amended Counterclaim 170 , the Lester Sumrall Family Trusts claim of copyright infringement, is DISMISSED BY AGREEMENT. If any party disagrees with the Courts synopsis of the remaining claims as set forth in this order, it shall file a motion or memorandum explaining the dispute no later than Friday, 1/27/2023. Signed by Judge Philip P Simon on 1/17/2023. (shk) (Entered: 01/17/2023) |

| 02/21/2023 | 335 | MOTION for Summary Judgment *With Respect to the Trust's Claims* by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Angela N Grabowski, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Affidavit /Declaration of M. Daugherty, # 2 Affidavit /Declaration of D. Korsmo, # 3 Affidavit /Declaration of Adam Sumrall)(Perry, Louis) (Entered: 02/21/2023) |
|---|---|---|
| 02/21/2023 | 336 | AFFIDAVIT in Support re 335 MOTION for Summary Judgment *With Respect to the Trust's Claims (Declaration of Louis T. Perry)* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Index of Exhibits to Perry Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q)(Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 337 | AFFIDAVIT in Support re 335 MOTION for Summary Judgment *With Respect to the Trust's Claims (Declaration of Andrew Sumrall)* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Index of Exhibits to Declaration of Andrew Sumrall, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V)(Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 338 | STATEMENT *of Material Facts* re 335 MOTION for Summary Judgment *With Respect to the Trust's Claims* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 339 | MEMORANDUM in Support of 335 MOTION for Summary Judgment *With Respect to the Trust's Claims* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 340 | MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement* by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Affidavit /Declaration of S Radelich, # 2 Affidavit /Declaration of Andrew Sumrall)(Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 341 | AFFIDAVIT in Support re 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement (Declaration of Louis T. Perry)* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Index of Exhibits to Perry Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 342 | STATEMENT *of Material Facts* re 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 02/21/2023) |
| 02/21/2023 | 343 | MEMORANDUM in Support of 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 02/21/2023) |
| 02/22/2023 | 344 | MOTION for Summary Judgment by Counter Claimant Lester Sumrall. (Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/22/2023 | 345 | MEMORANDUM in Support of 344 MOTION for Summary Judgment filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 02/22/2023) |

| 02/22/2023 | 346 | STATEMENT *of Material Facts* re 345 Memorandum in Support filed by Lester Sumrall. (Attachments: # 1 Exhibit Exhibit A - Lesters Affidavit, # 2 Exhibit Exhibit A to Exhibit A, # 3 Exhibit Exhibit B to Exhibit A, # 4 Exhibit Exhibit C to Exhibit A, # 5 Exhibit Exhibit D to Exhibit A, # 6 Exhibit Exhibit E to Exhibit A, # 7 Exhibit Exhibit F to Exhibit A, # 8 Exhibit Exhibit G to Exhibit A, # 9 Exhibit Exhibit H to Exhibit A, # 10 Exhibit Exhibit I to Exhibit A, # 11 Exhibit Exhibit J to Exhibit A, # 12 Exhibit Exhibit K to Exhibit A, # 13 Exhibit Exhibit L to Exhibit A, # 14 Exhibit Exhibit M to Exhibit A, # 15 Exhibit Exhibit N to Exhibit A, # 16 Exhibit Exhibit B, # 17 Exhibit Exhibit C, # 18 Exhibit Exhibit D, # 19 Exhibit Exhibit E, # 20 Exhibit Exhibit F, # 21 Exhibit Exhibit G, # 22 Exhibit Exhibit H, # 23 Exhibit Exhibit I, # 24 Exhibit Exhibit J, # 25 Exhibit Exhibit K, # 26 Exhibit Exhibit L, # 27 Exhibit Exhibit M, # 28 Exhibit Exhibit N, # 29 Exhibit Exhibit O, # 30 Exhibit Exhibit P, # 31 Exhibit Exhibit Q, # 32 Exhibit Exhibit R, # 33 Exhibit Exhibit S, # 34 Exhibit Exhibit T, # 35 Exhibit Exhibit U, # 36 Exhibit Exhibit V, # 37 Exhibit Exhibit W, # 38 Exhibit Exhibit X, # 39 Exhibit Exhibit Y, # 40 Exhibit Exhibit Z)(Hesse PHV, Channing) (Entered: 02/22/2023) |
|---|---|---|
| 02/22/2023 | 347 | MOTION for Partial Summary Judgment by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/22/2023 | 348 | MEMORANDUM in Support of 347 MOTION for Partial Summary Judgment filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/22/2023 | 349 | STATEMENT *of Material Facts* re 348 Memorandum in Support filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O, # 16 Exhibit Exhibit P)(Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/22/2023 | 350 | SUPPLEMENT to 348 Memorandum in Support *of Statement of Material Facts* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit R, # 2 Exhibit Exhibit S, # 3 Exhibit Exhibit T, # 4 Exhibit Exhibit U, # 5 Exhibit Exhibit V, # 6 Exhibit Exhibit W, # 7 Exhibit Exhibit X, # 8 Exhibit Exhibit Y, # 9 Exhibit Exhibit Z, # 10 Exhibit Exhibit AA, # 11 Exhibit Exhibit BB, # 12 Exhibit Exhibit CC, # 13 Exhibit Exhibit DD, # 14 Exhibit Exhibit EE, # 15 Exhibit Exhibit FF, # 16 Exhibit Exhibit GG, # 17 Exhibit Exhibit HH, # 18 Exhibit Exhibit II, # 19 Exhibit Exhibit JJ)(Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/22/2023 | 351 | MOTION for Extension of Time to File *Motion to Accept Late Filing* by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Declaration of Channing Hesse)(Hesse PHV, Channing) (Entered: 02/22/2023) |
| 02/23/2023 | 352 | ORDER granting 351 Motion for Extension of Time to File. Signed by Judge Philip P. Simon on 2/23/2023. (dkw) (Entered: 02/23/2023) |
| 03/24/2023 | 353 | BRIEF in Opposition to 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 03/24/2023) |
| 03/24/2023 | 354 | RESPONSE to Motion re 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement Response to Counterclaim Defendants Statement of Material Facts* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 03/24/2023) |
| 03/24/2023 | 355 | STATEMENT *of Additional Material Facts* re 354 Response to Motion, filed by Lester Sumrall. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit A to Exhibit A, # 3 Exhibit Exhibit B to Exhibit A, # 4 Exhibit Exhibit C to Exhibit A, # 5 Exhibit Exhibit D to Exhibit A, # 6 Exhibit Exhibit E to Exhibit A, # 7 Exhibit Exhibit F to Exhibit A, # 8 Exhibit Exhibit G to Exhibit A, # 9 Exhibit Exhibit H to Exhibit A, # 10 Exhibit Exhibit I to Exhibit A, # 11 Exhibit Exhibit J to Exhibit A, # 12 Exhibit Exhibit K to Exhibit A, # 13 Exhibit Exhibit L to Exhibit A, # 14 Exhibit Exhibit M to Exhibit A, # 15 Exhibit Exhibit N to Exhibit A, # 16 Exhibit Exhibit B, # 17 Exhibit Exhibit C, # 18 Exhibit Exhibit D, # 19 Exhibit Exhibit A to Exhibit D, # 20 Exhibit Exhibit B to Exhibit D, # 21 Exhibit Exhibit C to Exhibit D, # 22 Exhibit Exhibit D to Exhibit D, # 23 Exhibit Exhibit E, # 24 Exhibit Exhibit F, # 25 Exhibit Exhibit A to Exhibit F, # 26 Exhibit Exhibit B to |

| | | |
|---|---|---|
| | | Exhibit F, # 27 Exhibit Exhibit C to Exhibit F, # 28 Exhibit Exhibit G, # 29 Exhibit Exhibit A to Exhibit G, # 30 Exhibit Exhibit H, # 31 Exhibit Exhibit A to Exhibit H, # 32 Exhibit Exhibit I, # 33 Exhibit Exhibit K, # 34 Exhibit Exhibit L, # 35 Exhibit Exhibit M, # 36 Exhibit Exhibit N, # 37 Exhibit Exhibit O, # 38 Exhibit Exhibit A to Exhibit O, # 39 Exhibit Exhibit B to Exhibit O, # 40 Exhibit Exhibit C to Exhibit O, # 41 Exhibit Exhibit D to Exhibit O, # 42 Exhibit Exhibit E to Exhibit O, # 43 Exhibit Exhibit F to Exhibit O, # 44 Exhibit Exhibit G to Exhibit O, # 45 Exhibit Exhibit H to Exhibit O, # 46 Exhibit Exhibit I to Exhibit O, # 47 Exhibit Exhibit P)(Hesse PHV, Channing) (Entered: 03/24/2023) |
| 03/24/2023 | 356 | RESPONSE to Motion re 347 MOTION for Partial Summary Judgment filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 03/24/2023) |
| 03/24/2023 | 357 | RESPONSE by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall to 349 Statement,, *And Statement of Additional Material Facts*. (Perry, Louis) (Entered: 03/24/2023) |
| 03/24/2023 | 358 | AFFIDAVIT re 357 Response/Reply, 356 Response to Motion, *of Louis T. Perry* by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L)(Perry, Louis) (Entered: 03/24/2023) |
| 03/24/2023 | 359 | RESPONSE to Motion re 344 MOTION for Summary Judgment filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 03/24/2023) |
| 03/24/2023 | 360 | RESPONSE by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc to 346 Statement of Material Facts. (Attachments: # 1 Affidavit of L Perry with Exhibits A-C, # 2 Affidavit of A Sumrall with Exhibit A)(Perry, Louis) Modified on 3/27/2023 to edit text (ash). (Entered: 03/24/2023) |
| 03/25/2023 | 361 | MEMORANDUM in Opposition to 335 MOTION for Summary Judgment *With Respect to the Trust's Claims* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 03/25/2023) |
| 03/25/2023 | 362 | RESPONSE to Motion re 338 Statement of Facts re 335 MOTION for Summary Judgment *With Respect to the Trust's Claims* filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) Modified on 3/27/2023 to link proper document (jdb). (Entered: 03/25/2023) |
| 03/25/2023 | 363 | STATEMENT *of Additional Material Facts* re 362 Response to Motion filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 Exhibit Exhibit J, # 11 Exhibit Exhibit K, # 12 Exhibit Exhibit L, # 13 Exhibit Exhibit M, # 14 Exhibit Exhibit N, # 15 Exhibit Exhibit O) (Hesse PHV, Channing) (Entered: 03/25/2023) |
| 03/25/2023 | 364 | SUPPLEMENT to 362 Response to Motion *Statement of Additional Material Facts* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit Q, # 2 Exhibit Exhibit R, # 3 Exhibit Exhibit S, # 4 Exhibit Exhibit T, # 5 Exhibit Exhibit U, # 6 Exhibit Exhibit V, # 7 Exhibit Exhibit W, # 8 Exhibit Exhibit X, # 9 Exhibit Exhibit Y, # 10 Exhibit Exhibit Z, # 11 Exhibit Exhibit AA, # 12 Exhibit Exhibit BB, # 13 Exhibit Exhibit CC, # 14 Exhibit Exhibit DD, # 15 Exhibit Exhibit EE, # 16 Exhibit Exhibit FF, # 17 Exhibit Exhibit GG)(Hesse PHV, Channing) (Entered: 03/25/2023) |
| 03/25/2023 | 365 | SUPPLEMENT to 362 Response to Motion *Statement of Additional Material Facts* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit II, # 2 Exhibit Exhibit JJ, # 3 |

| | | Exhibit Exhibit KK, # 4 Exhibit Exhibit LL, # 5 Exhibit Exhibit MM, # 6 Exhibit Exhibit NN, # 7 Exhibit Exhibit OO)(Hesse PHV, Channing) (Entered: 03/25/2023) |
|---|---|---|
| 03/31/2023 | 366 | MOTION for Extension of Time to File Response/Reply *Brief Deadline by One Business Day* by ThirdParty Plaintiff The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 03/31/2023) |
| 04/03/2023 | 367 | ORDER granting 366 MOTION for Extension of Time to File Response/Reply *Brief Deadline. The deadline for replies to ALL pending motions for summary judgment is extended to WEDNESDAY, 4/12/2023. Signed by Judge Philip P. Simon on 4/3/2023. (dkw) (Entered: 04/03/2023)* |
| 04/12/2023 | 368 | REPLY to Response to Motion re 335 MOTION for Summary Judgment *With Respect to the Trust's Claims* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 04/12/2023) |
| 04/12/2023 | 369 | RESPONSE by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall to 363 Statement,,, *of Additional Material Facts*. (Perry, Louis) (Entered: 04/12/2023) |
| 04/12/2023 | 370 | REPLY to Response to Motion re 340 MOTION for Summary Judgment *on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Affidavit (Second) of S Radelich with Exhibits A-B)(Perry, Louis) (Entered: 04/12/2023) |
| 04/12/2023 | 371 | RESPONSE by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc to 355 Statement,,,,,,, *of Additional Material Facts*. (Perry, Louis) (Entered: 04/12/2023) |
| 04/12/2023 | 372 | AFFIDAVIT of Louis T. Perry re 370 Reply to Response to Motion, 368 Reply to Response to Motion, by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Perry, Louis) (Entered: 04/12/2023) |
| 04/12/2023 | 373 | REPLY to Response to Motion re 344 MOTION for Summary Judgment filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 04/12/2023) |
| 04/12/2023 | 374 | STATEMENT *of Material Facts* re 373 Reply to Response to Motion filed by Lester Sumrall. (Attachments: # 1 Exhibit Declaration of Channing Hesse, # 2 Exhibit Exhibit A to Exhibit A, # 3 Exhibit Declaration of Lester Sumrall, # 4 Exhibit Exhibit A to Exhibit B, # 5 Exhibit Exhibit B to Exhibit B)(Hesse PHV, Channing) (Entered: 04/12/2023) |
| 04/12/2023 | 375 | REPLY to Response to Motion re 347 MOTION for Partial Summary Judgment filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 04/12/2023) |
| 04/12/2023 | 376 | STATEMENT *of Additional Material Facts* re 375 Reply to Response to Motion filed by The Lester Sumrall Family Trust. (Hesse PHV, Channing) (Entered: 04/12/2023) |
| 04/20/2023 | 377 | MOTION for Leave to File *Revised Reply Brief and One-Page Over the Page Limit* by Counter Claimant Lester Sumrall. (Attachments: # 1 Exhibit Exhibit A - Revised Reply Brief)(Hesse PHV, Channing) (Entered: 04/20/2023) |
| 04/24/2023 | 378 | RESPONSE to Motion re 377 MOTION for Leave to File *Revised Reply Brief and One-Page Over the Page Limit* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Affidavit Declaration of Louis T. Perry in Support of Response Brief)(Perry, Louis) (Entered: 04/24/2023) |
| 04/24/2023 | 379 | REPLY to Response to Motion re 377 MOTION for Leave to File *Revised Reply Brief and One-Page Over the Page Limit and Response to LeSEA's Motion to Strike* filed by Lester Sumrall. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit A to Exhibit 1, # 3 Exhibit Exhibit B to Exhibit 1, # 4 Exhibit Exhibit C to Exhibit 1, # 5 Exhibit Exhibit D to Exhibit 1, # 6 Exhibit Exhibit E to Exhibit 1)(Hesse PHV, Channing) (Entered: 04/24/2023) |

| 04/25/2023 | 380 | ORDER GRANTING 377 Counterclaim plaintiff Lester Sumrall's Motion for Leave to File Revised Reply Brief and One-page over the Page Limit. Sumrall is directed to separately file the revised Reply in Support of Motion for Summary Judgment [DE 377-1] so that it appears on the docket as a stand-alone filing. The LeSEA entities are granted leave to file a sur-reply within 14 days of this order. Signed by Judge Philip P Simon on 4/25/2023. (ash) (Entered: 04/25/2023) |
|---|---|---|
| 04/26/2023 | 381 | REPLY to Response to Motion re 344 MOTION for Summary Judgment *Reply in Support of Motion for Summary Judgment* filed by Lester Sumrall. (Hesse PHV, Channing) (Entered: 04/26/2023) |
| 05/02/2023 | 382 | BRIEF in Opposition to 344 MOTION for Summary Judgment *(Sur-Reply)* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Attachments: # 1 Exhibit A - Perry Declaration in Support of Sur-Reply with Exhs 1 & 2)(Perry, Louis) (Entered: 05/02/2023) |
| 05/04/2023 | 383 | Proposed MOTION for Hearing *or Alternatively, Leave to Refile a Photograph Exhibit that Was cropped when uploaded to pacer and file a one-paragraph response to Lesea's motion to strike* by ThirdParty Plaintiff Lester Sumrall. (Hesse PHV, Channing) (Entered: 05/04/2023) |
| 05/09/2023 | 384 | RESPONSE to Motion re 383 Proposed MOTION for Hearing *or Alternatively, Leave to Refile a Photograph Exhibit that Was cropped when uploaded to pacer and file a one-paragraph response to Lesea's motion to strike* filed by Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 05/09/2023) |
| 05/18/2023 | 385 | REPLY to Response to Motion re 383 Proposed MOTION for Hearing *or Alternatively, Leave to Refile a Photograph Exhibit that Was cropped when uploaded to pacer and file a one-paragraph response to Lesea's motion to strike* filed by Lester Sumrall. (Attachments: # 1 Exhibit Exhibit A)(Hesse PHV, Channing) (Entered: 05/18/2023) |
| 08/22/2023 | 386 | OPINION AND ORDER: Counterclaim Defendants' and Third-Party Defendants' Motion for Summary Judgment with Respect to the Trust's Claims 335 is GRANTED. Counterclaim Plaintiff the Lester Sumrall Family Trusts Motion for Partial Summary Judgment 347 is DENIED. Signed by Judge Philip P Simon on 8/22/2023. (shk) (Entered: 08/23/2023) |
| 08/22/2023 | 387 | OPINION AND ORDER: Counterclaim defendants' Motion for Summary Judgment on Third-Party Plaintiff Lester Sumrall's Claim for Copyright Infringement, Count X of the Second Amended Counterclaim 340 is GRANTED. Counterclaim plaintiff Lester Sumrall's Motion for Summary Judgment 344 is DENIED. Lester Sumralls Motion for Status Hearing or Alternatively Leave to Refile aPhotograph Exhibit [DE 383] is DENIED. Based on my summary judgment rulings in two separate opinions this date, thiscase shall be CLOSED. The Clerk shall enter final judgment in favor of the remaining counterclaim defendants and third-party defendants (LeSEA, Inc., Family Broadcasting Corporation, LeSEA Global Feed the Hungry, Inc., Adam Sumrall, Stephen P. Sumrall, David M. Sumrall, Angela N. Grabowski, and Andrew J. Sumrall) and against Lester Sumrall and the Lester Sumrall Family Trust as counterclaim-plaintiffs and third-party plaintiffs.. Signed by Judge Philip P Simon on 8/22/2023. (shk) (Entered: 08/23/2023) |
| 08/23/2023 | 388 | CLERK'S ENTRY OF JUDGMENT. (shk) (Entered: 08/23/2023) |
| 08/28/2023 | 389 | AMENDED CLERK'S ENTRY OF JUDGMENT. (shk) (Entered: 08/28/2023) |
| 09/06/2023 | 390 | BILL OF COSTS by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Declaration of L. Perry with Exh. A)(Perry, Louis) (Entered: 09/06/2023) |
| 09/06/2023 | 391 | MOTION for Attorney Fees by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Angela N Grabowski, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 09/06/2023) |
| 09/06/2023 | 392 | BRIEF in Support of 391 MOTION for Attorney Fees filed by Adam Sumrall, David M Sumrall, Family Broadcasting Corporatio͟      ͟ew J Sumrall, Angela N Grabowski, Stephen P Sumrall, |

| | | LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 09/06/2023) |
|---|---|---|
| 09/06/2023 | 393 | MOTION for Sanctions *and Attorneys' Fees* by Counter Defendants Family Broadcasting Corporation, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Third Party Defendants Angela N Grabowski, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 09/06/2023) |
| 09/06/2023 | 394 | BRIEF in Support of 393 MOTION for Sanctions *and Attorneys' Fees* filed by Adam Sumrall, David M Sumrall, Family Broadcasting Corporation, Andrew J Sumrall, Angela N Grabowski, Stephen P Sumrall, LeSEA Global Feed The Hungry Inc, LeSEA Inc. (Perry, Louis) (Entered: 09/06/2023) |
| 09/06/2023 | 395 | AFFIDAVIT of Louis T. Perry re 391 MOTION for Attorney Fees , 393 MOTION for Sanctions *and Attorneys' Fees* by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Perry, Louis) (Entered: 09/06/2023) |
| 09/07/2023 | 396 | Pursuant to * 390 Bill of Costs, filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Inc, David M Sumrall, Andrew J Sumrall, LeSEA Global Feed The Hungry Inc, Stephen P Sumrall, Adam Sumrall *, costs in the amount of $ *14,319.60* will be taxed by the Clerk on *9/21/2023*. (mrm) (Entered: 09/07/2023) |
| 09/20/2023 | 397 | RESPONSE to Motion re 393 MOTION for Sanctions *and Attorneys' Fees* filed by The Lester Sumrall Family Trust. (Attachments: # 1 Exhibit Exhibit A - Declaration of Channing Hesse, # 2 Exhibit Ex 1 to A - 101 Westlaw cases, # 3 Exhibit Ex 2 to A - breakdown of Westlaw cases, # 4 Exhibit Ex 3 to A - Leseas response to ccp request for documents, # 5 Exhibit Ex 4 to A - explanations, # 6 Exhibit Ex 5 to A - email, # 7 Exhibit Ex 6 to A - email amend init. disc)(Hesse PHV, Channing) (Entered: 09/20/2023) |
| 09/20/2023 | 398 | NOTICE of APPEAL, filed by Counter Claimant Lester Sumrall, ThirdParty Plaintiff The Lester Sumrall Family Trust. Filing fee $ 505, receipt number AINNDC-5360078. (Hesse PHV, Channing) (Entered: 09/20/2023) |
| 09/21/2023 | 399 | Short Record Sent to US Court of Appeals re 398 Notice of Appeal. Appeal filing fees paid in the amount of $505 - Receipt # AINNDC-5360078. (rmf) (Entered: 09/21/2023) |
| 09/21/2023 | 403 | USCA Case Number 23-2833 for 398 Notice of Appeal filed by The Lester Sumrall Family Trust, Lester Sumrall. (jld) (Entered: 09/27/2023) |
| 09/22/2023 | 400 | Pursuant to * 396 Notice that Costs will be Taxed by Clerk, *, Costs are hereby taxed in the amount of $ *14,319.60* against *Lester Sumrall; et al*. (mrm) (Entered: 09/22/2023) |
| 09/22/2023 | 401 | NOTICE of Appearance by Daniel E Pulliam on behalf of All Plaintiffs (Pulliam, Daniel) (Entered: 09/22/2023) |
| 09/27/2023 | 402 | REPLY to Response to Motion re 393 MOTION for Sanctions *and Attorneys' Fees* filed by Family Broadcasting Corporation, Angela N Grabowski, LeSEA Global Feed The Hungry Inc, LeSEA Inc, Adam Sumrall, Andrew J Sumrall, David M Sumrall, Stephen P Sumrall. (Perry, Louis) (Entered: 09/27/2023) |
| 09/27/2023 | 404 | FRAP 10 CERTIFICATE. (as) (Entered: 09/27/2023) |
| 10/26/2023 | 405 | TRANSCRIPT of Status Conference held on October 14, 2021, before Judge Philip P Simon. Court Reporter Ashley N. Stokes, Telephone 219-852-6557, E-mail ashley_stokes@innd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.<br><br>**IMPORTANT: Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above matter. The parties have 7 calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. Within 21 days of the filing of the transcript, a Reda** ___ ____ **equest - Transcript shall be e-filed with the Court.** |

Access to this request will be restricted to the Court and attorneys of record in the case. If no such Notice and Redaction Request are filed, the transcript may be made remotely, electronically available to the public without redaction. Any party needing a copy of the transcript to review for redaction purposes may purchase a copy from the Court Reporter. Counsel are strongly urged to share this notice with all clients so that an informed decision about the inclusion of certain materials may be made. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk and Court Reporter will not review each transcript for compliance with this rule.

Notice of Intent to Redact due 11/2/2023. Redaction Request due 11/16/2023. Redacted Transcript Deadline set for 11/27/2023. Release of Transcript Restriction set for 1/24/2024. (as) (Entered: 10/26/2023)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/28/2023 13:48:57 | | | |
| **PACER Login:** | Groganhesse2021 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:18-cv-00914-PPS |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |